Exhibit B

From: "M. Keith Lipscomb" <KLipscomb@LEBFIRM.COM>
Date: Friday, July 1, 2011 2:50 PM
To: Brad Patrick <BradPatrick@baplegal.com>
Cc: copyright <copyright@LEBFIRM.COM>
Subject: RE: Copyright registrations?

Brad,

Our paralegals are currently drafting the complaints. These will be the first cases my clients' lawyers file in TX and AZ so it might take until Wednesday or Thursday to get a complaint on file in those 2 states. Copyright registrations are available online at the copyright office. You don't have to attach a certified copy or anything like that and instead we typically just attach a screen shot. My clients' lawyers, including me – check out the southern district CM/ECF, have already collectively filed over 50 federal cases in NY, CA, DC, MD, VA, NY, NJ, CO, FL and my clients have counsel in and new cases will soon be filed in NC, OH, PA. Further, we have counsel retained and could file and any moment cases in TX, AZ, IL, CT, GA. My clients are also negotiating agreements and interviewing lawyers in a long list of other states any one of which could be accelerated if needed. The federal suits we have filed to date all contain Doe numbers between 4 and 50. We frankly don't think it is much different to start a case against 1 Doe when we are already filing them against 4 Does.

As for registrations generally, please know some of my clients like Patrick Collins, Inc. and Kbeech, Inc. are U.S. studios. My U.S. clients universally register all their copyrights. Some of my other clients like Raw and Nucorp are foreign studios and their copyrights are enforceable under the Berne Convention. However, some of my foreign clients also register their copyrights in the U.S.

Registration is a red herring at this stage of the negotiating process, however, because it is not prerequisite to initiating suit if the work was created overseas. Further, it does not substantially change the risk-reward analysis for any of the parties. To explain, while registration is a prerequisite for the recovery statutory damages or attorneys' fees, actual damages are recoverable by someone suing under the Berne Convention. Here, my clients like RAW and Nucorp, are willing to enforce their rights in federal court because their actual damages are enormous and they have no choice, literally.

As for our actual damages being enormous please consider that infringers using the BitTorrent Protocol are liable for contributory infringement for each of the direct infringements that occur by subsequent infringers downloading the same torrent file. This is because the target Defendant knew or should have known of the infringement and the infringer aided the downstream infringers by sending the downstream infringers a piece of the copyrighted movie and/or by being in a network of computers from whom such an infringer could get a piece. Pleadings alleging contributory infringement through BitTorrent have universally withstood motions to dismiss.

Since a typical torrent file is downloaded 10,000s, if not 100,000s of thousands of times, the infringers' liability for the Plaintiff's actual damages is $18 (the average cost of a movie) multiplied by the number of downstream infringers – use 25000 as a low ball average and you will get actual damages in the range of 450,000. Copyright law (which is just a branch of tort law) would then put the burden on the tortfeasor to sue everyone downstream for contribution. The liability for contributory infringement would not be limited to U.S. infringements. Indeed, the copyright act expressly prohibits sending copyrighted material overseas.



EXHIBIT F

To make this crystal clear for your clients, with 100% certainty, my clients, absolutely and without question, will file suit on Tuesday night in Florida and California and no later than Wed-Thur in TX and AZ if the motions are not withdrawn and the Does in the states where we have counsel don't come to the table in good faith.  This is do-or-die time Brad.  Your motions are impeding our ability to use the court system in a way that we believe we are legally entitled to do it.  We cannot stand for that under any circumstances.  Accordingly, the state court arguments have been teed up and to exert the maximum amount of pressure that we can we are filing to file individual federal suits to teach your clients the lesson that this is not the way to deal with us.

Here,.the federal court suits have been standardized through filing and several stages beyond that.  So, if they want to test me sooner, just pick a Doe in Florida, Colorado or California and say he is not going to settle today and that suit will be filed over the weekend.  Please know, however, if we have to file suit, our settlement demands will increase.  ==Toward that end, you should also apprise your clients that the average cost of a copyright litigation is 600K through trial, according to an AIPLA survey of fees in IP cases.  This is a relatively simple case but the fees will nevertheless be substantial and indubitably in the 6 figures.==

I guarantee you, my clients are 100% committed to taking their cases through trial and beyond, if necessary.  Indeed, doing so is an anticipated part of this campaign and we are absolutely ready to do it now, if necessary and justified.  Doing so against your clients is both necessary and justified in light of your motions and your clients failure to come to the table in good faith.  I hope we can get past this and not have to waste any more our parties' resources but instead can reach an understanding where we negotiate in good faith.  I am committed to doing that if you and your clients are as well.

I hope this answers your questions.

Best regards,

Keith