**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:13-cv-205-WTL-MJD |
| | ) | |
| KELLEY TASHIRO, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

This cause is before the Court on the Motion to Dismiss for Failure to Join Indispensable Parties and Motion to Strike Exhibit C as Immaterial and Scandalous filed by Defendant Kelley Tashiro. Dkt. No. 22. The motions are fully briefed, and the Court, being duly advised, **DENIES** Defendant's motion to dismiss and **GRANTS** Defendant's motion to strike, for the reasons set forth below.

### I. BACKGROUND

On April 8, 2013, Malibu Media, LLC filed its amended complaint alleging direct copyright infringement against Tashiro. Dkt. No. 13.[1] Specifically, the complaint alleges that Tashiro infringed on Malibu Media's copyrights by copying and distributing "bits" of twenty-eight different movies owned by Malibu Media through BitTorrent, a peer-to-peer file sharing protocol. According to Malibu Media,

> 9. The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie files.

---

[1] Malibu Media filed its initial complaint with this Court on February 5, 2013, identifying the Defendant as "John Doe subscriber assigned IP address 98.222.184.69." Dkt. No. 1. Malibu Media was thereafter granted leave to serve a third-party subpoena on the "John Doe Defendant's Internet Service Provider" to determine the Defendant's identity. Dkt. No. 10.

> 10. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to [the Digital Millennium Copyright Act] take down notices and potential regulatory enforcement actions.
>
> 11. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits amongst each other instead of attempting to distribute a much larger digital file.
>
> 12. After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

Malibu Media's Am. Compl. at ¶¶ 9-12, Dkt. No. 13.

Malibu Media alleges that its investigator, IPP Limited, downloaded one or more bits of each of the movies at issue from Tashiro using the BitTorrent protocol. After downloading the bits, IPP confirmed that they were, for lack of a better term, "pieces" of the movies owned by Malibu Media. In performing these actions, Malibu Media alleges that Tashiro "copied and distributed constituent elements of each of the original works" without the authority, permission or consent of Malibu Media. *Id.* at ¶¶ 29-30.

## II.  MOTION TO DISMISS

### A.  Standard

Tashiro moves to dismiss Malibu Media's amended complaint pursuant to Federal Rule of Civil Procedure 19, arguing that Malibu Media has failed to join several indispensable parties. According to Rule 19(a)(1),

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)   in that person's absence, the court cannot accord complete relief among existing parties; or

2

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19 further provides that

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

> In other words,
>
> Rule 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests. . . . If the court finds that the requirements of Rule 19(a) are satisfied, it may dismiss the action if, in weighing [the] four additional factors specified in Rule 19(b), those factors so indicate.

*Boulevard Bank Nat. Ass'n v. Philips Med. Sys. Int'l B.V.*, 15 F.3d 1419, 1422-23 (7th Cir. 1994).

## B. Discussion

For background purposes, Tashiro alleges that

> Malibu previously engaged in its business model by filing what were more-or-less reverse class action lawsuits. In those cases, Malibu alleged that by use of the BitTorrent protocol, Does . . . act as part of a swarm. This swarm, allegedly, results in dozens or hundreds of people acting independently to infringe Malibu's alleged rights. Malibu would sue dozens, or hundreds of Does, harvest their contact information, collect settlements without serving Does, and move on to the next case.

Tashiro's Br. at 2, Dkt. No. 23. Now, "Malibu . . . attempts to sue a single Doe while leaving out indispensable parties – the initial seeder and at least one additional participant in the swarm." *Id.* at 4. Tashiro claims that the initial seeder is a necessary party because

> [t]he alleged infringement simply cannot occur without an initial seeder. . . . That initial seeder may, in fact, have a legal privilege or right to publish or distribute the works for free. . . . The validity of the rights asserted by Malibu hinges on . . . the initial seeder.

Tashiro's Br. at 4-5.[2] Tashiro also argues that an "additional Doe" is an indispensable party because "there necessarily must have been some transmission by Tashiro to a third-party." *Id.* at 6. Malibu Media, on the other hand, argues that BitTorrent peers are merely "joint tortfeasors, and not necessary parties under Rule 19," and that "no other parties are required to be joined under Rule 19 when Plaintiff is suing a single [D]oe defendant for direct copyright infringement." Malibu Media's Resp. at 1, 5, Dkt. No. 27. The Court agrees.

