**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**BRIEF IN SUPPORT OF:**
**MOTION TO BAR TESTIMONY OF IPP INTERNATIONAL UG**

**I.   Introduction**

Malibu Media, LLC (hereinafter "Malibu") makes use of a contingent-fee witness who unlawfully engages in private investigator operations in the State of Indiana.  The ethical violations by Malibu's counsel in allowing such behavior are compounded by the likely violation of the Federal Antigratuity Statute by counsel or Malibu.  For these reason, IPP and/or its employees should not be allowed to offer any testimony in this case.

**II.   Governing Authority**

    A.   <u>Compensation to both expert and lay witnesses is forbidden</u>

Many Courts have held that any testimony of an expert witness who is being paid a contingency fee should be excluded.  *Straughter v. Raymond*, 08-cv-2170 CAS (CWx), 2011U.S. Dist. LEXIS 53195, *7-8 (C.D. Cal. May 9, 2011), *citing Ouimet v. USAA Casualty Ins. Co.*, No. EDCV 00-00752 -VAP, 2004 U.S. Dist. LEXIS 31199 (C.D. Cal. Jul. 14, 2004) (excluding expert's testimony, in part, because it would run directly afoul of Rules of Professional conduct due to the fact the compensation was dependent upon the outcome of the case)*; Followwill v. Merit Energy Co.*, No. 03-CV-62-D, 2005 WL 5988695, at *1 (D. Wyo. Apr. 11, 2005)*; Farmer v. Ramsay,*159 F.

Supp. 2d 873, 883 (D. Md. 2001) (granting motion to strike reports of expert retained under contingency fee arrangement), *aff'd on other grounds, 43 Fed. App'x 547 (4th Cir. 2002)*; *cf. Accrued Fin. Servs., Inc. v. Prime Retail, Inc.,* 298 F.3d 291, 300 (4th Cir. 2002) (holding that party was improperly offering expert testimony for contingent fee in violation of public policy); *contra Tagatz v. Marquette University*, 861 F.2d 1040, 1042 (7th Cir. Nov. 16, 1988) (noting, in an opinion's dicta, that involved a party being his own expert, that such a blatant ethical lapse does not require "that the evidence obtained in violation of the rule is inadmissible.").

This Court has adopted the Seventh Circuit's Standards of Professional Conduct and the Indiana Rules of Professional Conduct in its Local Rules. Local Rule 83-5. Those rules provide that "[a] lawyer shall not . . . offer an inducement to a witness that is prohibited by law." Ind. R. of Prof'l Conduct 3.4(b). Comment three to the Rule explicitly recognizes that [t]he common law rule in most jurisdictions is that it is improper to pay lay witnesses and improper to pay an expert witness a contingent fee. Ind. R. of Prof'l Conduct 3.4 cmt. 3.

The Seventh Circuit has held that payment is improper as to lay witnesses. *See, Hamilton v. General Motors Corp.*, 490 F.2d 223, 228-229 (7th Cir. 1973) (holding that paying fact witnesses for testimony is against public policy and refusing to allow payment for testimony); *see also, Compensating Fact Witnesses,* 184 F.R.D. 425, 427. *Hamilton* echoed a fundamental common law principle, quoting *Willison on Contracts*:[1] "As it is the duty of a citizen, when required to do so, to testify in court concerning facts within his knowledge for the compensation allowed him by law, a bargain to pay one who is amenable to process a further sum for his attendance as a witness is invalid both on grounds of public policy and for lack of consideration."

---

[1] 14 *Williston on Contracts* § 1716 (3rd ed. 1972); *See also, Restatement of Contracts* § 552(1) (1932); 6A Corbin, Contracts § 1430 (1952); Calamari & Perillo, Contracts § 369 (1970).

Additionally, the Federal Antigratuity Statute makes it a crime, punishable with time in prison, to "corruptly . . . offer, or promise [] anything of value to any person . . . with intent to influence testimony under oath. . . [at] a trial, hearing, or other proceeding."  18 U.S.C. §§ 201(b)(3).  The statute also makes it a crime to give or promise anything of value for testimony under oath.  18 U.S.C. §§ 201(c)(2) (failing to require a require "corruptly.")

B.     Witness types

Lay, or fact, witnesses cannot testify as to opinions if they are based upon "scientific, technical, or other specialized knowledge within the scope of 702."  Fed. R. Evid. 701(c).  The Rules are meant to ensure that, unless an expert, witnesses cannot opine and are only able to testify as to first-hand knowledge.  Fed. R. Evid. 701(a), Notes of Advisory Committee On Proposed Rules.  Rule 702 specifically notes that certain persons can be qualified to opine with the requisite knowledge, skill, and experience if their scientific, technical, or other specialized knowledge will help the trier of fact.  Fed. R. Evid. 702.

