IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**BRIEF IN SUPPORT OF:**
**MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY**
**MALIBU AND ATTORNEY NICOLETTI SHOULD NOT BE**
**SANCTIONED PURSUANT TO § 1927 AND THE COURT'S INHERENT AUTHORITY**

I.  Introduction

Attorney Nicoletti and Malibu Media, LLC (hereinafter "Malibu") knowingly, unreasonably, and vexatiously multiplied proceedings in this case by purposefully putting forth unlawfully collected evidence and promises of testimony that are unethical, punishable by time in prison, and consist of patently abusive litigation tactics.  A complete delineation of this evidence and purported testimony is described in the corrected supporting brief to the motion to bar evidence of IPP.  (ECF Doc. 60).

II.  § 1927 and This Court's Inherent Authority to Sanction

Congress has provided that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 19 U.S.C. § 1927.  In fact, courts can issue sanctions under this rule sua sponte. *See, e.g. Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717 (7th Cir. 2006), *reh'g denied*.  Sanctions under 28 U.S.C. § 1927 can only be leveled against counsel.  28 U.S.C. § 1927.  However, the purpose of this form of sanctions is to prohibit frivolous litigation and abuses by attorneys.  *Kapco Mfg. Co., Inc. v. C & O Enterprises,*

1

*Inc.*, 886 F.2d 1485, 1490 (7th Cir. 1989).  Pursuing claims without sufficient factual basis is grounds for such sanctions. See, Id. at 720.  Whether or not a claim in a pleading has merit is irrelevant to a determination as to whether or not the filing was for the purposes of harassment, and thus, sanctionable. *Kapco Mfg. Co., Inc.*, 886 F.2 1485 at 1493. Conduct should consist of either subjective or objective bad faith. *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113 (7th Cir. 1994). However, it need not consist of actual malice to issue § 1927 sanctions. *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir.1984).

Additionally, this Court has a "well-acknowledged" inherent power to levy sanctions in response to abusive litigation practices against counsel and litigants. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). In fact, the existence of other rules' or statutes' sanctioning schemes do not supplant the Court's inherent power. *Chambers v. Nasco*, Inc., 501 U.S. 32, 46 (1991) ("These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than the other means of imposing sanctions."). Thus, even behavior not covered by 28 U.S.C. §1927 remains sanctionable under the Court's inherent authority if it consists of abusive litigation practice.

### III. Attorney Nicoletti & Malibu's unethical and illegal behavior is unreasonable, has vexatiously multiplied proceedings since early discovery, and constitutes abusive litigation

    A.    The totality of these proceedings has been Propogated from the unethical and illegal purchase of <u>testimony based upon unlawful private investigating</u>

As more fully described in the corrected brief for the Motion to Bar, Malibu and Attorney Nicoletti have engaged in multitudes of unethical and illegal behavior, to wit:

    a.  Attorney Nicoletti is either paying a fact witness or allowing a fact witness to be paid in violation of the common law, the adopted Indiana Rules of Professional Conduct,

2

      and in either violation, or indifference to the violation of, the Federal Antigratuity Statute; or

   b.  Attorney Nicoletti is either paying an expert witness a contingency fee, allowing an expert witness to be paid a contingency fee, or sharing in his fee through subterfuge of an "oral contingency fee agreement" in violation of the adopted Indiana Rules of Professional Conduct and the common law; and

   c.  Attorney Nicoletti has violated Indiana Rule of Professional Conduct 3.3(b) by failing to disclose to this Court, during *ex parte* motion practice seeking early discovery, that IPP International U.G. was unlawfully operating as a private investigator in the State of Indiana, a class A Misdemeanor, the alleged data from such operation used as support for the motion for leave to seek early discovery. (ECF Doc. 3).

*See,* Corrected Brief in Support of Motion to Bar (ECF Doc. 60). In doing so, Attorney Nicoletti and Malibu have spawned ever-increasing amounts of unnecessary litigation – that is, everything since the improper use of unethical, unlawful, and illegal evidence and promised testimony in the motion for early discovery.

   B.  <u>This is hardly the first sanctionable conduct Malibu and Attorney Nicoletti have engaged in</u>

      This litigation is part of a tsunami of lawsuits, well over one-thousand in a few years, that have been judicially characterized by the abusive use of shame and embarrassment to force early settlements. Here, within the Seventh Circuit, Malibu has been recognized to be litigating in an abusive manner. *See, Malibu Media, LLC v. Reynolds,* 2013 U.S. Dist. LEXIS 31288 at *18-23 (discussing cases that have recognized the power of lawsuits alleging illegal downloading of pornographic movies "to shame defendants into settlement agreements where they may

3

otherwise have a meritorious defense"). After citing to the above case in discussing similar concerns, the Western District of Wisconsin stated that "these internet copyright cases already give off an air of extortion . . . " *Malibu Media LLC v. Does*, Case No. 3:13-cv-00207-wmc (ECF Doc. 31, p. 9) (W.D. Wis. Sept. 10, 2013) (stating that Malibu's denials "did not pass the smell test, and any denial of improper motive by [its counsel] does not pass the laugh test"), *see also, Malibu Media LLC v. Does*, Case No. 2:13-cv-00536-RTR (ECF Doc. 34) (E.D. Wis. Dec. 12, 2013) (issuing similar sanctions against Malibu's counsel alone). In that particular order, the Court sanctioned Malibu <u>and</u> its attorney for activities that furthered such extortion – the filing of scandalous "enhanced surveillance" exhibits, as occurred in this case. *Id*. In the Northern District of Illinois, within five days of filing a Complaint, Judge Kapala ordered Malibu to show cause why it should not be sanctioned for doing the same thing. *Malibu Media, LLC v. Doe*, Case No. 3:13-cv-50287 (ECF Doc. 2 Sept. 13, 2013).

Likewise, this is hardly Attorney Nicoletti's first turn to sanctionable conduct. For example, in *Prud'Homme v. Katzman*, Attorney Nicoletti appealed the trial court's order awarding Defendants $5,000.00 for the filing of a frivolous lawsuit No. 188674, LC No. 95-021074-CK (Mich. Ct. App. 4th Dist. Mar. 7, 1997) (unpublished), attached as Exhibit A. The Appellate Court affirmed, stating that "Notably, there was evidence that plaintiff's counsel put forth his estoppel theory after defendants' counsel had pointed out the deficiencies in the initial complaint." Id. at 2.; Only a few years later, in *Ansley v. Conseco Fin. Serv. Corp.*, et al., Nicoletti was sanctioned for putting forth a frivolous defense. No. 323266 (Mich Ct. App. Dec. 17, 2002) (unpublished), attached as Exhibit B. It is respectfully submitted that Attorney Nicoletti is lacking in credibility to assert that he would not vexatiously or unreasonably multiply proceedings, or engage in abusive litigation

      C.      All the multiplied proceedings in this matter are vexatious and unreasonable due to the unethical, <u>illegal, and unlawful activities of Malibu & its counsel</u>

With this history in mind, it should not be surprising that Attorney Nicoletti's activities are meant for the purposes of vexatiously and unreasonably multiplying proceedings and engaging in abusive tactics in this case. In fact, the entirety of the proceedings in this case are resultant of the early discovery – as that is the only way that Doe was allegedly connected to the alleged activity. Thus, if that early discovery, or the filing of the Complaint was abusive or unreasonable and vexatious, then all of the proceedings since the filing are those "vexatious multipli[cations]" of proceedings.

The grant of early discovery was based upon the unethical conduct of Attorney Nicoletti in either sharing a fee with IPP, or otherwise allowing her client to pay an expert a contingency fee. In fact, if Attorney Nicoletti was paying IPP, then the conduct was not just unethical, but illegal.

The *ex parte* motion for early discovery was supported with Attorney Nicoletti knowingly filing the Feiser declaration based upon unlawful, unlicensed, activities of IPP. This activity alone is violative of Rule of Professional Conduct 3.3(d). Ind. R. of Prof'l Conduct 3.3(d) ("[i]n an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."). Yet, none of the facts mentioned in this brief appear to have been brought up to this Court – not even the blatant misidentification of the company Feiser works for. *See also,* Fed. R. Civ. P. 11.

The entirety of this litigation is abusive, and the purpose of §1927 sanctions is to prevent such abuse. *Kapco Mfg. Co., Inc.* 886 F.2d at 1490. Even if the declaration of Feiser has merit, or the claims would substantiated if this improper evidence were introduced, the purpose of the behavior was still harassment. Accordingly, regardless of merit, all activities in this case are sanctionable as harassment. *Kapco Mfg. Co., Inc.*, 886 F.2 1485 at 1493.

The totality of the behavior, the Rules of Professional Conduct flaunted, and the laws broken, all are indicative of bad faith. Regardless of whether the Court considers this behavior to

subjective or objective bad faith, both are sufficient for § 1927 sanctions. *Pac. Dunlop Holdings, Inc.*, 22 F.3d 113. While no malice is required under *Knorr Brake Corp.*, Tashiro would echo the sentiment of the Western District of Wisconsin in submitting that any suggestion that motive was not improper is laughable. 738 F.2d at 227.

With regards to this Court's inherent power, that power is to prevent abusive litigation practices. *Roadway Express, Inc.*, 447 U.S. at 765. The foregoing makes it abundantly clear that Malibu and Attorney Nicoletti are engaging in abusive litigation practices. Along with the unethical conduct of counsel and Malibu, someone is paying a witness in violation of a law punishable by time in prison. This Court has the authority, irrespective of all other sources of authority to sanction, to punish such behavior. For these reasons, it is appropriate to Order Malibu and Attorney Nicoletti to show cause why they should not be sanctioned, as well as to pay for the attorney's fees and costs of Tashiro in defending this abusive litigation.

## VI. Conclusion

For the foregoing reasons, Tashiro respectfully requests the relief sought in the Motion be granted.

Respectfully submitted,
/s/Jonathan LA Philips
Jonathan LA Phillips
One of Tashiro's Attorneys
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

**Certificate of Service**

I certify that on January 13, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips