IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC <br><br> Plaintiff, <br><br> v. <br><br> KELLEY TASHIRO <br><br> Defendants | Case No. 1:13-cv-00205-WTL-MJD <br><br><br> Hon. Mark J. Dinsmore |

**BRIEF IN SUPPORT OF:**
**MOTION TO COMPEL**

**I.  Introduction**

This discovery dispute is the product of Malibu's repeated refusals to answer discovery through baseless objections or failing to respond. The discovery requests consisted, primarily, of different means to get at the same necessary information: (a) the data collected by its admitted expert witness, IPP International U.G.; (b) the distribution of proceeds from settlement/judgments only in the "swarms" that Tashiro allegedly participated in; and (c) the split of the shares of revenue by Malibu, Keith Lipscomb, and IPP to establish credibility of the Malibu's witnesses, Malibu itself, and possible defenses. Malibu has objected to this discovery, for a variety of reasons.

Despite a Local Rule 37-1 conference with Judge Dinsmore, Malibu has continued in its refusal to provide the requested information. The simple failure to respond is clear on its face and explained in the Motion to Compel. This brief focuses on showing the utter lack of merit in Malibu's numerous objections.

**II.  Governing Law**

   A.   <u>Liberal Discovery Rules</u>

Under Rule 37, a party may move to compel discovery where another party is being evasive or failing to respond to a discovery request. Fed. R. Civ. P. 37(a)(3)-(4). Courts have typically adopted liberal interpretation of the discovery rules. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006); *see also Cannon v. Burge,* 2010 WL 3714991, at *1 (N.D. Ill. Sept. 14, 2010) ("The federal discovery Rules are liberal in order to assist in trial preparation and settlement."). Courts look negatively on significant restrictions being placed upon discovery, and the burden is upon the objecting party to show why a particular request is improper. *Kodish*, 235 F.R.D. at 450.

### B. "Control" of documents

Rule 34(a) requires the disclosure of those documents in a respondents "possession, custody, or control." Fed. R. Civ. P. 34(a). The phrase is disjunctive, requiring only a single element to be met. *Cumis Ins. Society, Inc. v. South-Coast Bank,* 610 F.Supp. 193, 196 (N.D. Ind. 1985); *see also Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (holding actual possession of documents is not required under Rule 34(a)). Litigants are entitled to discover any accessible electronically stored information that could lead to admissible evidence. Fed. R. Civ. P. 26(b)(1)(B). "Control is defined as the legal right to obtain document on demand." *FTC v. Braswell*, No. CV 03-3700-DT(PJWx), 2005 U.S. Dist. LEXIS 42817, at *8 (C.D. Cal. Sept. 26, 2005). Control, when concerning discovery, is to be broadly construed, including any time there is an ability to obtain documents. *New York ex re. Boardman v. Nat'l R.R. Passenger Corp.,* 233 F.R.D. 259, 268 (N.D.N.Y. 2006); *see also, Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000)(holding that "control" does not require ownership, just the ability to obtain a document on demand). Even documents in other countries are discoverable. *Novelty, Inc. v. Mt. View Mktg, Inc.*, 265 F.R.D. 370, 377 (S.D. Ind. 2009).

### C. Confidentiality

> Many a litigant would prefer that the subject of the case – how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on – be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.

*Union Oil Co. of Cal. v. Dan Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). Judge Easterbrook went on to say "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution . . ." *Id.* at 568. "Judicial proceedings are public rather than private property." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 27-29 (1994). "[D]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy. . . " *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010) (also involving intellectual property).

### III. Application

#### A.  The wholesale refusal to disclose relevant information due to alleged confidentiality or unduly burdensome[1] compliance is unfounded

Malibu repeatedly refuses to turn over information regarding IPP International U.G.'s investigation of Tashiro, and "other peer infringers;" alleging burden and confidentiality issues. Such objections are unfounded, and fly in the face of the law.

##### i.  IPP's & Malibu's compensation

IPP International UG is allegedly a "fact witness" being paid pursuant to an "oral contingency fee agreement." Exh. A to Motion, Resp. 1. Malibu fails to provide any reason to suggest that IPP's compensation is confidential. Allowing such information to be treated as confidential only serves to make it more difficult for a jury to judge the credibility of Malibu and its witnesses – while depriving the public of their right to inspect proceedings. Further, without reason,

---

[1] To properly frame the issue of burden, it is important to remember that Malibu has chosen to litigate in hundreds of cases to protect its rights rather than explore cheaper and more cost effective methods of protecting its intellectual property, e.g. Digital Millennium Copyright Act take down notices to Tashiro's ISPs as utilized by other content providers.

Malibu has refused to disclose its expected share of proceeds if this case were successful – an important fact for establishing possible defenses, such as barratrous conduct on the part of IPP.

With regards to confidentiality of proceeds from cases involving the peer infringers disclosed in its Rule 26(a) disclosures, Malibu objects, stating, "Each of the settlement agreements contains a confidentiality clause which prohibits Plaintiff from disclosing Tashiro's name and the terms of the Agreement."  Exh. A to Motion, Resp. 3.  Malibu complains that disclosure would "spawn an avalanche of irrelevant litigation."  *Id.*  Tashiro's defense against a $4.2 million dollar suit simply cannot be handicapped by Malibu's third-party agreements.  Indeed, Malibu's settlement agreements are unenforceable under Seventh Circuit law as contrary to public policy.  *Union Oil Company of Cal.*, 220 F.3d at 567 ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment. . . .").  If there is an avalanche of litigation, a point not conceded, Malibu will simply be lying in the bed it made.

    ii.  Hash correlation information

Malibu refuses to produce information and data regarding other peer infringers and information as to activities in the complained of "swarms"[2] for two reasons.  First, it is alleged that such production is unduly burdensome because of sloppy record keeping on Malibu's part.  Second, Malibu states that the information is irrelevant, despite Malibu naming "other peer infringers," i.e. those in the swarms complained of, as having discoverable information.  See, Exh. D to Motion, p. 2.  This information about other participants in the swarm is not just relevant, but necessary, to bring and prove both liability and damage defenses.

---

[2] While the current Complaint does not define swarms, previous Malibu complaints define a swarm as a group of computers, identified by the hash number, that work in an interdependent nature to assist in BitTorrent protocol file transfers.  *See, e.g. Malibu Media, LLC v. Does 1, 13, 14*, Amended Comp. ¶ 12 (ECF Doc. 47) (filed Nov. 2, 2012).

With regards to the information being unduly burdensome, Malibu has chosen to sue an individual for $4.2 million dollars.  It is no fault of Tashiro's that Malibu has sued thousands of people in well over 1,500 suits in just a few years.  It certainly is not Tashiro's fault that Malibu keeps sloppy records – possibly purposefully.  Regardless of the state of its records, Malibu is able to easily search its filings, whether in its possession, or the possession of its attorneys, for the particular hash values.  Accordingly, by searching for certain hash values, Malibu could easily tabulate each case that an "other peer infringer" was sued.  Having the case number in hand, Malibu could then correlate the case to activities within the swarms, settlement amounts, judgments, and otherwise.   Having done so, it could provide the requested information and documentation.

Instead, Malibu asserts that Tashiro, an individual of limited means, should search a non-official repository of information (RFC Express), download well over 1,000 dockets of information, engage in massive amounts of computing time and effort to make it searchable, and then conduct searches that will not even produce the majority of the documents requested.  Exh. B to Motion, Resp. 9.  The allegation that this process is as easy, or easier than Malibu simply searching its records and correlating cases to hash numbers is a fantastical claim.  With Malibu having the information in its possession or control, these responses and objections are inappropriate because it can simply answer the question posed with minimal effort.

All of this information is relevant, not just for analysis of data relating to liability, but also for the purpose of setting statutory damages.[3]  Malibu has said other peer infringers have discoverable information, so the objection that this request "would not lead to the discovery of admissible evidence" is false, deceptive, evasive, and patently inappropriate.  See Exh. D to Motion.

     B.     The "smoking gun" held by its contingent fee expert witness/investigator

---

[3] While Malibu argues, extensively about how this information is irrelevant as to actual damages, it fails to provide a modicum of authority why the Court should not consider the information if it were to assess statutory damages.  Exh. A to Motion, Resp. 3.

<u>is within the control of Malibu and must be turned over</u>

Malibu has sued Tashiro, and thousands of other people, many of whom are undoubtedly innocent, based upon the swarm activity to IP address correlations as allegedly uncovered by IPP. In fact, IPP, International U.G., of Hamburg, Germany, "possesses information regarding the detection and reporting of the alleged infringement," and is to be a witness. Exh. D to Motion, p. 1. If anything, this case is similar to another alleged piracy case wherein the plaintiffs in that action successfully compelled the production of third-party server log data. *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443 (C.D. Cal. 2007). The only difference regarding "control" in that case and the one at bar is that the *defendant* was using servers and the third-party was not a controlled expert witness being paid a contingency fee to provide a smoking gun for early discovery.

When asked to turn over documents regarding the investigation by IPP, Malibu simply "avers that it does not have any other documents" that relate to the use of the case other than limited, mostly useless, PCAP files. Exh. C, Resp. 1. Despite Tashiro's denials, Malibu has repeatedly stated that it's hunch that Tashiro infringed is bolstered by the IP address correlation. Yet, Malibu refuses to provide documents backing up its hunch, because it does not "have" the document sought. In fact, the information is in IPP International UG's possession. Exh. C to Motion, Resp. 1. Malibu would apparently have thousands of defendants pay Malibu's expert witness to get information and documents to defend themselves when Malibu, or Attorney Nicoletti, simply has to give IPP a portion of the proceeds of the suit to demand the same.

Even if Malibu had to pay for the documents, a point not conceded, it still must comply with discovery. The Rules presume that Malibu must bear the cost of responding. Fed. R. Civ. P. 26(b)(2). Malibu has not attempted to argue that the documents are not readily accessible due to "undue burden or cost," by anything more than an unsupported allegation of the same. Malibu most certainly has not, and cannot, argue any of the cost-shifting factors set forth in the Advisory

Comments.  Fed. R. Civ. P. 26, Comm. Notes on Rules – 2006 Amendment; *see*, *Haka v. Lincoln Cnty.*, 246 F.R.D. 577 (W.D. Wis. 2007) (applying cost-shifting factors).

Rather than turnover the information controlled by Malibu and needed for Tashiro's defense, Malibu suggests that Tashiro review the "Bellwether Trial" and find IPP's techniques to be sound. However, that particular trial was not a full trial, had no cross examination of experts, and involved only Defendants who committed perjury, spoiled evidence, or simply admitted to the downloads. *Malibu Media LLC v. Does 1-22*, Case No. 5:12-cv-02088-MB (E.D. Penn.).  Tashiro does not have to, and would be foolhardy to, rely upon an uncrossed expert who is paid pursuant to a contingent fee agreement.  Tashiro should, and has the right to, thoroughly examine the alleged evidence that was used to drag her this litigation.

    C.    <u>Other Malibu positions refuted</u>

The information sought is not for the purposes of harassment or to aid in execution of a judgment, as indicated above.  Finally, information as to the first dates of infringement is relevant in ascertaining whether or not statutory damages are even available.

## IV. Conclusion

For the foregoing reasons, it is respectfully requested that this Honorable Court grant the Motion to Compel, and the relief requested therein.

    Respectfully submitted,

    /s/Jonathan LA Philips
    Jonathan LA Phillips
    One of Tashiro's Attorneys
    456 Fulton St.
    Ste. 255
    Peoria, IL 61602
    309.494.6155
    jphillips@skplawyers.com
    ARDC No. 6302752

**Certificate of Service**

I certify that on January 20, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips