UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,      ) | |
| ) | |
| Plaintiff,      ) | Civil Case No. 1:13-cv-00205-WTL-MJD |
| ) | |
| v.      ) | |
| ) | |
| KELLEY TASHIRO,      ) | |
| ) | |
| Defendant.      ) | |
| ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ENTERED AGAINST HER FOR SPOLIATION OF EVIDENCE AND PERJURY**

### I.   INTRODUCTION

Defendant committed perjury and spoiled evidence. Defendant repetitively swore under oath that she never used and had no knowledge of BitTorrent prior to this lawsuit. In reality, Defendant downloaded BitTorrent software onto her computer and used it to obtain numerous BitTorrent files. Defendant attempted to cover up these facts by deleting *thousands* of files from her hard drive *the night before* she delivered it for forensic imaging.[1]  Defendant's egregious misconduct should be punished.

### II.   FACTS

#### A. Defendant Spoiled Evidence

On December 23, 2013, Defendant turned over four hard drives to Quantum Discovery for forensic imaging. *See* Declaration of Patrick Paige ("Paige"), Exhibit A, at ¶ 17. One hard drive was unable to be imaged because it is unreadable. *Id.*, at ¶ 20. Mr. Paige examined the images of the other three hard drives. *Id.*, at ¶ 22-27. His examination revealed evidence of

---

[1] Plaintiff is currently set to depose both Defendant and her husband on February 25, 2014. More information regarding Defendant's perjury and spoliation will be brought to light at that time.

1

extensive BitTorrent use. *Id.* Defendant deleted numerous files and folders associated with BitTorrent use. *Id.*, at ¶ 25. The deletions occurred on December 22, 2013 at approximately 10:00 pm. *Id.* That was the night before the hard drives were turned over to Quantum Discovery for imaging. *Id.* Mr. Paige recovered seventy-three (73) deleted BitTorrent files. *Id.*, at ¶ 26. Many of them are associated with adult movies. *Id.* BitTorrent clients, that enable the BitTorrent protocol to work, were also deleted. *Id.* One hundred seven (107) files and folders were also deleted on December 22, 2013 at 10:00 pm. *Id.*, at ¶ 27. Most of these were parent folders containing <u>thousands</u> of files. According to Mr. Paige, copies of Malibu Media's movies *could* have been in these folders. *Id.*, at ¶ 28. Undersigned will take it a step further: the files were likely in these folders and that is likely why they were deleted.

### B. Defendant Committed Perjury

Defendant made the following perjurious statements. "Outside of this lawsuit, [she has] no knowledge of BitTorrent." *See* Defendant's Third Supplement to Answers to Plaintiff's First Set of Interrogatories, Exhibit B, at No. 13, 14. She has no knowledge of any BitTorrent client which has ever been installed on one of the Computer Devices in her home. *Id.*, at No. 15. She has never downloaded a BitTorrent file nor visited a BitTorrent website. *Id.*, at No. 16. She has never used an internet browser to search for torrent files. *Id.*, at No. 20. She has never "downloaded, streamed, or otherwise participated in any download, transfer, or upload of material that [she] was not authorized to do so[.]" *Id.*, No. 21.

### III. ARGUMENT

This Court should enter an order requiring Defendant to show cause why sanctions should not be entered against her. Plaintiff respectfully submits sanctions are appropriate for the reasons set forth below.

2

## A. Defendant Should be Sanctioned for Spoiling the Evidence

"Spoliation consists of '[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usually a document. If proved, spoliation may be used to establish that the evidence was unfavorable to the party responsible.'" *Cahoon v. Cummings*, 734 N.E.2d 535, 545 (Ind. 2000) citing *Black's Law Dictionary* 1409 (7th ed.1999). "Spoliation evidence is ordinarily admissible not as to a single issue only, but rather bears on the strength of the case in general and the defendant's consciousness of guilt." *Id.* citing 2 John Henry Wigmore, *Evidence in Trials at Common Law* § 278 (1979), *revised by* James H. Chadbourn. Sanctions for spoliation of evidence may be had in various forms. "A dismissal of a claim or entry of default judgment is the most severe sanction. Another possible sanction is the exclusion of testimony or other evidence regarding the destroyed evidence. A lesser sanction is the giving of a spoliation or adverse inference instruction to the jury." *Smith v. Borg-Warner Auto. Diversified Transmission Products Corp.*, 2000 WL 1006619, at *7 (S.D. Ind. 2000) (citations omitted).

By deleting the BitTorrent files, Defendant altered and destroyed relevant material evidence. Accordingly, sanctions are appropriate. In the Bellwether trial, the Honorable Judge Baylson held that spoliation and perjury deserve "a heavy dose of damages" to deter others:

> [I]n this case, because of Bryan White's having perjured himself at the Rule 104 hearing and having taken steps to destroy and conceal evidence, a further <u>substantial award of damages was necessary</u>. In a criminal case, this conduct would be denominated as obstruction of justice. Bryan White's wiping clean of his computer in attempting to cover up the fact that he had downloaded the BitTorrent software, as well as five of Malibu's movies, required a substantial penalty, and also to make a statement that would <u>effectively deter others</u> from acting as Bryan White had acted in this case.

*Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). Ultimately Judge Baylson awarded Malibu Media "the minimum amount of statutory damages, $750 per infringement, and then treble[d] that amount to note that the defendant committed a

3

serious tort[.]" *Id.* He then multiplied the amount ($2,250) by ten because of the spoliation and perjury, or $22,500 per infringement. In the end, the final judgment amounted to a $112,500 verdict and $128,350.50 in attorney's fees and costs – $240,850.50 in all. *See also Atl. Recording Corp. v. Howell*, 2008 WL 4080008 (D. Ariz. 2008) (court entered default judgment against defendant who deleted peer-to-peer program, deleted infringing files from his hard drive, and then gave false copies of his hard drive to plaintiff's expert); *Columbia Pictures, Inc. v. Bunnell*, 2007 WL 4877701 (C.D. Cal. 2007) (entering default judgment against defendants when defendants operated a BitTorrent website and destroyed evidence of online postings and then lied to the court about it); *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 466 (W.D. Tex. 2006) (granting default judgment when defendant wiped her hard drive, stating "defendant's conduct shows such blatant contempt for this Court and a fundamental disregard for the judicial process that her behavior can only be adequately sanctioned with a default judgment.")

### B. Defendant Should be Sanctioned for Committing Perjury

"False testimony in a formal proceeding is intolerable. We must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings." *ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323, 114 S. Ct. 835, 839, 127 L. Ed. 2d 152 (1994). "In any proceeding, whether judicial or administrative, deliberate falsehoods 'well may affect the dearest concerns of the parties before a tribunal,' and may put the factfinder and parties 'to the disadvantage, hindrance, and delay of ultimately extracting the truth by cross examination, by extraneous investigation or other collateral means.' Perjury should be severely sanctioned in appropriate cases." *Id*. (internal citations omitted). "Until discovered, [perjury] infects all of the pretrial procedures, and interferes 'egregiously with the court's administration of justice.' Acts of perjury seriously undermine the very core of the judicial system[.]" *Dotson v. Bravo*, 202

F.R.D. 559, 575 (N.D. Ill. 2001) *aff'd,* 321 F.3d 663 (7th Cir. 2003) (sanctioning party for intentionally providing false and misleading answers on a continual basis during discovery) (citation omitted). Indeed, "[t]he presence of perjury in litigation emasculates justice and deprives the opposing party of a fair trial. The public interest in the integrity of the judicial system is preserved by the [imposition of sanctions]." *Id.*, citing *In re Amtrak "Sunset Ltd." Train Crash in Bayou Canot, AL on September 22, 1993*, 136 F. Supp. 2d 1251, 1269 (S.D. Ala. 2001) *aff'd sub nom. In re Amtrak*, 29 F. App'x 575 (11th Cir. 2001).

Further, perjury is a crime punishable by up to five years in prison. By lying in her interrogatories, Defendant violated 18 U.S.C. § 1621. The statutes states:

> Whoever--**(1)** having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
>
> **(2)** in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1621.

Patrick Paige's examination proves Defendant's Answers to Plaintiff's interrogatories false and perjurious. Defendant installed BitTorrent software on her computer and downloaded numerous BitTorrent files. Indeed, torrent websites were so frequently visited that at least two of them were bookmarked. Paige, at ¶ 22.

The Federal Rules require that "[e]ach interrogatory must . . . be answered separately and fully in writing *under oath*." Fed. R. Civ. P. 33(b)(3) (emphasis added). Providing knowingly false answers to interrogatories "obstruct[s] the 'judicial process'—a process which 'clearly

includes a party's right to full, complete, and truthful discovery." *Dotson v. Bravo*, 202 F.R.D. 559, 573 (N.D. Ill. 2001) *aff'd,* 321 F.3d 663 (7th Cir. 2003) (sanctioning party for perjurious answers to interrogatories.). Defendant attempted to commit a fraud on Plaintiff and this Court by misrepresenting her knowledge of BitTorrent and the extent of her BitTorrent use. Had Plaintiff been unable to examine Defendant's hard drives, Defendant would have succeeded in her fraud. Defendant "[t]hrough lies, misrepresentation, and non-disclosure . . . has willfully engaged in a pattern of obstructive discovery tactics . . . [She] cannot be permitted to profit from [her] misconduct[.]" *Id.*, at 575. Accordingly, Defendant should be sanctioned appropriately.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter an order requiring Defendant to show cause within fourteen (14) days of the date hereof as to why sanctions should not be entered against her for her perjury and destruction of evidence.

Dated: February 12, 2014

                NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*