UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:13-cv-00205-WTL-MJD |
| KELLEY  TASHIRO, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE**

This matter is before the Court on Defendant Kelley Tashiro's Motion for an Order to

Show Cause as to why Plaintiff Malibu Media, LLC and attorney Paul Nicoletti should not be

sanctioned pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority ("Motion") [Dkt.

61]. For the reasons set forth below, the Motion is **DENIED**.

This motion was filed in conjunction with Defendant's Motion to Bar Testimony of IPP

International UG ("Motion to Bar Testimony") [Dkt. 58] and support for the allegations in the

present Motion are found in the Defendant's brief in support of the Motion to Bar Testimony

[Dkt. 60]. However, Defendant withdrew her Motion to Bar Testimony and no reply brief was

submitted in support of either the present Motion or the Motion to Bar Testimony.

In both motions, Defendant asserts that Plaintiff's attorney, Paul Nicoletti, is 1) either

paying a fact witness or allowing a fact witness to be paid or; 2) paying an expert witness a

contingency fee, allowing an expert witness to be paid a contingency fee, or sharing in his fee by

way of an oral contingency fee agreement; and 3) has violated Indiana Rule of Professional

Conduct 3.3(b) by failing to disclose to this Court that IPP International U.G. ("IPP") was

unlawfully operating as a private investigator in the State of Indiana. [Dkt. 58, 61.] The Court

will consider Defendant's brief in support of her Motion to Bar Testimony [Dkt. 60] for support of the allegations in the present Motion.

In short, Defendant argues that Plaintiff should be sanctioned for allegedly paying IPP to be a witness.[1] Plaintiff argues that it has never paid anyone to be a witness and the fee arrangement with IPP is for its data collection services, which is neither unethical nor illegal. Further, Plaintiff argues that IPP will not be testifying, but its employee Tobias Fieser will be. However, neither Plaintiff nor Nicoletti will be paying Fieser to testify.

Defendant has not offered any evidence that Plaintiff is paying IPP for anything but data collection services used to gather information on Defendant to demonstrate infringement. Defendant's argument relies upon Plaintiff's response to an interrogatory in which Plaintiff stated

> IPP, Ltd. is a fact witness who will testify that its technology detected that a person using Defendant's IP address was downloading and distributing Plaintiff's copyrighted works. IPP Ltd.'s technology is not capable of being manipulated by a human. With that as background, IPP, Ltd. is entitled to an oral contingency fee agreement to a small portion of the proceeds from the resolution of this case.

[Dkt. 60-1 at 1-2.] Based upon this response to an interrogatory, Defendant has made the inference that the contingent fee arrangement is for the testimony IPP will give and not for any other purpose. The Court is not convinced that such an inference is justified. As Plaintiff explained in its response brief, the fee paid to IPP is for the collection of data and not for IPP to testify as a witness. Defendant did not challenge this assertion as she did not file a reply brief to either the present Motion or the Motion to Bar Testimony [Dkt. 58]. The fact that Defendant withdrew her Motion to Bar Testimony, which was the basis for her motion for sanctions, calls into question Defendant's continued belief in the viability of her motion for sanctions.

---

[1] The Court will not address whether IPP is a fact or expert witness at this juncture.

With regard to the allegation that Mr. Nicoletti should have disclosed to the Court that IPP's investigation was conducted in violation of Indiana's Private Investigator laws, Defendant has not shown that IPP has committed any crime. The mere fact that IPP is not licensed in Indiana does not by itself prove that the information gathered related to Defendant was done in violation of Indiana law. Because there is no evidence before the Court to demonstrate the existence of any criminal or fraudulent conduct related to this proceeding, it is axiomatic that there is no evidence of Mr. Nicoletti's "knowledge" of such conduct, as would be required to invoke the ethical rule in question. Ind. R. Prof. Cond. 3.3(b). As such, the Court does not find a basis to issue an order to show cause. Accordingly, Defendant's Motion for an Order to Show Cause [Dkt. 61] is **DENIED**.

Date: _05/09/2014_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Jonathan LA Phillips
SHAY KEPPLE PHILLIPS, LTD
jphillips@skplawyers.com