# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT INDIANA

MALIBU MEDIA, LLC,                    )
                                      )
    Plaintiff,                     )    Civil Case No. 1:13-cv-00205-WTL-MJD
                                      )
v.

KELLEY TASHIRO,

    Defendant.

This motion is not opposed; accordingly, the motion for leave to amend will be **GRANTED**. The Clerk is directed to file Plaintiff's Second Amended Complaint [Dkt. 107-3] as of the date of this order.
Dated: May 15, 2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 15(a), 16(b) and Local Rule 15-1 hereby moves for the entry of an order granting Plaintiff leave to amend the Amended Complaint (CM/ECF 13), and in support thereof states:

    1.    Fed. R. Civ. P. (15)(a) provides that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." *Id*. "[A] party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *Midland Nat. Life Ins. Co. v. Ash Fin. Holdings Grp., Inc.*, 2007 WL 1749222, at *3 (N.D. Ind. 2007) (granting motion for leave to amend after court's scheduling deadline where discovery and investigation was necessary to determine validity of the proposed amendment and therefore plaintiff could not have met the court imposed deadline.) A motion under Rule 15 should be granted in the absence of "undue delay, bad faith, dilatory motive, prejudice, or futility." *Id.*, citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir.2004).

1

2.      Fed. R. Civ. P. 16(b)(4) states that the court may modify a scheduling order "for good cause and with the judge's consent." *Id.* "Good cause depends primarily on 'the diligence of the party seeking amendment.'" *Durden v. Semafore Pharm., Inc.*, 2011 WL 2118952 (S.D. Ind. 2011) quoting *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir.2005). "The 'good cause' standard is met if the party promptly moves to amend the pleadings after learning facts which provide the basis for the amendment." *Bridgeport Pain Control Ctr., Ltd. v. Cutera, Inc.*, 2009 WL 510888 (N.D. Ill. 2009) (granting motion for leave to amend under Rule 16(b)(4) where "the proposed amendment [would] not materially change the complexion of the case or alter the legal basis under which [Plaintiff] seeks relief.")

3.      Here, Plaintiff's investigation and the discovery process have revealed the necessity for Plaintiff to conform its pleadings to be consistent with its theory of the case. Plaintiff's analysis of the case has allowed it to gain a clearer understanding of the relevant facts and the pleadings should be consistent therewith.

4.      Specifically, Plaintiff seeks to add a claim for direct infringement against Defendant's husband, N. Charles Tashiro, and a claim for contributory infringement against Defendant.[1]

5.      Discovery has confirmed that the infringement of Plaintiff's works emanated from Defendant's household.   To explain, Plaintiff's investigator logged Defendant's IP address infringing twenty-eight (28) of Plaintiff's copyrighted works between January 14, 2012 and January 16, 2013.   *See* Amended Complaint, Exhibit A, CM/ECF 13-1.   The timespan of

---

[1] In a similar case in the Eastern District of Michigan, the court granted Plaintiff's Motion for Leave to Amend the Amended Complaint under similar circumstances.   *See Malibu Media, LLC v. April House*, 2:13-cv-12218, CM/ECF 35 (E.D. Mich. March 5, 2014)   In that case, as here, Plaintiff's Additional Evidence implicated both Defendant and her husband although Defendant denied use and knowledge of BitTorrent.   The court found that Plaintiff's Proposed Second Amended Complaint, which added the defendant's husband as a defendant and a count for contributory infringement against, stated plausible claims for direct and contributory infringement.

infringing activity eliminates the possibility that the infringer was a short-term guest or other interloper.

6.      Defendant swore that the only authorized users of her wireless internet are her and her husband.  *See* Defendant's Answers to Plaintiff's First Set of Interrogatories, at No. 8.

7.      During her deposition, Defendant testified that when her internet was initially set up, it was password protected and that she has never given the password to a neighbor or anyone else.  *See* Deposition of Kelley Tashiro, Exhibit A, at p. 16:16-8; 19:20-4.

8.      Defendant also testified that she visits adult websites.  *Id.*, at p. 52:15-24; 53:1-25.

9.      A few of the categories of adult content that Defendant prefers are of the exact type that Plaintiff produces and are the subject of this lawsuit.  *Id.*, at p. 54:3-9.

10.     Plaintiff's Additional Evidence, demonstrates that Defendant infringed the third-party work, "Songs for the End of the World" by Rick Springfield.  Defendant's Facebook and Bebo social media profiles list Rick Springfield in her favorite music.  Defendant's personal webpage states "Kelley's a HUGE fan of . . . Rick Springfield."  Documents produced during discovery disclosed that she purchased tickets to a Rick Springfield concert on May 24, 2012.  Defendant also Tweeted "@rickspringfield" multiple times – September 23, 2011, November 4, 2011, and May 15, 2010 (twice).

11.     Indeed, the Court's order stating "the information on Exhibit C may become *relevant* evidence at some point during the pendency of this matter," is correct because the information on Exhibit C has linked Defendant to BitTorrent use and thereby implicated Defendant in the infringement.  Entry on Defendant's Motion to Dismiss and Motion to Strike, CM/ECF 36, at p. 6.

12.     Notwithstanding the indisputable link between the infringed content, additional evidence on Plaintiff's Exhibit C, and Defendant personally, Defendant testified and swore in her interrogatories that she had "no knowledge of BitTorrent" outside of this lawsuit.   *See* Defendant's Answers to Plaintiff's First Set of Interrogatories, No. 13.

13.     Defendant's husband is the only other possible infringer and Plaintiff has a good faith basis to believe that Defendant's Husband infringed Plaintiff's copyrighted works as alleged.

14.     Defendant's Husband resides at the address provided to Plaintiff by Defendant's ISP in response to Plaintiff's subpoena.

15.     At his deposition, Mr. Tashiro testified that he had used BitTorrent.   *See* Deposition of N. Charles Tashiro, Exhibit B, at p. 26:6-8, 22-25; 27:1.

16.     He also testified that he was familiar with Plaintiff's website, X-Art.com prior to this lawsuit and has viewed some of Plaintiff's content.[2]   *Id.*, at p. 52:17-25; 53:1-10.

17.     Similar to his wife, a few of the categories of adult content that Mr. Tashiro prefers are of the exact type that Plaintiff produces and are the subject of this lawsuit.   *Id.*, at 54:7-9.

18.     He also admitted to viewing other adult content online.   *Id.*, at p. 46:17-25; 47:1-7.

---

[2] Mr. Tashiro first testified that he had only heard of X-Art "from after this lawsuit."   *Id.*, at p. 52:18. However, he immediately changed his answer when undersigned followed up by asking, "Prior to this lawsuit you had never heard of X-Art?"   Mr. Tashiro, contradicting his prior answer, then stated that "years ago" he had seen advertisements for X-Art, visited the website, and watched "clips that are available for free or previews that you can find."   *Id.*, at p. 52:19-25; 53:1-8.   Significantly, despite his attempt to distance himself from his familiarity with Plaintiff's website and content, Defendant was able to name the exact website on which he had viewed the purported free clips and previews of Plaintiff's works.   *Id.*, at p. 53:9-10.

19.     Further, Mr. Tashiro is Japanese.  *See* Deposition of N. Charles Tashiro, at p. 73:9-15.

20.     And, Plaintiff's Additional Evidence includes a Japanese cartoon, 年夏アニメ紹介.

21.     In light of the foregoing, Plaintiff seeks to add a claim for direct copyright infringement against Mr. N. Charles Tashiro and a claim for contributory infringement against Defendant Kelley Tashiro.

22.     It is likely that both Defendant and her Husband regularly use BitTorrent.  If, as Defendant claims, she did not directly infringe Plaintiff's works, Defendant knew or should have known that her Husband was downloading copyrighted works illegally and she knowingly allowed him to continue using their internet access to do so.

23.     There is no question that the infringement of Plaintiff's works emanated from Defendant's household.  Defendant and Defendant's Husband are playing a game of "hide the ball" with Plaintiff in an attempt to evade liability for the infringement.

24.     The interests of justice will be served by allowing Plaintiff to amend the Amended Complaint as stated.  If Defendant is attempting to cover for her husband, Plaintiff must be allowed to pursue him for the alleged infringement.

25.     Granting Plaintiff leave to amend also furthers the interests of judicial economy because if Defendant's husband is also a direct infringer, Plaintiff would otherwise be required to file a new complaint based upon the exact same facts already before this Court.

26.     Pursuant to the Case Management Order of July 10, 2013 (CM/ECF 29), the deadline to amend the pleadings was August 16, 2013.  Plaintiff did not receive Defendant's responses to Plaintiff's interrogatories and requests for production until October 20, 2013 and did

not depose Defendant and her Husband until February 25, 2014 – after the deadline for amending the pleadings.   Accordingly, Plaintiff could not have timely complied with the Court Order because it did not have sufficient information to corroborate the additional evidence listed on Exhibit C.

27.     Plaintiff has been diligent in the prosecution of this case and could not have predicted the course of the litigation and discovery.

28.     Ultimately, the proposed amendments are relatively minor and the basic nature of the allegations in the case relating to BitTorrent copyright infringement of Plaintiff's works remains the same.

29.     Granting the instant Motion will not prejudice any party.

30.     This motion is made in good faith and not for any improper purpose such as undue delay.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)     Granting Plaintiff's Motion For Leave to Amend the Amended Complaint; and

(B)     Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: April 4, 2014

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Ave., #433
Birmingham, MI 48009
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*

7