**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT INDIANA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. <u>1:13-cv-00205-WTL-MJD</u> |
| | ) | |
| v. | ) | |
| | ) | |
| KELLEY TASHIRO, and | ) | |
| N. CHARLES TASHIRO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, Malibu Media, LLC, sues Kelley Tashiro and N. Charles Tashiro, and alleges:

### Introduction

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.      Defendants are persistent online infringers of Plaintiff's copyrights.   Indeed, Defendants' IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

3.      Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.")

### Jurisdiction And Venue

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5.      The Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and

therefore this Court has personal jurisdiction over the Defendants because (a) Defendants committed the tortious conduct alleged in this Complaint in this State, and (i) Defendants reside in this State and/or (ii) Defendants have engaged in substantial and not isolated business activity in this State.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendants reside (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendants' agent resides or may be found in this District.

**Parties**

7.     Plaintiff, Malibu Media, LLC, is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

8.     Kelley Tashiro and N. Charles Tashiro are individuals residing at 3690 Chancellor Drive, Greenwood, IN 46143.

**Factual Background**

   *I.*     *Defendants Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

9.      The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie files.

10.     BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual

source computer and/or network. The methodolgy of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

11. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits amongst each other instead of attempting to distribute a much larger digital file.

12. After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

13. Each bit of a BitTorrent file is assigned a unique cryptographic hash value.

14. The cryptographic hash value of the bit ("bit hash") acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

15. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

16. Plaintiff's investigator, IPP, established a direct TCP/IP connection with Defendants' IP address as set forth on Exhibit A.

17. IPP downloaded from Defendants one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

18. Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B.

19.    IPP downloaded from Defendants one of more bits of each file has listed in Exhibit A.  IPP further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A.  IPP then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A.  At no time did IPP upload Plaintiff's copyrighted content to any other BitTorrent user.

20.    IPP downloaded from Defendants one or more bits of each digital media file as identified by its hash value on Exhibit A.  The most recent TCP/IP connection between IPP and the Defendants' IP address for each file hash listed on Exhibit A is included within the column labeled Hit Date UTC.  UTC refers to Universal Time which is utilized for air traffic control as well as computer forensic purposes.

21.    An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

22.    Discovery has confirmed that the infringement of Plaintiff's works emanated from Defendant's household.   To explain, Plaintiff's investigator logged Defendant's IP address infringing twenty-eight (28) of Plaintiff's copyrighted works between January 14, 2012 and January 16, 2013.  *See* Exhibit A.  The timespan of infringing activity eliminates the possibility that the infringer was a short-term guest or other interloper.

23.    Defendant swore that the only authorized users of her wireless internet are her and her husband.

24.    During her deposition, Defendant testified that when her internet was initially set

up, it was password protected and that she has never given the password to a neighbor or anyone else.

25. Defendant also testified that she visits adult websites.

26. A few of the categories of adult content that Defendant prefers are of the exact type that Plaintiff produces and are the subject of this lawsuit.

27. Plaintiff has additional evidence which demonstrates that the third-party work, "Songs for the End of the World" by Rick Springfield was infringed. Defendant Kelley Tashiro's Facebook and Bebo social media profiles list Rick Springfield in her favorite music. Defendant's personal webpage states "Kelley's a HUGE fan of . . . Rick Springfield." Documents produced during discovery disclosed that she purchased tickets to a Rick Springfield concert on May 24, 2012. Defendant also Tweeted "@rickspringfield" multiple times – September 23, 2011, November 4, 2011, and May 15, 2010 (twice).

28. Plaintiff's Additional Evidence has linked Defendant to BitTorrent use and thereby implicated Defendant in the infringement.

29. Plaintiff has a good faith basis to believe that Defendant's Husband also infringed Plaintiff's copyrighted works as alleged.

30. Defendant's Husband resides at the address provided to Plaintiff by Defendant's ISP in response to Plaintiff's subpoena.

31. Defendant Kelley Tashiro is the internet subscriber who provided internet access to her husband.

32. At his deposition, Mr. Tashiro testified that he had used BitTorrent.

33. He also testified that he was familiar with Plaintiff's website, X-Art.com prior to

this lawsuit and has viewed some of Plaintiff's content.[1]

34.     Similar to his wife, a few of the categories of adult content that Mr. Tashiro prefers are of the exact type that Plaintiff produces and are the subject of this lawsuit.

35.     He also admitted to viewing other adult content online.

36.     Further, Mr. Tashiro is Japanese and Plaintiff's investigator logged Defendant's IP address infringing a third party Japanese cartoon, 年 夏アニメ紹介, on January 3, 2013.

37.     Both Defendant and Defendant's Husband are implicated in the infringement and both likely regularly used BitTorrent.

### Miscellaneous

38.     All conditions precedent to bringing this action have occurred or been waived.

39.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

### COUNT I
### Direct Infringement Against Kelley Tashiro and N. Charles Tashiro

40.     The allegations contained in paragraphs 1-39 are hereby re-alleged as if fully set forth herein.

41.     Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

42.     By using BitTorrent, Defendants copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

---

[1] Mr. Tashiro first testified that he had only heard of X-Art "from after this lawsuit." However, he immediately changed his answer when undersigned followed up by asking, "Prior to this lawsuit you had never heard of X-Art?" Mr. Tashiro, contradicting his prior answer, then stated that "years ago" he had seen advertisements for X-Art, visited the website, and watched "clips that are available for free or previews that you can find." Significantly, despite his attempt to distance himself from his familiarity with Plaintiff's website and content, Defendant was able to name the exact website on which he had viewed the purported free clips and previews of Plaintiff's works.

43.     Plaintiff did not authorize, permit or consent to Defendants' distribution of its works.

44.     As a result of the foregoing, Defendants violated Plaintiff's exclusive right to:

(A)     Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

45.     Defendants' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendants and all other persons who are in active concert or participation with Defendants from continuing to infringe Plaintiff's copyrighted works;

(B)     Order that Defendants delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendants' possession, custody or control;

(C)     Order that Defendants delete and permanently remove the infringing copies of the works Defendants have on computers under Defendants' possession, custody or control;

(D)     Award Plaintiff statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)     Grant Plaintiff any other and further relief this Court deems just and proper.

**COUNT II**
**Contributory Infringement Against Kelley Tashiro**

46.     The allegations contained in paragraphs 1-39 are hereby re-alleged as if fully set forth herein.

47.     Plaintiff is the owner of the Copyrights-in-Suit, as outlined on Exhibit B, each of which covers an original work of authorship.

48.     Defendant Kelley Tashiro is the internet account holder assigned IP address 98.222.184.69 on January 16, 2013, one date on which the infringement was detected.

49.     Defendant Kelley Tashiro provided internet access to her husband.

50.     Defendant Kelley Tashiro knew or should have known that her husband, N. Charles Tashiro, was downloading copyrighted works illegally and she knowingly allowed him to continue using their internet access to do so.

51.     Plaintiff did not authorize, permit or consent to Defendant's inducing, causing, or materially contributing to the infringing conduct of her husband.

52.     Defendant's contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)    Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B)    Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(C)    Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(D)    Award Plaintiff statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E)    Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)    Grant Plaintiff any other and further relief this Court deems just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Ave., #433
Birmingham, MI 48009
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     _/s/ Paul J. Nicoletti_

# File Hashes for IP Address 98.222.184.69

**ISP:** Comcast Cable
**Physical Location:** Greenwood, IN

| Hit Date UTC | File Hash | Title |
| --- | --- | --- |
| 01/16/2013 03:04:14 | 0CE92EF780541EB7BFFD89D9ED528733B3D83B16 | Want You |
| 01/13/2013 17:47:53 | A3D2E44E922CAF5F39268A88B58B47905B81AD19 | Warm Inside |
| 01/13/2013 00:38:12 | BA23078533CCBE4BCF265D99A9E6DE3420120683 | One Night Stand |
| 01/13/2013 00:36:10 | F7F3D256F23771D0AF985F28EB99B14553ED4960 | Farewell |
| 01/13/2013 00:21:13 | 1A7FE45AE2A0134A89C86BF3217DD14416BAB13A | Yoga in the Sky |
| 12/29/2012 04:42:50 | F36AC8C992E233BF0F5FE5860CB8757BC91074B8 | Together Again |
| 12/24/2012 03:36:06 | 227835892F01B19339F1599D5EEC92D2CA969779 | A Girls Fantasy |
| 12/09/2012 21:30:29 | 41EC762EA3071C2E54E80F7FA4B4B4412E50E1BD | Then They Were Three |
| 11/01/2012 02:36:34 | 780DF38C30647D65D3723D782F02A9BD70ADE51B | Starting Over |
| 10/23/2012 23:35:51 | FD81A065799EBC23DAF22C8D3E3CD35DFA2E2268 | A Day to Remember |
| 10/17/2012 23:00:23 | BCACC3C596F61D418DCFD40F511DF324A5C658C5 | Daydream |
| 09/24/2012 23:33:42 | D4910A575283A5F7686A90F4DEF9B48E85D33E71 | Three for the Show |
| 09/21/2012 02:23:22 | 34AA020D4C78AD23E1A741888887DBB6061C87DB | Underwater Lover |
| 09/07/2012 21:47:45 | 00E5D4B576D02733BB1E8233FD9F67F3A2B48583 | House of the Rising Sun |
| 09/01/2012 19:43:55 | 1814B177454C751B49FA72FB1B790D4F638B84D8 | Side by Side |
| 08/15/2012 01:37:57 | 1C04978A2E1C92AF54502D9CB1C7A9287C0E8CFD | Coucher Avec une Autre Fille |
| 07/30/2012 19:06:18 | D598B4179311BC3A783D70C85158FD044D96D003 | Transcendence |
| 06/26/2012 00:22:41 | DE41AABB792C7386CC050F45B3A8575EAC514155 | Foot Fetish |
| 06/24/2012 16:14:05 | C3043E805840C8E4064912551FA173BA6E58C3F5 | Stay With Me |
| 06/08/2012 14:02:57 | 7376B16D5E78C06B5C6A1C06B7953E57081BEBDE | Lovers in Paradise |
| 06/08/2012 13:28:04 | BDA2C6D3A377FDBAEB81B7E663DD8D0D6A0E10AC | Constance Aaron X-Art on TV |
| 06/05/2012 05:46:13 | EA1E6AE4D6A32559A46D2005846FD8C3120A6A21 | LA Love |

EXHIBIT A

| Hit Date UTC | File Hash | Title |
|---|---|---|
| 06/03/2012 12:59:43 | 21629FC4676869D8336961DB2AE8F2EC14770F19 | Sneak N Peek |
| 05/14/2012 22:10:33 | 305261E178F1D06CC77BB429C957E8355939307D | Silver Bullets |
| 05/09/2012 23:46:20 | ECC49510C0B61C4F92EFCB62AD1A48994B8A88CF | Pretty Back Door Baby |
| 03/06/2012 00:25:02 | 199359CF876F2084E348C466D85746AEEF4E2CB6 | Blonde Ambition |
| 02/04/2012 01:02:19 | A2B241910AF054A2952F534471357539F786F52A | Leila Last Night |
| 01/14/2012 13:02:06 | 912C4BAEC89411BF65A968562AC8B7E7B3F1E9CB | Anneli Leila Menage A Trois |

**Total Statutory Claims Against Defendant: 28**

EXHIBIT A

## Copyrights-In-Suit for IP Address 98.222.184.69

**ISP:** Comcast Cable
**Location:** Greenwood, IN

| Title | Registration Number | Date of First Publication | Registration Date | Most Recent Hit UTC |
|---|---|---|---|---|
| A Day to Remember | PA0001811850 | 10/22/2012 | 10/26/2012 | 10/23/2012 |
| A Girls Fantasy | PA0001819294 | 12/23/2012 | 01/01/2013 | 12/24/2012 |
| Anneli Leila Menage A Trois | PA0001771662 | 01/13/2012 | 01/17/2012 | 01/14/2012 |
| Blonde Ambition | PA0001779796 | 03/05/2012 | 03/06/2012 | 03/06/2012 |
| Constance Aaron X-Art on TV | PA0001771707 | 12/02/2011 | 01/17/2012 | 06/08/2012 |
| Coucher Avec une Autre Fille | PA0001801715 | 08/13/2012 | 08/14/2012 | 08/15/2012 |
| Daydream | PA0001810455 | 10/15/2012 | 10/15/2012 | 10/17/2012 |
| Farewell | PA0001800473 | 08/03/2012 | 08/07/2012 | 01/13/2013 |
| Foot Fetish | PA0001793970 | 06/20/2012 | 06/21/2012 | 06/26/2012 |
| House of the Rising Sun | PA0001806475 | 09/07/2012 | 09/19/2012 | 09/07/2012 |
| LA Love | PA0001790458 | 03/22/2010 | 05/23/2012 | 06/05/2012 |
| Leila Last Night | PA0001775906 | 02/01/2012 | 02/17/2012 | 02/04/2012 |
| Lovers in Paradise | PA0001780463 | 12/30/2011 | 03/10/2012 | 06/08/2012 |
| One Night Stand | PA0001794973 | 05/02/2012 | 05/02/2012 | 01/13/2013 |
| Pretty Back Door Baby | PA0001789427 | 05/08/2012 | 05/10/2012 | 05/09/2012 |
| Side by Side | PA0001805261 | 09/03/2012 | 09/19/2012 | 09/01/2012 |
| Silver Bullets | PA0001790373 | 05/13/2012 | 05/16/2012 | 05/14/2012 |
| Sneak N Peek | PA0001791522 | 06/01/2012 | 06/01/2012 | 06/03/2012 |
| Starting Over | PA0001803663 | 08/27/2012 | 09/10/2012 | 11/01/2012 |
| Stay With Me | PA0001780465 | 10/28/2011 | 03/10/2012 | 06/24/2012 |
| Then They Were Three | PA0001817761 | 12/09/2012 | 12/16/2012 | 12/09/2012 |

EXHIBIT B

| Title | Registration Number | Date of First Publication | Registration Date | Most Recent Hit UTC |
|-------|--------------------|--------------------------|-------------------|---------------------|
| Three for the Show | PA0001808630 | 09/24/2012 | 09/28/2012 | 09/24/2012 |
| Together Again | PA0001819288 | 12/28/2012 | 01/01/2013 | 12/29/2012 |
| Transcendence | PA0001799577 | 07/30/2012 | 07/31/2012 | 07/30/2012 |
| Underwater Lover | PA0001806474 | 09/17/2012 | 09/20/2012 | 09/21/2012 |
| Want You | PENDING | 01/15/2013 | 01/27/2013 | 01/16/2013 |
| Warm Inside | PA0001820856 | 01/11/2013 | 01/20/2013 | 01/13/2013 |
| Yoga in the Sky | PA0001794715 | 06/27/2012 | 06/29/2012 | 01/13/2013 |

**Total Malibu Media, LLC Copyrights Infringed:  28**

EXHIBIT B