UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KELLEY TASHIRO, )<br>)<br>Defendant. )<br>_____ ) | Civil Case No. 1:13-cv-00205-WTL-MJD |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING COMCAST TO COMPLY WITH A THIRD PARTY SUBPOENA**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for entry of an order authorizing Comcast to comply with Plaintiff's third party subpoena, and states:

1. Plaintiff established a direct TCP/IP connection with a computer using Defendant's IP Address.

2. In response to a subpoena requesting that Comcast Cable Communications ("Comcast" or the "ISP") identify the subscriber of IP address 98.222.184.69 on January 16, 2013, Comcast identified Defendant Kelley Tashiro as the applicable subscriber.

3. Plaintiff intends to serve a Subpoena *Duces Tecum* for Deposition (the "Subpoena") on Comcast.

4. The scope of the Subpoena will be limited to documents and Fed.R.Civ.P. 30(b)(6) deposition topics that refer or relate to:

   (a) Plaintiff's ability to lay the foundation for the introduction of the correlation of IP Address to subscriber for purposes of use at trial (i.e., laying the foundation that the correlating documents produced by the ISPs are business records);

   (b) Information about the reliability of the ISP's correlating technique;

1

    (c)    DMCA notices and if applicable six strike notices sent to the Defendant;

    (d)    Defendant's Bandwidth usage;

    (e)    The number of Comcast internet subscribers in Indiana in January 2013;

    (f)    The ratio of IP addresses to internet subscribers as of January 2013.

5.    Each of the above categories of documents and Fed.R.Civ.P. 30(b)(6) deposition topics is highly relevant.  Indeed, if Plaintiff cannot introduce the correlating evidence into trial then Plaintiff will lose this case.  It is quite simply outcome dispositive.  The reliability of the ISP's correlating techniques is also highly relevant.  In a previous deposition, Comcast's 30(b)(6) witness testified that Comcast was "absolutely certain" that its correlation was accurate; this virtually eliminates any argument that there was a misidentification at the ISP correlation level.  DMCA notices and six strike notices are relevant because these notices may prove a pattern of infringement or notice that infringement is occurring or both.  Bandwidth usage is relevant because people who are heavy BitTorrent users use significantly more bandwidth than normal internet users.  Finally, information about the number of internet subscribers and ratio of IP addresses to subscribers is relevant to any defense which may be asserted by Defendant claiming that the IP address was not assigned to Defendant at all relevant times.

6.    A deposition is needed: (a) so that Plaintiff can avoid surprises at trial and properly prepare for trial; and (b) because if the ISP ignores a trial subpoena Plaintiff needs to be able to read the ISP's deposition into evidence.  Also, Plaintiff intends to seek Defendant's stipulation to reading the deposition into evidence at trial so as to avoid the necessity of having the ISP appear as witness.  Alternatively, if Comcast does not appear in response to a subpoena at trial, Plaintiff can read the deposition into evidence.

7. Pursuant to the Cable Act, 47 U.S.C. § 551(c), a court order authorizing the ISP to comply with the subpoena is necessary.

WHEREFORE, Plaintiff respectfully requests the Court enter an order authorizing the ISP to comply with the subpoena *duces tecum* for deposition. A proposed order is attached for the Court's convenience.

Dated: May 20, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*