UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHRIO and N. CHARLES TASHIRO<br><br>Defendants. | Civil Action No. 1:13-cv-00205-WTL-MJD |

**KELLEY TASHRIO'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES, the Defendant, KELLEY TASHRIO, by her attorneys, Shay Kepple Phillips, Ltd., through Jonathan LA Phillips. In response to the numbered paragraphs and sentences of the Second Amended Complaint, Kelley Tashrio admits, denies, or otherwise responds as follows:

Response to Allegations

1. Kelley Tashrio admits that Plaintiff purports to bring its claims under the Copyright Act of 1976, as amended, denies all other allegations as being legal conclusions, requiring no response, but specifically denying any violation of the Copyright Act of 1976.

2. Kelley Tashrio denies that she is a "persistent online infringer" of Plaintiff's copyrights. Kelley Tashrio is without sufficient information to admit or deny the remainder of the allegations of ¶2 of the Amended Complaint, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

3. Denied. Kelley Tashrio hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof. By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.

4. Kelley Tashrio admits that the claims alleged fall within the jurisdiction of this Court.  By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.

5. Denied.  Kelley Tashrio hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof.  By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

6. Denied.  Kelley Tashrio hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof.  By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.

7. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

8. Admit.

9. Kelley Tashrio is without sufficient information to admit or deny the remainder of the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

10. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore, denies the same and demanding strict proof thereof.  In the way of further answer, allegations contained within this paragraph regarding to DMCA notices and regulatory enforcement actions are denied as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure.

11. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

12. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

13. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

14. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

15. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

16. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.  Kelley Tashiro does deny that any company by the name of IPP performed any investigation, and specifically notes that various aliases of IPP INT UG have been improperly utilized throughout these proceedings.  By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.  As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

17. Denied.  As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

18. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

19. Denied.  As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

20. Denied as to the allegations of downloading "bits."  As to the remainder of the allegations, Kelley Tashrio is without sufficient information to admit or deny those allegations, therefore denying the same, and demanding strict proof thereof.  As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

21. Kelley Tashiro admits that Exhibit B exists, but is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.

22. Kelley Tashrio denies having distributed any digital media files and specifically denies the misleading characterization that the "infringement . . . emanated from Defendant's household" as a gross misunderstanding of the mechanics of wireless router technology. Kelley Tashrio is without sufficient information to admit or deny the remainder of the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

23. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by Kelley Tashiro. Insofar as it suggests "her," Kelley Tashiro will conditionally answer that as stated, this paragraph is admitted.

24. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by Kelley Tashiro. Insofar as it suggests "her," Kelley Tashiro admits she believed the internet was "password protected," but was not certain. Kelley Tashiro denies all other allegations.

25. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by Kelley Tashiro. Insofar as it suggests "her," Deny. Insofar as this allegation suggests testimony was taken, the same is denied.

26. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by Kelley Tashiro.

27. Kelley Tashrio admits she is a Rick Springfield fan, that may have written about him on her social media sites. Kelley Tashrio denises having a "personal webpage" that utilizes her name in the third-person, and is without sufficient information to admit or deny that allegation and the remainder of the allegations in this paragraph, therefore denying the same, and demanding strict proof thereof.

28. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.

29. Denied.

30. Admit.

31. Denied. Kelley Tashiro admits her name was on the internet account, but the service was shared in the household and "she did not provide[] internet access to her husband," the service was to the home, for the use of those in the home.

32. Admit.

33. Insofar as this allegation suggests testimony was taken, the same is denied. Further, deny any conclusions drawn in note one to this paragraph.

34. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

35. Admit.

36. Kelley Tashiro admits her husband is of Japanese ancestry, having lived in the United States since he was a small child. Kelley Tashrio is without sufficient information to admit or deny the remainder of the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof, while noting that it is quite inappropriate and racist, to suggest that one's ancestry necessarily dictates the type of content consumed by the individual.

37. Deny.

38. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

39. Kelley Tashiro admits that Plaintiff appears to have retained lawyers throughout the country including Mr. Nicoletti and Mr. Lipscomb in Florida. Upon information and belief, Kelley Tashiro denies that Plaintiff is necessarily obligated to pay a reasonable fee for the service, or that fees assessed thus far in the proceedings are reasonable.

Count I

40. Kelley Tashiro hereby restates, and realleges as if set forth herein, the answers to the allegations of ¶¶1-39.

41. Denied. Kelley Tashrio hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof. By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.

42. Deny. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

43. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

44. The allegations of this paragraph is denied as consisting of legal conclusions to which no response is necessary. Insofar as answer is required, Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

45. The allegations of this paragraph are denied as consisting of legal conclusions to which no response is necessary. Insofar as answer is required, Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

Count II

46. Kelley Tashiro hereby restates, and realleges as if set forth herein, the answers to the allegations of ¶¶1-39.

47. Denied. Kelley Tashrio hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof. By the way of further answer, Kelley Tashrio is not liable for any type of copyright infringement.

48. Denied.  Kelley Tashiro admits her name was on the internet account, but the service was shared in the household.

49. Denied.  Kelley Tashiro admits her name was on the internet account, but the service was shared in the household and "she did not provide[] internet access to her husband," the service was to the home, for the use of those in the home.

50. Denied.

51. Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

52. The allegations of this paragraph is denied as consisting of legal conclusions to which no response is necessary.  Insofar as answer is required, Kelley Tashrio is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

## Affirmative Defenses

### First Affirmative Defense – Declaratory Judgment

53. Malibu incorrectly alleges that Kelley Tashrio willfully infringed its exclusive rights under all sections of the Copyright Act alleged.

54. Defendant has neither infringed the copyrights of Malibu nor violated any exclusive rights held by Malibu under the Copyright Act.  Defendant neither currently nor ever owned a computer with a BitTorrent Client installed on it as it is alleged by Plaintiff in the Complaint.  Thus, the Kelley Tashrio denies the allegations of copyright infringement raised by Plaintiff.

### Second Affirmative Defense - Fed. R. Civ. P. 12(b)(6)

55. Kelley Tashrio argues that Plaintiff has failed to state a sufficient factual basis to sustain the cause of action it asserts, and therefore, requests dismissal of Malibu's Complaint.

56. Further, Malibu is unable to demonstrate that Kelley Tashrio committed a volitional act of infringement, and accordingly, Malibu is wrongfully sustaining this action against Kelley Tashrio.

57. Malibu is unable to prove that Kelley Tashrio's alleged activities even constituted an act of infringement in that it cannot be demonstrated based upon the Complaint and Exhibits that Kelley Tashrio made a complete copy of any works Malibu allegedly holds rights in.

Third Defense – Failure to Mitigate Damages

58. Upon information and belief, *if* Malibu or its agents are not the initial seeders, Malibu's materials are placed on BitTorrent within hours of release on the Malibu website.

59. Malibu has failed to undertake any reasonable efforts to prevent such actions.

60. Malibu has failed to attempt to identify and bring suit against initial seeders.

61. Malibu has made no attempt to mitigate any actual or perceived damages, which Kelley Tashrio expressly denies. Accordingly, Kelley Tashrio requests the dismissal of the Complaint for Malibu's failure to take any steps to mitigate its damages.

Fourth Defense – De Minimis Non Curat Lex

62. Kelley Tashrio asserts that the claim for infringement is barred by the doctrine of de minimis non currant lex (the law cares not for trifle) or de minimis use.

63. Any allegation of infringing activity via Kelley Tashrio's internet connection was a snapshot, a moment, a single bit of unusable data, and Malibu lacks evidence as to the extent and duration of the alleged infringing activity and whether or not it was proximately or indirectly caused or contributed to by Kelley Tashrio.

Fifth Defense – Innocent Infringement

64. Notwithstanding all denials and other defenses, and without admitting any conduct alleged, even if Kelley Tashrio is found to have infringed the alleged copyrighted material, Kelley Tashrio requests that this Court waive or eliminate damages because Kelley Tashrio is an innocent infringer under the law as her accessing of any content would not have been willful and, instead, would have been in good-faith.

Sixth Defense – Barring of Statutory Damages and Attorney's Fees

65. Malibu's claim for statutory damages is in violation of the United State's Constitution. Among other rights, the fifth amendment provides a right to due process. The United States Supreme Court has held that due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. *See, State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003). An award of statutory damage at four times actual damages "might be close to the line of constitutional impropriety." *Id.* Further, upon information and belief, if all of Malibu's settlements for infringement for participation in the swarms alleged were added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

66. Upon information and belief, the dates of first publication for several of the films were prior to registration by 90 days, and infringement occurred prior to registration, thus barring an award of statutory damages.

67. Pursuant to the above applicable law, and other law, regarding whether statutory damages are constitutional and to what extent, Malibu's recovery, if any, must necessarily have some reasonable relationship to its alleged actual damages caused by the alleged infringement.

Seventh Defense – Failure to Join an Indispensable Party

68. Kelley Tashrio asserts that the affirmative defense of failure to join an indispensible party. Kelley Tashrio did not engage in any of the downloading and/or infringement alleged by Malibu. Malibu has failed to include individual(s) who actually may have engaged in the activity in the swarms alleged. These persons, if they even exist, are indispensible parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Because of, and for, this failure, Malibu's Complaint should be dismissed with prejudice.

Eighth Defense- Unclean Hands

69. Malibu's claims are barred by the doctrine of unclean hands.

Ninth Defense – Re: Injunctive Relief

70. Malibu is not entitled to injunctive relief, because any alleged injury to it is not immediate or irreparable.

Tenth Defense – License, Consent, & Acquiescence

71. Even if Kelley Tashrio were to have participated in the swarm, which she did not, Malibu's claims are barred by its implied license, consent, and acquiescence to Kelley Tashrio, because it authorized use via BitTorrent.

WHEREFORE, Defendant respectfully requests that this Court:

A. Enter judgment in favor of the Defendant, and against the Plaintiff, denying Plaintiff's requested relief and dismissing the Plaintiff's Complaint, with prejudice;

B. That this Court award reasonable attorney's fees as authorized by statute – as part of costs, as well as costs of this action to the Defendant, to have and recover from the Plaintiff; and

C. That this Court provide any other relief it deems just, proper, and equitable in this instance.

Dated: June 9, 2014

Respectfully submitted,
KELLEY TASHRIO,

/s/ Jonathan LA Phillips
Jonathan LA Phillips
*Attorney for Defendant*
Shay Kepple Phillips, Ltd
456 Fulton St.
Ste. 255
Peoria, Illinois 61602
309.494.6155 (p)
309.494.6156 (f)
jphillips@skplawyers.com

**CERTIFICATE OF SERVICE**

I certify that on June 9, 2013 a copy of the foregoing Answer & Affirmative Defenses was emailed, to the address disclosed on the pleadings to the following:

Paul J. Nicoletti
33717 Woodward Ave., #433
Birmingham, MI 48304
*Attorneys for Plaintiff*

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Kepple Phillips, Ltd
456 Fulton St.
Ste. 255
Peoria, Illinois 61602
309.494.6155 (p)
309.494.6156 (f)
jphillips@skplawyers.com