### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO,<br><br>Defendants. | Civil Action No. 1:13-cv-00205-WTL-MJD |

### DEFENDANT'S FOURTH SUPPLEMENT TO
### ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES, a Defendant, KELLEY TASHIRO, ("Tashiro") by and through his attorneys, SHAY KEPPLE PHILLIPS, LTD., who provides the following Fourth Supplement to Answers to Plaintiff's First Set of Interrogatories.

<u>General Objections</u>

1. Tashiro objects to the Definitions and Instructions insofar as they purport to impose discovery obligations that differ from or exceed those imposed by the Federal Rules of Civil Procedure.

2. Tashiro objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

3. Tashiro objects to the Interrogatories to the extent that they are meant for the purposes of harassment.

4. Tashiro Answers each of the Interrogatories based upon information available as of the date hereof and reserves the right to seasonably supplement and amend her response.

5. Tashiro objects to the extent that the numbering of the Interrogatories has combined distinctly separate questions into one, and thusly, the number of Interrogatories exceeds those allowable under the Federal Rules of Civil Procedure.

<u>Answers</u>

1. State the full name, address and position relative to the Defendant of the person(s) answering these

# EXHIBIT B

Interrogatories and for each such person state what that person contributed.

**Answer:**

**Kelley Lyn Tashiro 3690 Chancellor Drive Greenwood, IN 46143-7223.  Defendant.  Entirety of Answers.**

2.  Describe in detail your educational background, where you went to high school, college (if you attended), your major and your work history, and in chronological fashion identify each of your former employers and your present employers, state how long you worked at each such employer, and summarize your job duties for each such employer. For the avoidance of doubt, if at any time you were self-employed, the sole proprietorship, partnership or legal entity through which you were self-employed qualifies as an employer within the meaning of this interrogatory.

**Objection.  Insofar as this interrogatory contains two separate interrogatories, they should be separately designated and numbered.  Without waiving the same,**

**Answer: Columbus North (IN) High School: Graduated 1985 University of Evansville (IN): 1985-1986 IUPUI Columbus (IN): 1986-1987 University of Indianapolis: 1995-1998 ASN (Associates Degree, Registered Nurse) Columbus Regional Hospital 1998-2001 Methodist Hospital 2001-2009 Community Hospital 2009-present Job duties for all the above include unit charge nurse duties (staff assignments, staffing, and patient placement), total patient care, and training new nursing staff members. Most recently I am working a specialized clinic for heart failure patients that include triaging patient problems, educating patients about heart failure, and working with ventricular assist devices (LVAD's such as Heartmate II).**

3.  Explain in detail your exposure to Computer Devices in school, college, work and at home, include within your answer any courses or classes you have taken to learn how to use Computer Devices and/or the software that enables the Computer Devices to work, list all of the programs that you know how to use, and state when you learned how to use each such program.

**Objection.  An explanation in detail to all computer devices as well as all classes regarding the same in today's world is unduly burdensome and broad.  Exposure to computing devices and countless programs in work and education is so permeating at this day and age that such a question can only serve as a means**

to harass.  Additionally, for the same reasons, this Interrogatory is more appropriately addressed in a deposition setting than a written Interrogatory.  Without waiving the same,

Answer: Basic word processing (MS Word), Computer programs related to work for patient charting such as EPIC.

4.  Identify by brand, trademark, model number, version and by any other relevant form of identifier each of the Computer Devices used in your home during the preceding two years and for each such Computer Device, state when it was purchased, from where it was purchased, who is authorized to use the Computer Device, who has been authorized to use the Computer Device, the times during which each such person was authorized to use the Computer Device, and identify the person who primarily uses the Computer Device.

Answer:

OBJECTION.[1]  The word "use" is vague and undefined.  Malibu has failed to indicate whether "use" of an external hard-drive, arguably a "computer device" is used merely by storing data or only when being interacted with – that is saving new files, deleting files, and so on.  Without waiving the same, and in a good-faith effort to provide as much information as possible to opposing counsel, Tashiro is responding with the understanding that "use" can mean the mere storage of information on a hard-drive (its intended purpose) or interacting as noted above.  In the spirit of cooperation, if Malibu wished to clarify what is meant by use, a more responsive answer may be provided.

Dell Inspiron: 1545 (laptop) 2009-present - Primary use;

iPad Four: 2012-present;

Sony Vaio: (desktop, HD only) 2004-present;

Wireless Modem/Router was obtained through Comcast Cable Co;

Hard Drive of a Mr. Ed Stover (deceased as of 2005).

---

[1] These answers were supplemented upon the apparent misunderstanding of Attorney Nicoletti as demonstrated in his email of January 16, 2014 at 5:24 PM (EST), wherein he unilaterally demanded clarification in less than twenty-four hours, the majority of which were non-business hours.

**All devices are "used" by Kelley Tashiro, and her husband, Charles Tashiro – having the same contact information.**

**SUPPLEMENT: Kelly Tashiro only recently became aware of an additional external harddrive contained within the household.  Kelly Tashiro was unaware of the drive's existence previously, but through continued and dutiful investigation has learned that a Western Digital External HD with the identifying information sought visible in the picture below:**



**Kelley Tashiro was not the primary user of this "computer device;" Charles Tashiro was.**

5.  Identify each wireless router or modem used in your home during the preceding two years and for each such device state the duration during which it was password protected. If you have changed the password for a wireless router or modem during the last two years, state when you changed the password and explain why you changed the password.

**Objection.  This Interrogatory is compound, consisting of two distinct questions.  Without waiving the same,**

**Answer: LinkSys WRT54GS Password changed to 128-bit encryption (from no encryption) in June 2013 because of court inquiry.**

6.  For each Computer Device, wireless router and modem identified above, identify the person that installed it, connected it, or otherwise set it up, and each person that has moved, modified or otherwise controlled it.

**Objection:  The words "otherwise controlled" are vague and without further definition are not intelligible and no response can be provided.  Without waiving the same,**

**Answer:  As to Computer Devices, see Answer to Interrogatory Four, as set up from Factory for iPad and Dell Inspiron laptop.  As to the cable modem & router, the same was installed as part of Comcast Cable's package. Insofar as others, including neighbors – possibly, innumerable strangers, countless guests, and others in my household made use of Computing Devices, the modem, and the wireless router, they have "controlled."  Any modifications were from typical use or changing of password as indicated in the Answer to Interrogatory 5.  As to the Sony Viao hard drive, this was removed from a factory set up computer.  As to the Stover hard drive, the information is unknown.**

7.  Describe your house, apartment, or dwelling in detail, including its configuration, the number of floors, and its size or approximate size in square feet, and identify the location inside your house, apartment, or dwelling that each of your Computer Device(s), wireless router(s) or modem(s) is located. For purposes of this response, kindly create a diagram similar to the one that follows but which more accurately reflects the shape of your house, apartment or dwelling:

**Objection:  Insofar as the Interrogatory requires the production of a document, the same is appropriate for a Request for Production, not an Interrogatory.  Without waiving the same,**

**Answer:**

**See attached Exhibit A.**

8.   Identify each person who you provided with access to your wireless router(s) or modem(s) during the last two years, and state the duration during which each such person had access to your wireless router(s) or modem(s).

**Objection.  Insofar as the definition of "provided" is not clear, and it is unknown if providing is meant to be purposeful, or merely having unsecured internet, the interrogatory is unduly vague.  Assuming it is the latter, this Interrogatory has been asked and answered to the best of Tashiro's ability.  Without waiving the same,**

**Answer:**

**See Answers to Interrogatory Six.  The only specific persons I can name at this time with certainty are myself and my husband, at my address.  Investigation continues.**

9.   For each person identified above, state his or her age or approximate age, describe his or her relationship to you, and state whether or not he or she used a password to connect to your wireless router or modem.

**Answer:**

**As to myself, I am 46 years of age.  For further details, see above.  As to my husband, he is 48 years of age. His access was the same as mine.**

10.   Identify each person who was at your home on January 14, 2012, February 4, 2012, March 6, 2012, May 9, 2012, May 14, 2012, June 3, 2012, June 5, 2012, June 8, 2012 June 24, 2012, June 26, 2012, July 30, 2012, August 15, 2012, September 1, 2012, September 7, 2012, September 21, 2012, September 24, 2012, October 17, 2012, October 23, 2012, November 1, 2012, December 9, 2012, December 24, 2012, December 29, 2012, January 13, 2013, and January 16, 2013 (the "Subject Days"), and state whether each such person had access to your Computer Device(s), wireless router(s) or modem(s).

(a) If no one was home on the Subject Days, identify: (i) the Computer Devices that were on or running on each of the Subject Days, and (ii) when were you last home prior to each of the Subject Days.

**Objection.  Insofar as this interrogatory contains three separate interrogatories, they should be separately designated and numbered.  Additional objection in that Plaintiff apparently knows the exact time of alleged infringement, yet asks about an entire days worth of time, which is irrelevant and not reasonably calculated to lead to relevant evidence.  Without waiving the same,**

**Answer:**

**Router/Modem is always active.  It is likely that the Dell Inspiron was on and active.  Given the power saving features of iOS products, the iPad was likely not active, unless in use – for time periods over a year ago, use at these times is unknown.  It is further noted that iOS devices are <u>not</u> able to make use of torrent protocols.  As to who was home on any given date, most of which were well over a year ago, the same is currently unknown.  Investigation continues.**

11. Identify any communication you have received from your ISP in the last two years including any changes regarding the terms of your contract or agreement, and any notices you have received, including but not limited to notices of copyright infringement.

**Answer:**

**Yearly updates to service from Comcast.  No other communications other than billings.**

12. For each of the Computer Devices identified in your response to Interrogatory No. 4, identify by brand, trademark, model number, version and any other form of identifier each of the video or audio players and other programs which enable you to view videos, TV, DVDs, movies, or listen to music, and in your answer identify which of those players or programs were operational on January 14, 2012, February 4, 2012, March 6, 2012, May 9, 2012, May 14, 2012, June 3, 2012, June 5, 2012, June 8, 2012, June 24, 2012, June 26, 2012, July 30, 2012, August 15, 2012, September 1, 2012, September 7, 2012, September 21, 2012, September 24, 2012, October 17, 2012, October 23, 2012, November 1, 2012, December 9, 2012, December 24, 2012, December 29, 2012, January 13, 2013, and January 16, 2013.

**Answer:        See Answer to Interrogatory Ten.  The Dell Inspiron computer has iTunes, RealPlayer and Windows Media Player installed.  Investigation continues on further information requested.**

13. When, how and where did you first learn about BitTorrent, who was with you when you first learned about BitTorrent.

**Answer:  Outside of this lawsuit, I have no knowledge of BitTorrent.**

14. Identify each person, including yourself, if applicable, whom you know, at any time in the past, has used BitTorrent or any other type of peer-to-peer file sharing program.

**Objection as to a request to information from as long ago as the operating of Napster in 1999 being irrelevant, overly broad, and unduly burdensome.  Without waiving the same,**

**Answer:**

**See Answer to Interrogatory 14.**

15. Identify each BitTorrent Client, in other words software program that enables the BitTorrent protocol to work, which is or has ever been installed on one of the Computer Devices in your home.

**Answer:**

**None to my knowledge.  See Answer to Interrogatory 14.**

16. Identify each BitTorrent file that you have downloaded, and each BitTorrent website that you have visited.

**Answer:**

**None to my knowledge, other than those BitTorrent websites possibly and inadvertantly visited when researching the action brought against me.  See Answer to Interrogatory 14.**

17. For each of your Computer Devices, identify each program used to encrypt, destroy, erase, delete, or wipe out files or data from said Computer Device; and any program used to mask, switch or hide your IP address or email address.

**Answer:**

**None to my knowledge.  I do utilize Standard MS Windows Vista applications for maintenance.**

18. Identify each website, blog or message board, which you have visited, or to which you have subscribed, posted or hosted, which refers to, relates to, or discusses, internet piracy, BitTorrent, file sharing, or which provides information to people regarding suits which allege that people have committed on-line

copyright infringement.

**Objection:  In so far as any private messages may have been sent by a licensed attorney, on or through**

**such site, to Tashiro, such a communication would be subject to privilege.  Further, insofar as this**

**information is neither relevant, nor likely to lead to relevant information, it is objected to.  Without waiving**

**the same,**

**Answer: www.dietrolldie.com, www.lawyerspeoria.com.  Investigation continues.**

19.  Explain in detail what you posted on each website, blog or message board identified above and any

information that you learned from said website, blog or message board.

**Objection: Insofar as this interrogatory contains two separate interrogatories, they should be separately**

**designated and numbered.  Without waiving the same,**

**Answer:**

**I posted nothing on such websites.**

20.  Which Internet browsers do you use and have you searched for X-Art, Malibu Media, or torrent files?

**Answer:**

**I have used Internet Explorer and Firefox.  I have never searched for such files, and the only time that any**

**such indication of any activity regarding the same could occur would be due to my research since I have**

**been sued.**

21.  Have you ever knowingly downloaded a song, movie, game, software program or computer file from a file

sharing service? For purposes of your answer "file sharing service" should be interpreted to mean any

peer-to-peer, streaming, one click, storage locker or other type of service that provides content for free

or for a monthly subscription. Examples of these types of services include but are limited to Napster,

Limewire, BitTorrent, MegaUpload, Piratebay, Utorrent, Extratorrent and Grokster.

**Objection as to the definition of "file sharing service," which inaccurately portrays different resources as**

**services rather than indicating that all BitTorrent clients operate one way.  Further objection in that the**

**definition names technologies primarily associated with pirated works, but that could also include services**

such as Youtube.com, Spotify, Pandora, and others, including embedded web-players on a variety of websites.  E.g. youtube.com, cnn.com, msnbc.com, NPR.com, and even the Court of Appeals for the Seventh Circuit, www.ca7.uscourts.gov.  Accordingly, listing such uses would be unduly burdensome. Without waiving the same,

Answer:

I have not downloaded, streamed, or otherwise participated in any download, transfer, or upload of material that I was not authorized to do so.  However I have used legitimate downloading, streaming, and other methods of consumption of media that I have authorization to do so.  E.g. HULU, Youtube, Pandora, & iTunes.  In the way of further answer, I am aware that many files that are illicitly shared on many sites contain viruses or have identifiers on them that say they are not copyrighted, when they actually are.

22.  Have you or anyone who has had access to a wireless router(s) or modem(s) in your home visited an adult website within the last two years?

Objection:  Plaintiff has exceeded its given twenty-five requests as several of the interrogatories were compound and consisted of more than one Interrogatory.  Further objection in that, such a request consists of a matter of a highly personal nature.  Courts have recognized the right to proceed anonymously in such circumstances.  *See, Malibu Media, LLC v. Reynolds,* No. 12 C 6672, (ECF Doc. 51, at 11) (N.D. Ill Mar. 7, 2013*).*

23.  Have you ever watched x-rated, adult or pornographic movies or live feeds (collectively, "adult content")? If so, when approximately was the last time you watched adult content, how often do you watch adult content, which studios do you prefer, and what type of movies do you prefer?

Objection:  See Objection to Interrogatory 22.  Further object that the sub-parts of the Interrogatory seeking how often and tastes is purely for the purposes of harassment of Tashiro and is not relevant to the case at hand.  While knowledge as to whether or not such films are watched *may* be relevant, the types are completely irrelevant and not likely to lead to relevant information.  Without waiving the same,  Yes.

24.  How and from where do you procure adult content to watch? Have you ever subscribed to an internet

company distributing adult content?

**Objection:  See Objection to Interrogatory 22.  Further object that this Interrogatory is actually two separate interrogatories.  Further objection as to the vague definition of internet company.  Without waiving the same, Tashiro states: HBO, Cinemax, Youporn.com; No.**

25.  Is there anyone in your personal or professional life who you do not want to know that you watch adult content? If so, explain who and why?

**Objection:  See Objection to Interrogatory 22.  Without waiving the same, No.**

Dated:  October 17, 2013

Supplemented: December 31, 2013          Respectfully submitted,

Supplemented: January 16, 2014           As to Objections,

Supplemented: January 19, 2014           /s/ Jonathan LA Phillips
                                          Jonathan LA Phillips
Supplemented: May 31, 2014                *Attorney, pro hac vice, for Defendant Tashiro*
                                          Shay Kepple Phillips, Ltd
                                          456 Fulton St.
                                          Ste. 255
                                          Peoria, Illinos 61602
                                          309.494.6155 (p)
                                          309.494.6156 (f)
                                          jphillips@skplawyers.com

                                          As to Answers,

                                          /s/Kelly Tashiro
                                          Kelley Tashiro

## CERTIFICATE OF SERVICE

I certify that on January 19, 2014 a copy of the foregoing Defendant's Second Supplement to Answers to Plaintiff's First Set of Interrogatories was provided, as follows:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
36880 Woodward Ave.
Suite 100
Bloomfield Hills, MI 48304
*Attorneys for Plaintiffs*
*Email*

/s/ Jonathan LA Phillips
Jonathan LA Phillips
*Attorney for Defendant Tashiro*
Shay Kepple Phillips, Ltd
456 Fulton St.
Ste. 255
Peoria, Illinos 61602
309.494.6155 (p)
309.494.6156 (f)
jphillips@skplawyers.com