

**Paul Nicoletti <pauljnicoletti@gmail.com>**

## Re: 1:13-cv-00205-WTL-MJD SIN20-1: Defendant must respond to our discovery 10/14/2013 OVERDUE; OC: Jonathan Phillips

**Jonathan Phillips** <jphillips@skplawyers.com> Fri, Oct 18, 2013 at 12:48 AM
To: Paul Nicoletti <pauljnicoletti@gmail.com>

Paul,

Sorry. Didn't hear back to ensure the responses were 100% accurate. While I based off of what was provided, obviously, I am simply seeking confirmation of the appropriate facts/responses.

That said, I appreciate your foregiveness and your acknowledgement of generally being a day or two behind.

I'm fully certain with only a minute we'll not suffer any concerns with turnover.

Best,

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

On Thu, Oct 17, 2013 at 6:53 PM, Paul Nicoletti <pauljnicoletti@gmail.com> wrote:

> Counsel, your discovery responses are overdue and you indicated I would have responses by today. In order to satisfy the Local Rule requirement, I am seeking your concurrence for a Motion to Compel Discovery Responses within 2 days. If you agree, we will prepare and file a stipulation and order in accordance with your consent. Please advise within 24 hours. Thank you.
>
> Best Regards,
> Law Offices of Nicoletti & Associates, PLLC
> Paul Nicoletti (P-44419)
> 36880 Woodward Avenue, Suite 100
> Bloomfield Hills, MI 48304
> Landline: (248) 203-7800
> Fax 1: (248) 203-7801
> Fax 2: (248) 928-7051
> Email: paul@nicoletti-associates.com

**EXHIBIT C**

Website: www.nicoletti-associates.com



This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

 Please consider the environment before printing this email



Paul Nicoletti <pauljnicoletti@gmail.com>

## Tashiro; 1:13-cv-00205-WTL-MJD; SIN20-1 | ADDITIONAL DEVICES

**Paul Nicoletti** <pauljnicoletti@gmail.com> Tue, Apr 8, 2014 at 7:01 PM
To: Jonathan Phillips <jphillips@skplawyers.com>
Bcc: LEB / Jessica Fernandez <jfernandez@lebfirm.com>, Kennedy Emilie <EKennedy@lebfirm.com>, jcooper <jcooper@lebfirm.com>, "Lipscomb, Eisenberg & Baker, PL" <copyright@lebfirm.com>

Jonathan,

It has been brought to my attention that there are a several hard drives/external devices that the defendant failed to disclose in discovery responses. Although there are numerous undisclosed devices, I am only including a list of the most important devices below. I find their connection to Kelley Tashiro's laptop on 12/23/2013 at 3:15 a.m. to be particularly alarming. **These external hard drives should have been disclosed and produced as part of your client's response to Request for Production Nos. 1 and 9**.

Even though Plaintiff's first set of discovery was served long ago, because this information just came to light, I can provide you with some time to discuss this with your client. However, I would appreciate a forensic copy of the following devices by April 18, 2014. If there is a misunderstanding on my end, I am open to any explanation your client may have. As you know, this failure to disclose is very serious, and I hope there is some reasonable justification for this action. Please discuss this with your client and get back to me as soon as possible.

Device Name: **WD 5000AAV External 1.65**

Serial Number or UID: 57442D57434153553239343038323 5

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:15:58 AM; 9/20/2012 1:34:38 AM; 2/14/2009 4:52 PM

Device Name : **WD My Passport 070A 1032**

Device Name Serial Number or UID: 575845304539394 34B483535

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/1/2011 4:17:39 AM

Device Name: **WDC WD40 0BB-00DEA0**

Serial Number or UID: 6&1b9475c&0&_______8

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:08:32 AM

---

NICOLETTI LAW, PLC
Paul Nicoletti (P-44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email: pauljnicoletti@gmail.com
http://www.nicolettilawplc.com




This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.





**Paul Nicoletti <pauljnicoletti@gmail.com>**

## Re: Tashiro; 1:13-cv-00205-WTL-MJD; SIN20-1 | ADDITIONAL DEVICES

**Jonathan Phillips** <jphillips@skplawyers.com> Tue, Apr 8, 2014 at 9:56 PM
To: Paul Nicoletti <pauljnicoletti@gmail.com>

Paul:

My client is unaware of these drives, so there is no "failure to disclose." Without more information, I have no idea how to answer your accusations. We have listed all devices in the home, or used by my client, per the interrogatories. Further, your listings don't indicate what drive these other drives were allegedly connected to. As you are well aware, two of the drives were *formally* used as HDDs in computers.

Finally, why is this just now coming up? I understand that your client is grasping at straws at this point, but that doesn't excuse questions being raised in a timely manner?

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

On Tue, Apr 8, 2014 at 6:01 PM, Paul Nicoletti <pauljnicoletti@gmail.com> wrote:

> Jonathan,
>
> It has been brought to my attention that there are a several hard drives/external devices that the defendant failed to disclose in discovery responses. Although there are numerous undisclosed devices, I am only including a list of the most important devices below. I find their connection to Kelley Tashiro's laptop on 12/23/2013 at 3:15 a.m. to be particularly alarming. **These external hard drives should have been disclosed and produced as part of your client's response to Request for Production Nos. 1 and 9**.
>
> Even though Plaintiff's first set of discovery was served long ago, because this information just came to light, I can provide you with some time to discuss this with your client. However, I would appreciate a forensic copy of the following devices by April 18, 2014. If there is a misunderstanding on my end, I am open to any explanation your client may have. As you know, this failure to disclose is very serious, and I hope there is some reasonable justification for this action. Please discuss this with your client and get back to me as soon as possible.
>
> Device Name: **WD 5000AAV External 1.65**
>
> Serial Number or UID: 57442D574341535532393430383235
>
> Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:15:58 AM; 9/20/2012 1:34:38 AM; 2/14/2009 4:52 PM
>
> Device Name : **WD My Passport 070A 1032**
>
> Device Name Serial Number or UID: 575845304539394 34B483535
>
> Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/1/2011 4:17:39 AM

Device Name: **WDC WD40 0BB-00DEA0**

Serial Number or UID: 6&1b9475c&0&_______8

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:08:32 AM

---

NICOLETTI LAW, PLC
Paul Nicoletti (P-44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email: pauljnicoletti@gmail.com
http://www.nicolettilawplc.com



This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.



Case 1:13-cv-00205-WTL-MJD Document 130-3 Filed 06/20/14 Page 7 of 13 PageID #: 1065



Paul Nicoletti <pauljnicoletti@gmail.com>

## Re: Tashiro; 1:13-cv-00205-WTL-MJD; SIN20-1 | ADDITIONAL DEVICES

**Jonathan Phillips** <jphillips@skplawyers.com> Wed, Apr 9, 2014 at 12:21 PM
To: Paul Nicoletti <pauljnicoletti@gmail.com>

Paul:

I believe your presumptions about what was connected and when are fundamentally flawed. For one, as you have been repeatedly made aware, there is no Gateway computer, accordingly, there clearly not have been anything connected by USB. The "Gateway" is a dead-man's old hard drive as removed from a dead man's computer years ago. Secondly, my client connected nothing. Are you sure these were not so-called connections done by Q-discovery? Considering the fact they were made the day they were in the possession of Q-discovery, that seems likely.

Considering the patently absurd nature of the accusations (i.e. the impossibility of them) the unfounded threats of further spoliation and perjury allegations are not well taken. I would strongly suggest that you consult with Mr. Paige, Q-Discovery, and otherwise prior to filing any baseless supplements to Motions or further motions, as I will be holding you to your Rule 11 obligations.

Regards,

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

On Tue, Apr 8, 2014 at 10:13 PM, Paul Nicoletti <pauljnicoletti@gmail.com> wrote:

> The drives indicated previously were connected to the USB ports on both the Dell Inspiron Laptop (Kelley's) as well as to the Gateway Computer. The drives have never been disclosed and since they were all connected in the early morning hours of the day the drives were turned over to QDiscovery, they were current drives that existed as late as December 23, 2013. Unless there is some logical explanation for their disappearance, I will have no choice but to assume that the drives have been destroyed. I plan to supplement our sanction/spoliation motion to include the missing drives. To my knowledge, none of the three drives I identified had even been disclosed as having been used. The three drives that were connected were in addition to the Sony Vaio Corrupted Drive, the Dell Inspirion Drive, or the Ed Shover Drive. I await your response and plan to proceed with our supplemental motion for sanctions/spoliation unless we get a logical answer before the April deadline. Thank you.
>
> ---

NICOLETTI LAW, PLC
Paul Nicoletti (P-44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email: pauljnicoletti@gmail.com
http://www.nicolettilawplc.com




This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.




On Tue, Apr 8, 2014 at 9:56 PM, Jonathan Phillips <jphillips@skplawyers.com> wrote:

Paul:

My client is unaware of these drives, so there is no "failure to disclose." Without more information, I have no idea how to answer your accusations. We have listed all devices in the home, or used by my client, per the interrogatories. Further, your listings don't indicate what drive these other drives were allegedly connected to. As you are well aware, two of the drives were *formally* used as HDDs in computers.

Finally, why is this just now coming up? I understand that your client is grasping at straws at this point, but that doesn't excuse questions being raised in a timely manner?

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

On Tue, Apr 8, 2014 at 6:01 PM, Paul Nicoletti <pauljnicoletti@gmail.com> wrote:

Jonathan,

It has been brought to my attention that there are a several hard drives/external devices that the defendant failed to disclose in discovery responses. Although there are numerous undisclosed devices, I am only including a list of the most important devices below. I find their connection to Kelley Tashiro's laptop on 12/23/2013 at 3:15 a.m. to be particularly alarming. **These external hard drives should have been disclosed and produced as part of your client's response to Request for Production Nos. 1 and 9**.

Even though Plaintiff's first set of discovery was served long ago, because this information just came to light, I can provide you with some time to discuss this with your client. However, I would appreciate a forensic copy of the following devices by April 18, 2014. If there is a misunderstanding on my end, I am open to any explanation your client may have. As you know, this failure to disclose is very serious, and I hope there is some reasonable justification for this action. Please discuss this with your client and get back to me as soon as possible.

Device Name: **WD 5000AAV External 1.65**

Serial Number or UID: 57442D574341535532393430383235

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:15:58 AM; 9/20/2012 1:34:38 AM; 2/14/2009 4:52 PM

Device Name : **WD My Passport 070A 1032**

Device Name Serial Number or UID: 575845304539394348483535

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/1/2011 4:17:39 AM

Device Name: **WDC WD40 0BB-00DEA0**

Serial Number or UID: 6&1b9475c&0&_______8

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:08:32 AM

---

NICOLETTI LAW, PLC
Paul Nicoletti (P-44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email: pauljnicoletti@gmail.com
http://www.nicolettilawplc.com




This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.





**Paul Nicoletti <pauljnicoletti@gmail.com>**

---

**Re: Tashiro; 1:13-cv-00205-WTL-MJD; SIN20-1 | ADDITIONAL DEVICES**

---

**Jonathan Phillips** <jphillips@skplawyers.com> Wed, Apr 9, 2014 at 3:40 PM
To: Paul Nicoletti <pauljnicoletti@gmail.com>

Paul:

They were not provided, because they do not exist, or at least to not known to exist by Kelley Tashiro. I understand that your client has no evidence that Tashiro infringed and is now grasping at any circumstantial evidence it can find, but I *strongly* suggest that you inquire with Q-Discovery to ensure that you meet your Rule 11 obligations. These devices are either something that QDiscovery plugged into the computer, or a drive that was disclosed. Perhaps your *assumption* of time is incorrect because the time reported is UTC or some other time zone other than Eastern. Its not my job to provide you advice to prevent a Rule 11 violation, but as a professional courtesy, I'm telling you that all ducks should be in a row, and all investigation had, because you're going down a wrong path here on bad information.

Regards,

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

On Wed, Apr 9, 2014 at 2:28 PM, Paul Nicoletti <pauljnicoletti@gmail.com> wrote:

> Jonathan, if you look at the time of the connections, Kelley Tashiro has not even provided the other drives to QDiscovery. It would have been impossible for QDiscovery to be responsible for the "last written time" as specified. Keep in mind that the drives specified below are not the drives that were imaged by QDiscovery. More importantly, the drives below were connected to the Dell Inspiron (Kelley's Laptop) not the Gateway. You seem to be confused about that fact. In any event, I will treat your response as confirmation that the devices set forth below, no longer exist. I will proceed accordingly. Thank you.
>
> Device Name: **WD 5000AAV External 1.65**
>
> Serial Number or UID: 57442D574341535532393430383235
>
> Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:15:58 AM; 9/20/2012 1:34:38 AM; 2/14/2009 4:52 PM
>
> Device Name : **WD My Passport 070A 1032**
>
> Device Name Serial Number or UID: 575845304539393434B483535
>
> Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/1/2011 4:17:39 AM
>
> Device Name: **WDC WD40 0BB-00DEA0**
>
> Serial Number or UID: 6&1b9475c&0&_______8
>
> Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:08:32 AM
>
> ---

NICOLETTI LAW, PLC
Paul Nicoletti (P-44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email: pauljnicoletti@gmail.com
http://www.nicolettilawplc.com




This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.




On Wed, Apr 9, 2014 at 12:21 PM, Jonathan Phillips <jphillips@skplawyers.com> wrote:

Paul:

I believe your presumptions about what was connected and when are fundamentally flawed. For one, as you have been repeatedly made aware, there is no Gateway computer, accordingly, there clearly not have been anything connected by USB. The "Gateway" is a dead-man's old hard drive as removed from a dead man's computer years ago. Secondly, my client connected nothing. Are you sure these were not so-called connections done by Q-discovery? Considering the fact they were made the day they were in the possession of Q-discovery, that seems likely.

Considering the patently absurd nature of the accusations (i.e. the impossibility of them) the unfounded threats of further spoliation and perjury allegations are not well taken. I would strongly suggest that you consult with Mr. Paige, Q-Discovery, and otherwise prior to filing any baseless supplements to Motions or further motions, as I will be holding you to your Rule 11 obligations.

Regards,

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

On Tue, Apr 8, 2014 at 10:13 PM, Paul Nicoletti <pauljnicoletti@gmail.com> wrote:

The drives indicated previously were connected to the USB ports on both the Dell Inspiron Laptop (Kelley's) as well as to the Gateway Computer. The drives have never been disclosed and since they were all connected in the early morning hours of the day the drives were turned over to QDiscovery, they were current drives that existed as late as December 23, 2013. Unless there is some logical explanation for their disappearance, I will have no choice but to assume that the drives have been destroyed. I plan to supplement our sanction/spoliation motion to include the missing drives. To my knowledge, none of the three drives I identified had even been disclosed as having been used. The three drives that were connected were in addition to the Sony Vaio Corrupted Drive, the Dell Inspirion Drive, or the Ed Shover Drive. I await your response and plan to proceed with our supplemental motion for sanctions/spoliation unless we get a logical answer before the April deadline. Thank you.

---

NICOLETTI LAW, PLC
Paul Nicoletti (P-44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email: pauljnicoletti@gmail.com
http://www.nicolettilawplc.com



This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.




On Tue, Apr 8, 2014 at 9:56 PM, Jonathan Phillips <jphillips@skplawyers.com> wrote:

Paul:

My client is unaware of these drives, so there is no "failure to disclose." Without more information, I have no idea how to answer your accusations. We have listed all devices in the home, or used by my client, per the interrogatories. Further, your listings don't indicate what drive these other drives were allegedly connected to. As you are well aware, two of the drives were *formally* used as HDDs in computers.

Finally, why is this just now coming up? I understand that your client is grasping at straws at this point, but that doesn't excuse questions being raised in a timely manner?

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

On Tue, Apr 8, 2014 at 6:01 PM, Paul Nicoletti <pauljnicoletti@gmail.com> wrote:

Jonathan,

It has been brought to my attention that there are a several hard drives/external devices that the defendant failed to disclose in discovery responses. Although there are numerous undisclosed devices, I am only including a list of the most important devices below. I find their connection to Kelley Tashiro's laptop on 12/23/2013 at 3:15 a.m. to be particularly alarming. **These external hard drives should have been disclosed and produced as part of your client's response to Request for Production Nos. 1 and 9**.

Even though Plaintiff's first set of discovery was served long ago, because this information just came to light, I can provide you with some time to discuss this with your client. However, I would appreciate a forensic copy of the following devices by April 18, 2014. If there is a misunderstanding on my end, I am open to any explanation your client may have. As you know, this failure to disclose is very serious, and I hope there is some reasonable justification for this action. Please discuss this with your client and get back to me as soon as possible.

Device Name: **WD 5000AAV External 1.65**

Serial Number or UID: 57442D574341535532393430383235

Case 1:13-cv-00205-WTL-MJD Document 130-3 Filed 06/20/14 Page 13 of 13 PageID #: 1071

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:15:58 AM; 9/20/2012 1:34:38 AM; 2/14/2009 4:52 PM

Device Name : **WD My Passport 070A 1032**

Device Name Serial Number or UID: 575845304539394 34B483535

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/1/2011 4:17:39 AM

Device Name: **WDC WD40 0BB-00DEA0**

Serial Number or UID: 6&1b9475c&0&_______8

Last Written Time UTC (Disk Devices) Last Written Time UTC (USB Raw Devices): 12/23/2013 3:08:32 AM

---

NICOLETTI LAW, PLC
Paul Nicoletti (P-44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
Email: pauljnicoletti@gmail.com
http://www.nicolettilawplc.com




This e-mail message contains confidential privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (248) 203-7800 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

