UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KELLEY TASHIRO, and )<br>N. CHARLES TASHIRO )<br>)<br>    Defendant. )<br>_____) | Civil Case No. 1:13-cv-00205-WTL-MJD |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves for the entry of an order striking Defendant Kelley Tashiro's ("Defendant") Third Affirmative Defense, Eighth Affirmative Defense, Ninth Affirmative Defense, and Tenth Affirmative Defense, and in support thereof, states:

**I.    INTRODUCTION**

Plaintiff's Second Amended Complaint ("SAC") was filed on May 15, 2014 alleging direct and contributory infringement against Defendant Kelley Tashiro. CM/ECF 124. On June 9, 2014, Defendant filed her Answer and Affirmative Defenses asserting ten (10) affirmative defenses against Plaintiff's SAC. CM/ECF 127. Defendant's affirmative defenses are insufficient and therefore should be stricken. Specifically, Defendant's Third Affirmative Defense (Failure to Mitigate Damages) is inapplicable because Plaintiff has elected to recover only the minimum statutory damages per infringement instead of an award of actual damages. *See* CM/ECF 95. And, Defendant's Eighth (Unclean Hands), Ninth (Re: Injunctive Relief), and Tenth (License, Consent, and Acquiescence) Affirmative Defenses are insufficiently pled under the Seventh Circuit's binding *Heller* standard. For the foregoing reasons, as explained more

1

fully below, this Court should grant the subject Motion.

## II.    LEGAL STANDARD

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. "The decision whether to strike material is left to the court's discretion." *E.E.O.C. v. New Indianapolis Hotels, LLC*, 2011 WL 63909 (S.D. Ind. 2011) (*citing Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir.1992)).  Motions to strike "may be granted if they remove unnecessary clutter from a case and expedite, rather than delay, the case." *Spencer County Redevelopment Com'n v. AK Steel Corp.*, 2011 WL 3806947 (S.D. Ind. 2011) (citation omitted).

The Seventh Circuit holds that motions to strike under Rule 12(f) should be granted when "it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012) (granting motion to strike defendant's fourth affirmative defense and *sua sponte* striking defendant's fifth affirmative defense).  "As pleadings, affirmative defenses must satisfy the liberal standard of Federal Rule of Civil Procedure 8." *Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012).  Affirmative defenses "must include either direct or inferential allegations as to all elements of the defense asserted, and bare bones conclusory allegations do not suffice." *Id.* (Citation omitted).  Accordingly, where affirmative defenses "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (internal citation omitted).

### III. DEFENDANT'S THIRD, EIGHTH, NINTH AND TENTH AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

**A. Defendant's Third Affirmative Defense (Failure to Mitigate Damages) Should be Stricken as Improper**

Because Plaintiff has elected to recover statutory damages pursuant to 17 U.S.C. § 504, Defendant's Third Affirmative Defenses is improper and should be stricken. For her third affirmative defense, Defendant claims that "Malibu has failed to undertake any reasonable efforts to prevent" its materials from being uploaded onto the BitTorrent network, "failed to attempt to identify and bring suit against initial seeders[,]" and that because it "has made no attempt to mitigate any actual or perceived damages . . . requests the dismissal of the Complaint for Malibu's failure to take any steps to mitigate its damages." Answer and Affirmative Defenses ("Aff. Def."), CM/ECF 127, at ¶¶ 58-61.

Despite having had ample time to conduct discovery on this issue, Defendant's allegations are conclusory and unsupported. Defendant does not allege a single fact in support of the assertion that Plaintiff failed to mitigate its damages. Regardless, a "failure to mitigate" defense is inapplicable, where, as here, Plaintiff has elected to recover only statutory damages. "Having elected statutory damages, Plaintiff has given up the right to seek actual damages, thereby making a failure-to-mitigate defense inapplicable." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *2 (N.D. Ind. 2013). *See also e.g. Malibu Media, LLC v. Batz,* 2013 WL 2120412 at *3 (D. Colo. 2013) ("[t]he Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense"); *Malibu Media, LLC v. Ryder,* 2013 WL 4757266, at *3 (D. Colo. 2013) (same); *Malibu Media, LLC v. John Doe*, 8:13-cv-00472-JDW-EAJ, CM/ECF 19, at p. 2 (M.D. Fla. July 17, 2013) (same); *Malibu Media, LLC v. Doe*, 2014 WL 2581168, at *5 (N.D. Ill. 2014) (striking failure to mitigate defense where

defendant conceded that it did not apply since Plaintiff elected only statutory damages.) Further, Plaintiff stipulated to recover only the minimum statutory damages per work infringed. *See* CM/ECF 95.

### B. Defendant's Eighth (Unclean Hands), Ninth (Re: Injunctive Relief), and Tenth (License, Consent, and Acquiescence) Affirmative Defenses Are Insufficiently Pled Under *Heller*

Under binding Seventh Circuit precedent, where affirmative defenses "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Here, Defendant's Eighth, Ninth, and Tenth Affirmative Defenses fail totally to allege the necessary elements. Defendant's Eighth Affirmative Defense merely states, "Malibu's claims are barred by the doctrine of unclean hands." Aff. Def., ¶ 69. Defendant's Ninth Affirmative Defense merely states, "Malibu is not entitled to injunctive relief, because any alleged injury to it is not immediate or irreparable." *Id.* at ¶ 69. And, Defendant's Tenth Affirmative Defense merely states "[e]ven if Kelley Tashiro were to have participated in the swarm, which she did not, Malibu's claims are barred by its implied license, consent, and acquiescence to Kelley Tashiro, because it authorized use via BitTorrent." *Id.* at ¶ 71.

Defendant's affirmative defenses fail to include "either direct or inferential allegations as to all elements of the defense[s] asserted, and [her] bare bones conclusory allegations do not suffice." *Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012). As to Defendant's Eighth Affirmative Defense, "[u]nclean hands . . . is an equitable defense that must be pled with the specific elements required to establish the defense." *MPC Containment Sys., Ltd. v. Moreland*, 2008 WL 1775501 at *3 (N.D. Ill. 2008). Because it is "an affirmative defense involving fraud, it is subject to the heightened pleading requirements under Federal Rule of Civil

4

Procedure 9(b)." *Id.*, at n. 8.  To successfully assert the defense of unclean hands, Defendant must demonstrate that Plaintiff "has engaged in misconduct, fraud or bad faith toward the party he or she is now suing," and "the misconduct involved the same transaction that is at issue in the suit." *SEG Liquidation Co., LLC v. Stevenson*, 2008 WL 623626, at *4 (N.D. Ill. 2008).

  Defendant's Eighth Affirmative Defense "asserts neither facts nor allegations that would support a finding of unclean hands in this case . . . [and] fails to identify inequitable conduct which is connected or related to the matters before the Court in this action." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *6 (D. Colo. 2013) (striking affirmative defense of unclean hands).  At this stage of the proceedings, when the parties have conducted extensive discovery and Defendant has had more than sufficient time to gather evidence in support of her affirmative defenses, the only explanation for why she failed to assert a single fact in support of her unclean hands affirmative defense is that none exists.  Defendant's Eighth Affirmative Defense does not satisfy the pleading requirements of *Heller*.

  Defendant's Ninth Affirmative Defense is equally unsupported.  Defendant fails to allege even a single fact in support of her statement that "any alleged injury to [Plaintiff] is not immediate or irreparable."  Aff. Def., ¶ 70.  Regardless, the Copyright Act specifically provides for injunctions to remedy infringement.  "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  "Given 'the public interest ... in upholding copyright protections,' injunctions regularly are issued pursuant to 17 U.S.C. § 502." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 844 (S.D. Ill. 2006) (granting permanent injunction).  Further, Defendant's Ninth Affirmative Defense is not a proper affirmative defense.  An affirmative defense is "[a] defendant's assertion of facts and arguments

5

that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." Black's Law Dictionary (9th ed. 2009). No assertion in Defendant's conclusory Ninth Affirmative Defense can defeat Plaintiff's claim for copyright infringement. As such, Defendant's Ninth Affirmative Defense is not a proper affirmative defense and should be stricken.

Defendant's Tenth Affirmative Defense also fails to include "either direct or inferential allegations as to all elements of the defense asserted[.]" *Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012). Defendant's conclusory statement that Malibu's claims are "barred by its implied license, consent, and acquiescence to Kelley Tashiro, because it authorized use via BitTorrent[,]" fails to allege any factual support. As stated above, Defendant has had sufficient time since this case was first filed to amass support for her affirmative defenses yet, she failed to do so. Further, Defendant fails to allege the elements of each of her affirmative defenses. For example, to prove the existence of an implied license, Defendant must show: "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996) (citation omitted). Defendant failed to allege that she requested the creation of the work, that Plaintiff made the work and delivered it to Defendant, or that Plaintiff intended for Defendant to copy and distribute the work. Indeed, the first two elements necessarily fail because prior to this lawsuit Plaintiff and Defendant were total strangers and therefore Defendant could not have requested the creation of the works from Plaintiff and Plaintiff could not have delivered the work to Defendant pursuant to her request.

Further, at her deposition Defendant testified under oath that Malibu Media has never

given her permission to download their copyrighted works from BitTorrent. *See* Deposition of Kelley Tashiro, pp. 56:25 – 57:1-3. She further testified that she had no evidence that Malibu Media allows its works to be distributed through BitTorrent. *Id.* at 57:4-9. She also testified that she had no evidence that anyone associated with Malibu Media has ever seeded Malibu Media's movies. *Id.* at 58:16-19. Additionally, she testified that she had no evidence that Plaintiff's investigators ever seeded Malibu Media's movies. *Id.* at 58:20-22. Defendant's own sworn testimony directly undermines her Tenth Affirmative Defense.

For the foregoing reasons, Defendant's Eighth, Ninth, and Tenth Affirmative Defenses should be stricken.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

**WHEREFORE,** Plaintiff Malibu Media, LLC, respectfully requests entry of an order:

(A)   Granting Plaintiff's Motion to Strike Affirmative Defenses;

(B)   Striking Defendant's Affirmative Defenses; and

(C)   Granting Plaintiff such other and further relief as this Court deems just and proper.

DATED: June 30, 2014.

    Respectfully submitted,

    NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051

        Email: pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:   /s/ *Paul J. Nicoletti*