UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

MALIBU MEDIA, LLC,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　) Civil Case No. 1:13-cv-00205-WTL-MJD
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
KELLEY TASHIRO, and　　　　　　　　　)
N. CHARLES TASHIRO,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT N. CHARLES TASHIRO UNDER FED. R. CIV. P. 36**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 36, hereby requests Defendant N. Charles Tashiro ("Defendant"), respond within thirty (30) days to these requests by admitting the foregoing, for purposes of this action only and subject to objections to admissibility at trial. If an objection is made, please state the reason for the objection. If the matter is denied, please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

1. Admit that you are the primary user of the Western Digital external hard drive that was disclosed to Plaintiff on May 31, 2014 in Defendant's Fourth Supplement to Answers to Plaintiff's First Set of Interrogatories.

2. Admit that you have used the Western Digital hard drive within the last 6 months.

3. Admit that you have used the Western Digital hard drive within the last 1.5 years.

4. Admit that you have owned the above hard drive since at least October 17, 2013.

5. Admit that your wife, Kelley Tashiro, was aware of or had reason to know of the existence of the Western Digital hard drive prior to May 31, 2014.

1

6. Admit that the Western Digital hard drive was reasonably discoverable (i.e. not hidden or secret) by your wife, Kelley Tashiro.

7. Admit that when you collected the hard drives in your home, on the night of December 22, 2013 to turn them over to Plaintiff, you failed to include the Western Digital hard drive mentioned above.

8. Admit that the above omission was intentional.

9. Admit that you were supposed to turn over *all* of the hard drives within your residence on December 23, 2013.

10. Admit that the Western Digital hard drive should have been turned over on December 23, 2013 with the other four drives.

11. Admit that your Linksys wireless router was password protected at the time of the alleged infringements.

12. Admit that you never observed anyone camped out, habitually loitering, or otherwise habitually frequenting your property between January 14, 2012 and April 14, 2013.

13. Admit that you erased files from one of the hard drives the night before four of the hard drives were turned over to Plaintiff for forensic imaging on December 23, 2013.

14. Admit that you used BitTorrent to download adult films posted to or produced by the website DeviceBondage.com.

15. Admit that you used BitTorrent to download adult films posted to or produced by the website SexAndSubmission.com.

16. Admit that you used BitTorrent to download adult films posted to or produced by the website WhippedAss.com.

17. Admit that you used BitTorrent to download adult films posted to or produced by the website HogTied.com.

18. Admit that you have heard of the four websites listed in numbers 14-17 above.

19. Admit you used BitTorrent to download adult content.

20. Admit you used BitTorrent to download X-Art videos.

Plaintiff, reserves the right to add or amend or both this First Request for Admission or to serve additional Requests for Admission on Defendant N. Charles Tashiro if necessary for the purpose of discovery.

Dated: June 18, 2014

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2014, a true and correct copy of the foregoing document was served via U.S. Mail or e-mail or both to the following:

Jonathan LA Phillips
456 Fulton St., Ste. 255
Peoria, IL 61602
E-mail: jphillips@skplawyers.com
*Attorneys for Defendant*

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq.

| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO & N. CHARLES TASHIRO,<br><br>Defendants. | Civil Action No. 1:13-cv-00205-WTL-MJD |
|---|---|

**N. CHARLES TASHIRO'S RESPONSES TO:
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT N. CHARLES TASHIRO UNDER FED R. CIV. P. 36**

NOW COMES, a Defendant, N. CHARLES TASHIRO, ("Tashiro") by and through his attorneys, SHAY PHILLIPS, LTD., who provides the following Response to Plaintiff's First Set of Requests for Admission to Defendant N. Charles Tashiro Under Fed. R. Civ. P. 36.

GENERAL COMMENTS & STATEMENT OF COOPERATION

The objections raised n this particular set of responses are not meant for delay, or unfairly avoiding answering any discovery request. In fact, counsel for the Defendants has made it abundantly clear, repeatedly, to counsel for Plaintiffs that inartfully or imprecisely drafted discovery requests are difficult to impossible to answer. This concern compounded by the Plaintiff's crusade for sanctions based upon discovery. Thus, if Plaintiff wishes to draft clear and precise Requests, that can be appropriately answered, Defendants will certainly endeavor to answer the same.

**Supplemented Evening of July 15, 2014:** Further, on the evening of July 15, 2014, Counsel for Plaintiff issued a second set of requests, with re-wording, but including all of the non-objected to requests as well. Answering this set, again, instead of a re-issued Second set, is not only procedurally improper, but will confuse the issues. Thus, the objections set out below stand until a proper second set of requests is served.

RESPONSES

1. Admit.

2. Objection. Defendant raises the same objection as was raised in earlier discovery. The word "used" is unclear, vague, and can be interpreted in such a manner as to include merely having a hard disk drive sit around for years, never being touched, yet storing data, *i.e.* its use. Defendant has made it abundantly clear that with a proper definition, *e.g.*, the copying of files to or from such a device, the answers to the discovery, and response to this request for admission can, and will timely, be provided. However, until the same is provided, it is impossible to respond to this request for admission. **See above supplemental statement.**

3. Objection. Defendant raises the same objection as was raised in earlier discovery. The word "used" is unclear, vague, and can be interpreted in such a manner as to include merely having a hard disk drive sit around for years, never being touched, yet storing data, *i.e.* its use. Defendant has made it abundantly clear that with a proper definition, *e.g.*, the copying of files to or from such a device, the answers to the discovery, and response to this request for admission can, and will timely, be provided. However, until the same is provided, it is impossible to respond to this request for admission. **See above supplemental statement.**

4. Admit.

5. Objection. This request is compound. It seeks to request admission that Kelley Tashiro was aware of a certain drive. It also seeks admission that Kelley Tashiro had reason to know of the drive. Further grounds for objection are that the temporal period is undefined. The mere knowledge of any time prior to May 31, 2014 could involve someone knowing of a drive several years ago, and then forgetting. Further objection in that this request seeks for N. Charles Tashiro to speculate as to the knowledge of Kelley Tashiro. Without waiving the same, N. CHARLES TASHIRO can neither admit or deny this request as he is not privy to what Kelley Tashiro did, or did not know, of from May 31, 2014 until the beginning of time.

6. Denied.

7. Objection. The hard drives were not collected to turn over to Plaintiff. The harddrives were collected to turnover to a third-party for cloning. Without waiving the same, Admit.

8. Objection. The request does not define "intentional." That is, the request suggests by its wording that the failure to turn over a drive that was irrelevant, not having been used for years, was in some way incorrect. Without

waiving the same, N. Charles Tashiro admits he did not turn over the drive, but denies any and all inferences improperly contained in the request.

9. Objection. The request calls for attorney-client privileged information and attorney work-product. Further, the request seeks to have a lay-person provide a legal opinion. What the Defendant, at the time, solely Kelley Tashiro, was instructed to provide or not to provide for discovery, what was determined to be within the bounds of discovery, and the execution of the same is privileged. Without waiving the same, the request is denied as N. Charles Tashiro was not a recipient of any discovery requests.

10. Objection. The request calls for attorney-client privileged information and attorney work-product. Further, the request seeks to have a lay-person provide a legal opinion. What the Defendant, at the time, solely Kelley Tashiro, was instructed to provide or not to provide for discovery, what was determined to be within the bounds of discovery, and the execution of the same is privileged.

11. Deny.

12. Admit.

13. N. CHARLES TASHIRO can neither admit or deny this request as he was not aware he was purportedly deleting any files from any hard drives on December 23, 2013.

14. Objection. The purpose of this request is to harass and intimidate the Defendant into settling this suit for exorbitant sums. Further object that this request is irrelevant and not likely to lead to any relevant information. Without waiving the same, the request is admitted.

15. Objection. The purpose of this request is to harass and intimidate the Defendant into settling this suit for exorbitant sums. Further object that this request is irrelevant and not likely to lead to any relevant information. Without waiving the same, the request is admitted.

16. Objection. The purpose of this request is to harass and intimidate the Defendant into settling this suit for exorbitant sums. Further object that this request is irrelevant and not likely to lead to any relevant information. Without waiving the same, the request is admitted.

17. Objection. The purpose of this request is to harass and intimidate the Defendant into settling this suit for exorbitant sums. Further object that this request is irrelevant and not likely to lead to any relevant information. Without waiving the same, the request is admitted.

18. Objection. The purpose of this request is to harass and intimidate the Defendant into settling this suit for exorbitant sums. Further object that this request is irrelevant and not likely to lead to any relevant information. Without waiving the same, the request is admitted.

19. Objection. The purpose of this request is to harass and intimidate the Defendant into settling this suit for exorbitant sums. Further object that this request is irrelevant and not likely to lead to any relevant information. Further object that this requests is unduly repetitive. The aforementioned sites are adult content oriented, and accordingly, the matter has already been admitted. Without waiving the same, the request is admitted.

20. Deny.

**Note: The initially served Responses included a response to an un-issued request 21. The same was a clerical error, and is corrected by the deletion of the same here.**

Dated: July 15, 2014

> Jonathan LA Phillips
> Shay Phillips, Ltd.
> 456 Fulton St.
> Ste. 255
> Peoria, Illinos 61602
> 309.494.6155 (p)
> 309.494.6156 (f)
> jphillips@skplawyers.com

### CERTIFICATE OF SERVICE

I certify that on July 15, 2014 a copy of the foregoing Defendant's Second Supplement to Answers to Plaintiff's First Set of Interrogatories was provided, as follows:

Paul J. Nicoletti, *Attorneys for Plaintiff, via email*

> /s/ Jonathan LA Phillips
> Jonathan LA Phillips
> *Attorney for Defendant Tashiro*
> Shay Kepple Phillips, Ltd
> 456 Fulton St.

Ste. 255
Peoria, Illinos 61602
309.494.6155 (p)
309.494.6156 (f)
jphillips@skplawyers.com