UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 1:13-cv-00205-WTL-MJD |
| | ) |
| v. | ) |
| | ) |
| KELLEY TASHIRO, and | ) |
| N. CHARLES TASHIRO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE PROFFERED BY DELVAN NEVILLE**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Evid. 702, hereby moves for the entry of an order excluding any testimony or evidence proffered by Defendant's purported expert, Delvan Neville ("Neville"), and in support hereof states:

**I.    INTRODUCTION**

Delvan Neville is *not* a computer forensics expert entitled to testify as such before this Court. Neville performed computer forensic services for Defendant and offered a declaration in support of his findings as a purported expert. Unlike Plaintiff's computer forensics expert, Patrick Paige, who served as a detective in the computer crimes unit of the Palm Beach County Sherriff's Department for 11 years, has conducted forensic computer examinations for seven different government agencies, has taken over 400 hours of courses designed to teach people how to investigate computers, and founded his own computer forensics company, Neville has no knowledge, skill, experience, training or education in computer forensics. *See* CM/ECF 76-1 and Fed. R. Evid. 702.

1

Neville's curriculum vitae demonstrates: (1) Neville's educational degrees are in Radiation Health Physics and have nothing to do with computer forensics; (2) Neville's publications and presentations are related to his studies in radiation health physics and have nothing to do with computer forensics; (3) Neville's only relevant certification (AccessData Certified Examiner) was obtained merely *one month* before he offered an opinion in this case and is a free 90 minute 40 question exam that requires no prerequisites and only 30 questions answered correctly; (4) passing the AccessData Certified Examiner test *does not* mean that Neville is a computer forensic expert; and (5) Neville has never previously testified as an expert in computer forensics. Because Neville cannot satisfy the requirements of Fed. R. Evid. 702, this Court should exclude any testimony or evidence proffered by him.

## II.   LEGAL STANDARD

Fed. R. Evid. 702 states that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

   (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

   (b)   the testimony is based on sufficient facts or data;

   (c)   the testimony is the product of reliable principles and methods; and

   (d)   the expert has reliably applied the principles and methods to the facts of the case.

"[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence."   Committee Notes on Rules—2000 Amendment.   "No matter the path to qualification, however, a witness may only offer an expert opinion *within the field as to which he or she is expert-qualified*."   *Jerid Enterprises, LLC v.*

2

*Lloyd's London*, 2012 WL 6115673 (N.D. Ind. 2012) (emphasis added) (*citing Jones v. Elec. Co.*, 188 F.3d 709, 723 (7th Cir.1999)). "That means there are two questions at issue: (1) whether the potential witness is qualified as an expert and (2) whether the potential witness's expected opinion testimony falls within his field of expertise." *Id.* "To determine if a witness qualifies as an expert a court should compare the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness' testimony." *Traharne v. Wayne Scott Fetzer Co.*, 156 F. Supp. 2d 717, 720 (N.D. Ill. 2001) (witness was not expert where he did not have an engineering design or physics degree, no training in mechanical or electrical engineering, did not graduate college, had not published or lectured on any subject relevant to the case, and had no experience or familiarity with the relevant industry) (*citing Carroll v. Otis Elevator Co.,* 896 F.2d 210, 212 (7th Cir.1990)).

### III.     NEVILLE IS NOT A COMPUTER FORENSICS EXPERT

#### A.  Neville Has No Knowledge, Skill, or Experience in Computer Forensics

Neville is not a computer forensics expert by knowledge, skill, or experience. Indeed, Neville's curriculum vitae fails to demonstrate any of the foregoing. For purposes of Rule 702, "'[s]kill' is a specialized aptitude developed as a result of significant involvement with a specific subject." 29 Fed. Prac. & Proc. Evid. § 6265 (1st ed.). Nowhere in Neville's curriculum vitae is it demonstrated that he has a "specialized aptitude" in computer forensics as a result of "significant involvement" with the subject. Although, Neville may have a "specialized aptitude" towards radiation health physics and possibly also BitTorrent swarm monitoring, these aptitudes have nothing to do with his testimony. Defendant's skill with regard to computer forensics is not listed or explained anywhere.

Further, "'[e]xperience' may qualify a witness as an expert so long as it is obtained in a practical context. This means that experience developed as a professional expert witness *is not*

3

sufficient." 29 *Fed. Prac. & Proc. Evid.* § 6265 (1st ed.) (emphasis added). Although Neville claims to have taken part in two previous copyright infringement BitTorrent cases and also a Webinar regarding BitTorrent Swarms and Mass-Joinder, these experiences alone are insufficient to qualify him as an expert since they were not "obtained in a practical context." Further, Neville's declarations in those cases were unrelated to *computer forensics*. Instead, they focused on BitTorrent swarms and the identification of the initial seeders. Familiarity with BitTorrent does not satisfy the requisite level of skill or experience required for Neville to testify as an expert in computer forensics.

Expertise or fluency in one specific area of study or work, does not qualify an individual as an expert in a different area, even if it is similar or closely associated. In *Montgomery v. Noga*, 168 F.3d 1282, 1302-03, 49 U.S.P.Q.2d 1961, 51 Fed. R. Evid. Serv. 752 (11th Cir. 1999), the court "excluded a proposed expert on computer software licensing practices where the witness had expertise in development and licensing of commercial software used by individual banks but had no expertise in negotiating utility licenses for software or in marketing software through distributors under a 'shrink-wrap' license." 4 Bus. & Com. Litig. Fed. Cts. § 40:11 (3d ed.). The Eleventh Circuit upheld the district court's decision to exclude the witness on the grounds that "the defendants had not shown that his experience . . . was germane to the issues involved in the case[,]" because although the fields were related, they were "totally distinguishable." *Montgomery v. Noga*, 168 F.3d 1282, 1303 (11th Cir. 1999).

Similarly here, Neville's experience with BitTorrent swarm monitoring software is "totally distinguishable." Familiarity with BitTorrent is insufficient to qualify Neville as an expert in computer forensics. Although both fields require knowledge of computers, they are entirely unrelated. Neville has never testified as an expert in computer forensics and is not a computer forensics expert by knowledge, skill, or experience.

4

### B. Neville Has No Training in Computer Forensics

Neville has no training that would qualify him as a computer forensics expert entitled to render an opinion in this case. "'Training' usually means on the job instruction or work-related classes." 29 *Fed. Prac. & Proc. Evid.* § 6265 (1st ed.). Neville has had no "on the job instruction." The only mention of computer forensics on Neville's Declaration is the self-serving statement that he is the "owner of Amaragh Associates, LLC, a digital forensics company specialized in BitTorrent investigation."[1] *See* CM/ECF 137-1. He also claims that he has "engaged in freelance computer repair and troubleshooting . . . including recovering lost data from storage devices."

Neville's "company" is mentioned only once on his curriculum vitae. Neville provides no information about when the company was formed, how many clients it has served, how many forensic investigations of computers Neville has performed for the company, or any other details. If anything, his company is experienced in BitTorrent monitoring, which, as stated above, is not the same as computer forensics. Neville clearly has had no "on the job instruction" that would qualify him as an expert by training in computer forensics. His conclusory and general statements about "freelance troubleshooting and repair" do not raise him to the level of an "expert" under the Federal Rules. He similarly, has no "work-related classes" listed on his curriculum vitae or declaration that would qualify him as an expert by training.

### C. Neville Has No Education in Computer Forensics

"'Education' sufficient to qualify an expert may be formal, resulting in a degree or certification. 'Education' also may be based on informal self-study or independent research." 29

---

[1] A search of the Oregon secretary of state's website for "Amaragh Associates, LLC" failed to return any results for either an active or inactive business in the state by that name. Apparently, Amaragh Associates, LLC is a Mississippi limited liability company that, to the best of undersigned's knowledge, is not registered in the State of Oregon and may therefore be unauthorized to transact business there.

*Fed. Prac. & Proc. Evid.* § 6265 (1st ed.) (*citing Crisostomo v. Stanley*, 857 F.2d 1146, 1153 (7th Cir. 1988) for the proposition that "a witness may give an expert medical opinion even where that witness lacks a medical degree so long as the witness had been *schooled in the subject matter*.") (Emphasis added.)  Nothing on Neville's curriculum vitae indicates any education in the field of computer forensics.  Neville obtained a B.S. in Radiation Health Physics and is currently in the process of obtaining a PhD in Radiation Health Physics.  Neville's only publications and presentations were related to his studies in radiation health physics.

Neville's field of study has nothing to do with computer forensics.  "To determine if a witness qualifies as an expert a court should compare the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness' testimony." *Traharne v. Wayne Scott Fetzer Co.*, 156 F. Supp. 2d 717, 720 (N.D. Ill. 2001) (excluding purported expert witness who lacked relevant education, training, degree, had no published or lectured on the topic, and had no experience or familiarity with the relevant industry) (*citing Carroll v. Otis Elevator Co.,* 896 F.2d 210, 212 (7th Cir.1990)).  Here, as in *Traharne*, Neville's education, publications, and presentations are not related to the subject matter of his testimony.

Neville's sole certification relating to computer forensics is as an AccessData Certified Examiner ("ACE").  To become an ACE there are no prerequisites and an applicant need only pass a single ninety (90) minute open-book exam consisting of forty (40) questions total.  Only thirty (30) questions need to be answered correctly in order to pass.  More importantly, however, certification means only that the ACE is certified in using specific AccessData programs.  Being an ACE alone does not make an individual a computer forensics expert.

In *Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 339, 37 Fed. R. Evid. Serv. 845 (2d Cir. 1993), the court "struck a proposed expert in search and retrieval software and database project management because the putative expert lacked expertise in

6

database design of any software other than that developed by a particular company." 4 Bus. & Com. Litig. Fed. Cts. § 40:11 (3d ed.). Here, similar to *Trademark*, Neville lacks "expertise in . . . *any software other than that developed by a particular company*." *Id.* (Emphasis added.) Although it may be one certification that a computer forensics expert obtains in the course of his or her career, obtaining ACE certification alone <u>does</u> <u>not</u> make someone a computer forensics expert. Neville's successful completion of the 90 minute 40 question exam during the month preceding his rendering an opinion in this case does <u>not</u> qualify him as an expert in computer forensics. As such, testimony and evidence proffered by him should be excluded. *See also e.g. Jerid Enterprises, LLC v. Lloyd's London*, 2012 WL 6115673 (N.D. Ind. 2012) ("His only purportedly relevant training and experience includes: his vague recollection . . . his experience taking Meteorology 101; and 'hearing from people and seeing and watching on PBS and stuff like that.' That is not enough.")

## IV. NEVILLE'S CONCLUSION IS NOT RELIABLE

Neville is not "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. As such, the conclusion that he reaches is unreliable and should be accorded no consideration. "It cannot be said with 100% certainty that Malibu Media's movies were <u>never</u> on the spoiled drive." Declaration of Patrick Paige, CM/ECF 139-1, at ¶ 3. And, "[i]t is not true that every single file deleted on the night of December 22, 2013 was recoverable." *Id.* at ¶ 4. "There were over 1,500 files deleted that night that were overwritten by other files." *Id.* at ¶ 5. "Those 1,500 files are unrecoverable." *Id.* at ¶ 6.

"Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony ... is not only relevant, but reliable.' . . . this basic gatekeeping obligation applies . . . to all expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999). This Court has an

obligation to bar unreliable evidence proffered by unqualified individuals attempting to testify as experts. As such, Delvan Neville, who has no knowledge, skill, experience, training, or education in computer forensics is not qualified as a computer forensics expert and is not entitled to render his unreliable opinion in this case.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject motion and exclude testimony and evidence proffered by Delvan Neville.

DATED: August 4, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By:     /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Paul J. Nicoletti*