UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO and N. CHARLES TASHIRO<br><br>Defendants. | Civil Action No. 1:13-cv-00205-WTL-MJD |

**N. CHARLES TASHIRO'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES, the Defendant, N. CHARLES TASHIRO, by her attorneys, Shay Phillips, Ltd., through Jonathan LA Phillips.  In response to the numbered paragraphs and sentences of the Second Amended Complaint, N. Charles Tashiro admits, denies, or otherwise responds as follows:

Response to Allegations

1. N. Charles Tashiro admits that Plaintiff purports to bring its claims under the Copyright Act of 1976, as amended, denies all other allegations as being legal conclusions, requiring no response, but specifically denying any violation of the Copyright Act of 1976.

2. N. Charles Tashiro denies that he is a "persistent online infringer" of Plaintiff's copyrights.  N. Charles Tashiro is without sufficient information to admit or deny the remainder of the allegations of ¶2 of the Amended Complaint, therefore denying the same, and demanding strict proof thereof.  As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

3. Denied.  N. Charles Tashiro hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof.  By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement.

4. N. Charles Tashiro admits that the claims alleged fall within the jurisdiction of this Court. By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement.

5. Denied. N. Charles Tashiro hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof. By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary.

6. Denied. N. Charles Tashiro hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof. By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement.

7. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

8. Admit.

9. N. Charles Tashiro is without sufficient information to admit or deny the remainder of the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

10. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore, denies the same and demanding strict proof thereof. In the way of further answer, allegations contained within this paragraph regarding to DMCA notices and regulatory enforcement actions are denied as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure.

11. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. N. Charles Tashiro does, however, deny that any known BitTorrent specification refers to pieces as "bits."

12. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. N. Charles Tashiro does, however, deny that any known BitTorrent specification refers to pieces as "bits."

13. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. N. Charles Tashiro does, however, deny that any known BitTorrent specification refers to pieces as "bits."

14. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. N. Charles Tashiro does, however, deny that any known BitTorrent specification refers to pieces as "bits."

15. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. N. Charles Tashiro does, however, deny that any known BitTorrent specification refers to pieces as "bits."

16. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. N. Charles Tashiro does deny that any company by the name of IPP performed any investigation, and specifically notes that various aliases of IPP INT UG have been improperly utilized throughout these proceedings. By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

17. Denied. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary. N. Charles Tashiro does deny that any company by the name of IPP performed any investigation, and specifically notes that various aliases of IPP INT UG have been improperly utilized throughout these proceedings. N. Charles Tashiro further denies that any known BitTorrent specification refers to pieces as "bits."

18. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

19. Denied. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary. N. Charles Tashiro specifically denies that any company by the name of IPP performed any investigation, and specifically notes that various aliases of IPP INT UG have been improperly utilized throughout these proceedings. N. Charles Tashiro further denies that any known BitTorrent specification refers to pieces as "bits."

20. Denied as to the allegations of downloading "bits." As to the remainder of the allegations, N. Charles Tashiro is without sufficient information to admit or deny those allegations, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against her co-defendant, the same are not directed at her, and no answer is necessary. N. Charles Tashiro further denies that any known BitTorrent specification refers to pieces as "bits."

21. N. Charles Tashiro admits that Exhibit B exists, but is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement.

22. N. Charles Tashiro denies having distributed any digital media files and specifically denies the misleading characterization that the "infringement . . . emanated from Defendant's household" as a gross misunderstanding of the mechanics of wireless router technology. N. Charles Tashiro is without sufficient information to admit or deny the remainder of the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

23. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by N. Charles Tashiro. The allegation is appropriately denied.

24. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by N. Charles Tashiro. The allegation is appropriately denied.

25. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by N. Charles Tashiro. The allegation is appropriately denied.

26. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by N. Charles Tashiro. The allegation is appropriately denied.

27. N. Charles Tashiro admits he believes Kelley Tashiro to be a Rick Springfield fan, that may have written about him on her social media sites. The remainder of the allegations are directed to Kelley Tashiro, and no answer is made to the same. Insofar as an answer is required, the same is denied.

28. This allegation is unclear on which "Defendant" the Plaintiff is referring to, and accordingly, cannot be answered by N. Charles Tashiro. The allegation is appropriately denied. By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement.

29. Denied.

30. Admit.

31. Denied. N. Charles Tashiro admits his wife's name was on the internet account, but the service was shared in the household and "she did not provide[] internet access to her husband," the service was to the home, for the use of those in the home.

32. Admit.

33. Insofar as this allegation suggests testimony was taken, the same is denied. Further, deny any conclusions drawn in note one to this paragraph.

34. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

35. Admit.

36. N. Charles Tashiro admits he is of Japanese ancestry, having lived in the United States since he was a small child. N. Charles Tashiro is without sufficient information to admit or deny the remainder of the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof, while noting that it is quite inappropriate and racist, to suggest that one's ancestry necessarily dictates the type of content consumed by the individual. *See,* Fed. R. Civ. P. 12(f).

37. Deny.

38. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof.

39. N. Charles Tashiro admits that Plaintiff appears to have retained lawyers throughout the country including Mr. Nicoletti and Mr. Lipscomb in Florida.  Upon information and belief, N. Charles Tashiro denies that Plaintiff is necessarily obligated to pay a reasonable fee for the service, or that fees assessed thus far in the proceedings are reasonable.

Count I

40. N. Charles Tashiro hereby restates, and realleges as if set forth herein, the answers to the allegations of ¶¶1-39.

41. Denied.  N. Charles Tashiro hereby denies all allegations contained within this paragraph as being conclusions of law to which no response is required pursuant to the Federal Rules of Civil Procedure and demands strict proof thereof.  By the way of further answer, N. Charles Tashiro is not liable for any type of copyright infringement.

42. Deny. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

43. N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

44. The allegations of this paragraph is denied as consisting of legal conclusions to which no response is necessary.  Insofar as answer is required, N. Charles Tashiro is without sufficient information to admit or deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

45. The allegations of this paragraph are denied as consisting of legal conclusions to which no response is necessary.  Insofar as answer is required, N. Charles Tashiro is without sufficient information to admit or

deny the allegations of this paragraph, therefore denying the same, and demanding strict proof thereof. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

## Count II

46. N. Charles Tashiro hereby restates, and realleges as if set forth herein, the answers to the allegations of ¶¶1-39.

47. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

48. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

49. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

50. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

51. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

52. As to allegations leveled against his co-defendant, the same are not directed at him, and no answer is necessary.

## Affirmative Defenses

### First Affirmative Defense – Declaratory Judgment

53. Malibu incorrectly alleges that N. Charles Tashiro willfully infringed its exclusive rights under all sections of the Copyright Act alleged.

54. Defendant has neither infringed the copyrights of Malibu nor violated any exclusive rights held by Malibu under the Copyright Act. Defendant neither currently nor ever owned a computer with a BitTorrent Client

installed on it as it is alleged by Plaintiff in the Complaint. Thus, the N. Charles Tashiro denies the allegations of copyright infringement raised by Plaintiff.

### Second Affirmative Defense - Fed. R. Civ. P. 12(b)(6)

55. N. Charles Tashiro argues that Plaintiff has failed to state a sufficient factual basis to sustain the cause of action it asserts, and therefore, requests dismissal of Malibu's Complaint.

56. Further, Malibu is unable to demonstrate that N. Charles Tashiro committed a volitional act of infringement, and accordingly, Malibu is wrongfully sustaining this action against N. Charles Tashiro.

57. Malibu is unable to prove that N. Charles Tashiro's alleged activities even constituted an act of infringement in that it cannot be demonstrated based upon the Complaint and Exhibits that N. Charles Tashiro made a complete copy of any works Malibu allegedly holds rights in.

### Third Defense – Failure to Mitigate Damages

58. Upon information and belief, *if* Malibu or its agents are not the initial seeders, Malibu's materials are placed on BitTorrent within hours of release on the Malibu website.

59. Malibu has failed to undertake any reasonable efforts to prevent such actions.

60. Malibu has failed to attempt to identify and bring suit against initial seeders.

61. Malibu has made no attempt to mitigate any actual or perceived damages, which N. Charles Tashiro expressly denies. Accordingly, N. Charles Tashiro requests the dismissal of the Complaint for Malibu's failure to take any steps to mitigate its damages.

### Fourth Defense – De Minimis Non Curat Lex

62. N. Charles Tashiro asserts that the claim for infringement is barred by the doctrine of de minimis non currant lex (the law cares not for trifle) or de minimis use.

63. Any allegation of infringing activity via N. Charles Tashiro's internet connection was a snapshot, a moment, a single bit of unusable data, and Malibu lacks evidence as to the extent and duration of the alleged infringing activity and whether or not it was proximately or indirectly caused or contributed to by N. Charles Tashiro.

Fifth Defense – Innocent Infringement

64. Notwithstanding all denials and other defenses, and without admitting any conduct alleged, even if N. Charles Tashiro is found to have infringed the alleged copyrighted material, N. Charles Tashiro requests that this Court waive or eliminate damages because N. Charles Tashiro is an innocent infringer under the law as her accessing of any content would not have been willful and, instead, would have been in good-faith.

Sixth Defense – Barring of Statutory Damages and Attorney's Fees

65. Malibu's claim for statutory damages is in violation of the United State's Constitution. Among other rights, the fifth amendment provides a right to due process. The United States Supreme Court has held that due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. *See, State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003). An award of statutory damage at four times actual damages "might be close to the line of constitutional impropriety." *Id.* Further, upon information and belief, if all of Malibu's settlements for infringement for participation in the swarms alleged were added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

66. Upon information and belief, the dates of first publication for several of the films were prior to registration by 90 days, and infringement occurred prior to registration, thus barring an award of statutory damages.

67. Pursuant to the above applicable law, and other law, regarding whether statutory damages are constitutional and to what extent, Malibu's recovery, if any, must necessarily have some reasonable relationship to its alleged actual damages caused by the alleged infringement.

Seventh Defense – Failure to Join an Indispensable Party

68. N. Charles Tashiro asserts that the affirmative defense of failure to join an indispensible party. N. Charles Tashiro did not engage in any of the downloading and/or infringement alleged by Malibu. Malibu has failed to include individual(s) who actually may have engaged in the activity in the swarms alleged. These

persons, if they even exist, are indispensible parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure.  Because of, and for, this failure, Malibu's Complaint should be dismissed with prejudice.

### Eighth Defense- Unclean Hands

69. Malibu's claims are barred by the doctrine of unclean hands.

70. Upon information and belief, Malibu has flaunted Federal Laws concerning record keeping for the purposes of preventing use of underage performers in pornographic films when making the Works in question, which are advertised, occasionally, as starring "teens."

71. Upon information and belief, Malibu has flaunted city ordinances concerning the location of filming when making the Works in question.

72. Upon information and belief, Malibu has flaunted local ordinances meant to prevent the transmission of HIV/AIDS and other sexually transmitted infections when making the Works in question.

73. Having flaunted, upon information and belief, multiple laws when creating the Works in question, Malibu cannot now seek thousands of dollars of damages, profiting from its law-breaking.

### Ninth Defense – Re: Injunctive Relief

74. Malibu is not entitled to injunctive relief, because any alleged injury to it is not immediate or irreparable.

75. Indeed, Malibu, through its inspection of hard drives, has found that there are not Malibu files on the hard-drives, and accordingly, no injury that is immediate or irreparable is occurring, in that files that don't exist cannot be causing harm.

### Tenth Defense – License, Consent, & Acquiescence

76. Even if N. Charles Tashiro were to have participated in the swarm, which she did not, Malibu's claims are barred by its implied license, consent, and acquiescence to N. Charles Tashiro, because it authorized use via BitTorrent.

77. Upon information and belief, agents of Malibu, namely IPP INT UG, actively seed Works, which may include those of Malibu.  Accordingly, upon information and belief, through principals of agency, Malibu has consented to the download of its Works.

<u>Eleventh Defense – Non-exclusive ownership of Copyright</u>

78. Upon information and belief, certain individuals retain copyright interests in the Works.

79. Upon information and belief, Malibu has not obtained exclusive rights to the Works, barring it from asserting any copyright claims.

WHEREFORE, Defendant respectfully requests that this Court:

A. Enter judgment in favor of the Defendant, and against the Plaintiff, denying Plaintiff's requested relief and dismissing the Plaintiff's Complaint, with prejudice;

B. That this Court award reasonable attorney's fees as authorized by statute – as part of costs, as well as costs of this action to the Defendant, to have and recover from the Plaintiff; and

C. That this Court provide any other relief it deems just, proper, and equitable in this instance.

Dated:  September 23, 2014            Respectfully submitted,
                                      N. CHARLES TASHIRO,

                                      <u>/s/ Jonathan LA Phillips</u>
                                      Jonathan LA Phillips
                                      *Attorney for Defendant*
                                      Shay Kepple Phillips, Ltd
                                      456 Fulton St.
                                      Ste. 255
                                      Peoria, Illinois 61602
                                      309.494.6155 (p)
                                      309.494.6156 (f)
                                      jphillips@skplawyers.com

## CERTIFICATE OF SERVICE

I certify that on September 23, 2014, a copy of the foregoing was served upon all counsel of record through filing the same utilizing the Court's CM/ECF system.

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Kepple Phillips, Ltd
456 Fulton St.
Ste. 255
Peoria, Illinois 61602
309.494.6155 (p)
309.494.6156 (f)
jphillips@skplawyers.com