Recently, the Eastern District of Pennsylvania encountered these same arguments in a similar case brought by Malibu Media against five John Does. In that case, the Eastern District of Pennsylvania ruled as follows:

---

[2] Tashiro also suggests that IPP Limited or one of its affiliates is the initial seeder in these types of actions and is thus improperly baiting John Does on behalf of Malibu Media. As discussed below, however, questions surrounding the identity of the initial seeder and whether IPP Limited is baiting John Does may be explored through the discovery process; the initial seeder is not an indispensable party.

4

> [Malibu Media] is simply suing five John Doe Defendants [for] directly infringing its copyrights. To prevail against each Doe, Malibu needs to prove that each Doe downloaded its copyrighted material without authorization. The court will be able to adjudicate these matters and to "accord complete relief" whether or not the other members of the swarms, who allegedly also infringed Malibu's works, are present.

*Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, 10 (E.D. Pa. Jan. 3, 2013) (citing Fed. R. Civ. P. 19(a)(1)(A)). The court further reasoned that "even if Malibu's case *did* rest on a theory of joint and several liability, among the named Does and the unnamed and un-joined members of the swarms, joint tortfeasors are neither necessary parties under Rule 19(a) nor indispensible parties under Rule 19(b)." *Malibu Media*, 2013 WL 30648 at 10 (citing T*emple v. Synthes Corp., Ltd.*, 498 U.S. 5, 6 (2005)) (emphasis in original). With regard to the initial seeders, the Court concluded "that questions surrounding the initial seeders can be explored during discovery and at trial—there is no necessity to join them as defendants under Rule 19." *Malibu Media*, 2013 WL 30648 at 10.

The Court agrees with the Eastern District of Pennsylvania's decision on the foregoing topics. As that court noted, the identities of the other members of the various swarms are not material to Malibu Media's direct infringement claim against Tashiro. *See also Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (noting that elements of copyright infringement claim are: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original"). Furthermore, the identities of the initial seeders and whether they had a legal privilege or right to publish or distribute the works in question may be explored through the discovery process and addressed at the summary judgment stage or at trial. Accordingly, the initial seeders and the other members of the swarms are not necessary or indispensable parties under Rule 19. As such, Tashiro's motion to dismiss is **DENIED**.

### III. MOTION TO STRIKE

Tashiro also moves to strike Exhibit C of Malibu Media's complaint and amended complaint pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that it is immaterial and scandalous.[3] Exhibit C contains a list of files that are, for the most part, names of apparently pornographic movies not owned by Malibu Media that were allegedly downloaded and/or disseminated by Tashiro.

According to Malibu Media, in addition to IPP's investigation into Tashiro's infringement of Malibu Media's works, "IPP Limited has also engaged in enhanced surveillance of other digital media files being distributed by Defendant. The results of this more intensive surveillance are outlined in Exhibit C." Malibu Media's Am. Compl. at ¶ 22. Malibu Media clarifies, however, that "Exhibit C is provided for evidentiary purposes only" and does not contain files at issue in this lawsuit. *Id.*

Malibu Media argues that Exhibit C is "properly attached" because it is relevant to these proceedings. Malibu Media's Resp. at 7. For example, Malibu Media argues that it helps determine the identity of the infringer and demonstrates that Tashiro is a BitTorrent user. *Id.* Although the information in Exhibit C may become *relevant* evidence at some point during the pendency of this matter, it is *immaterial* to the allegations in the complaint. Accordingly, Tashiro's motion to strike is **GRANTED**. *See Malibu Media LLC v. Doe*, 2013 U.S. Dist. LEXIS 74442, 4 (W.D. Wis. May 28, 2013) ("Complaints are pleadings, not affidavits, so they have no 'evidentiary purpose.'").

---

[3] Rule 12(f) allows the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

## IV. CONCLUSION

For the reasons set forth above, Tashiro's motion to dismiss is **DENIED**. Tashiro's motion to strike is **GRANTED**. **The Clerk is directed to strike from the record Exhibit C (Attachment #3) at docket number 1 and Exhibit C (Attachment #3) at docket number 13.**

SO ORDERED: 09/04/2013

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.