C.     Indiana law on private investigators

The State of Indiana governs and regulates the activities of private investigators in a certain statute. (the "Act")  Ind. Code § 25-30-1.  The Act defines a private investigator firm as a business that:

> (A) mak[es], for hire or reward, investigation . . . for the purpose of obtaining information with reference to:
> . . .
> (ii) the habits, conduct, . . . , transactions, reputation, or character of a person;
> . . .
> (iv) the location . . . of . . . stolen property;
> . . .
> (vi) the truth or falsity of a statement or representation; [or]
> (B) [that] secur[es] for hire or reward, evidence to be used  . . . in the trial of civil . . . cases.

3

Ind. Code § 25-30-1-2.  It is unlawful for any non-licensed person or agency to engage in the functions of a private investigator. Ind. Code § 25-30-1-3.  Doing, or soliciting, business as a private investigator, without license, is a Class A Misdemeanor.  Ind. Code § 25-30-1-21.

### III. Application

#### A. IPP's background and its relationship with Malibu

IPP International, U.G., a.k.a, *incorrectly*, IPP, Ltd., (hereinafter "IPP") is a company based in Hamburg, Germany.  It provides services that involve the "track[ing] and monitor[ing of] illegal propagators within [BitTorrent] networks around the clock whilst simultaneously pursuing several thousand file versions."[2]  IPP has provided information to Malibu that has resulted in thousands of people being sued throughout the United States.  Pursuant to Malibu's response to an issued interrogatory, it is has become clear that IPP is being paid not only contingent upon successful resolution of this case for Malibu, but also based upon the extent of the proceeds.

> Please identify all persons or business entities that have an interest, financially, or otherwise, in this litigation, including, but not limited to, owners or members of Malibu, counsel for Malibu, forensic consultants, and/or witnesses, or to whom payment for any settlements are sent to, and specifically and in detail describe the nature of the interest.
> Response to Interrogatory No. 1: . . . IPP, Ltd. is a fact witness who will testify that its technology detected that a person using Defendant's IP address was downloading and distributing Plaintiff's copyrighted works. . . . IPP, Ltd. is **entitled pursuant to an oral contingency fee agreement** to a small portion of the proceeds from the resolution of this case.

Plaintiff's Responses to Defendant's First Set of Interrogatories, Resp. 1.  (attached hereto as Exhibit A)(emphasis added).  In fact, in a Response to an Interrogatory in another Malibu case before this Court, it was seemingly revealed that M. Keith Lipscomb, a Malibu attorney "negotiated the terms of [Malibu]'s agreement with IPP International UG.  *Malibu v. Hinds, et al.*, Case No. 1:12-

---

[2] *Services*, IPP International, *available at*, http://www.ippint.de/index.php?option=com_content&view=article&id=3&Itemid=3 (last accessed Jan. 10, 2014).

cv-01117-WTL-MJD, Exh. C to Def't Michael Harrison's Brief in Support of Motion to Compel Discovery (ECF Doc. 151-3)(S.D. Ind. Jan 9, 2014).

      B.    If IPP is a lay witness, the admitted "oral contingency fee agreement" is not only <u>unethical, it is illegal and should result in the barring of any IPP testimony</u>

In its Rule 26(a) disclosure, Malibu listed an IPP employee as a "third party fact witness." See Pltf's Fed. R. Civ. P. 26(a) Disclosures (attached hereto as Exhibit B). But in its Interrogatory Response, it listed IPP as a fact witness a characterization is suspect at best – as IPP/employee is almost certainly an expert witness. See Exhibit A. However, assuming, *arguendo*, that IPP is a fact witness, its testimony should be barred.

To begin with, it is a violation of federal law, punishable by imprisonment, to offer to pay for testimony. 18 U.S.C. §201(c)(2). If done "corruptly," there is also a violation of §201(b)(3) of the same statute. Such testimony is patently against public policy. *Hamilton*, 490 F.2d at 228-229. To allow such testimony into this tribunal would be manifestly unjust. At this time, it is not known whether Attorney Nicoletti, Malibu, or some other unidentified third-party is paying for the testimony, but it remains unethical and illegal. For this reason, the testimony should be barred.

      C.    If IPP is actually an expert witness, its testimony should be barred for the blatantly unethical practice of allowing it to share in <u>the proceeds based upon the outcome of the case</u>

Malibu has claimed that IPP is a "fact" witness.[3] See Exh. A. However, such a statement is contrary to the Rules of Evidence. To begin, IPP is not a person. It does not possess first-hand knowledge of anything under Federal Rule of Civil Procedure 701, as it has no knowledge of any kind. For that reason alone, IPP isn't a witness, some employee or agent of it likely is.

Assuming, however, that the allegedly lay witness is actually some employee – perhaps declarant Tobias Feiser (ECF Doc. 3-2), agent, or owner of IPP, even that person cannot be a lay

---

[3] Such a statement is likely intended for the purposes of making discovery burdensome on Doe defendants, as has been demonstrated in this matter, as well as to prevent the need for drafting an expert report under Fed. R. Civ. P. 26.

witness.  IPP would simply be an agency supplying the witness.  The actual witness would not have personally observed anything.  At a maximum, "IPP Limited[4] downloaded one or more bits" – useless, encrypted, chunks of ones and zeros.  Comp. ¶ 9.  With this, IPP purports to be able to produce a witness to testify that "a person using Defendant's IP address was downloading and distributing Plaintiff's copyrighted works."  See, Exh. A.  IPP has no personal knowledge that a movie was downloaded or distributed by Defendant.  At the best it knows of a few select instances of encrypted, useless ones and zeroes being unlawfully monitored.  Indeed, if IPP were to supply a witness testify to anything, he would be testifying pursuant to its scientific and technical knowledge, pursuant to Rule of Evidence 702.  For this reason, IPP, if allowed to provide someone to testify, would have to do so as an expert witness.

On the face of its discovery responses, Malibu states that IPP is being paid on a contingent basis.  Exh. A.  IPP will make money only if this case is resolved positively for Malibu.  Further, the amount of money IPP will make is contingent on the proceeds received in settlement or collected in judgment.  See Exh. A (IPP is entitled to a "portion of the proceeds").  IPP is actually a business, an agency, supplying an expert witness in this case.  Such an arrangement is unethical.  Even construed in the best possible light for Malibu, and its counsel, IPP's testimony would be so incredibly suspect of consisting of perjury, misstatement, or deceptiveness that it simply should not be allowed as evidence.

Even a cursory review of *Tagatz v. Marquette University* case shows that it does not apply to the situation at hand.  861 F.2d 1040 (7th Cir. Nov. 16, 1988).  Firstly, the mention of a complete disregard of ethical rules not necessarily resulting in the exclusion of evidence is mere dicta.  *Id.* at 1042.  The Court even notes that there was no objection to the testimony being offered – thus the

---

[4] A repeated deceptive misstatement of identity in the Complaint.  Further, this misstatement is echoed in the apparently incorrect/deceptive Declaration of Tobias Feiser in support of the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference.  (ECF Doc. 3-2, ¶ 4).

6

statement did not bear on the holding of the Court. *Id.* Further, that case involved an individual wishing to testify on his own behalf, not a third-party investigator/witness. *Id.* The statement was a mere comparison of a self-interested-party to interested-third-party, i.e contingency fee, expert witness. *Id.* That situation is nothing like the case at hand which involves a foreign, unlicensed detective agency that engages in unlawful activities to gather data, that lies about its name in *ex parte* proceedings, and that will be illegally paid a contingent fee for its testimony.

        D.        Compounding all other concerns, IPP's alleged investigation was in violation of Indiana's Private Investigator laws

IPP is not a licensed private investigator in this State.[5] Despite this fact, IPP uses its technology to detect certain activities by establishing electronic TCP/IP connection with Tashiro. Comp. ¶ 17. In fact, IPP allegedly downloaded data from Tashiro. Comp. ¶ 18. IPP allegedly did this this for an extended amount of time. Comp., Exh. A. Further, IPP admittedly engaged in "surveillance" of Tashiro. Comp. ¶ 23. Explicitly, IPP engaged in this surveillance to attempt to study the habits and likely conduct of the Defendant. Comp. ¶ 24. The surveillance is meant to identify an infringer. Comp. ¶ 25. It will use the evidence to testify at trial. Exhibit A. Further, Tobias Feiser, submitting a declaration in support of an *ex parte* motion for early discovery explicitly notes that IPP provides "forensic investigation services" and "monitors" networks. (ECF Doc. 3-2).

On the face of Malibu's own pleadings and declarations, IPP is making use of electronic means to gather information on the identity of infringers, their habits and conduct, for use in a court proceeding. All of these activities are unlawful unless performed by a licensed private investigator. 225 ILCS 447/5-10. Accordingly, not only is it unethical for counsel to put forth IPP testimony and

---

[5] Counsel for Defendant has sought information from the Indiana Professional Licensing Authority website, https://mylicense.in.gov/everification/Search.aspx. He searched for Private Investigators named Feiser, Fieser, and variations of IPP. He also searched for all professions with the same information. The results were all negative for licensing.

7

illegal under federal law to pay IPP for testimony, but also, IPP's activities to generate the testimony are unlawful.

**V.     Conclusion**

For the foregoing reasons, Tashiro respectfully requests the relief sought in the Motion be granted.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of Tashiro's Attorneys
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

**Certificate of Service**

I certify that on January 13, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips