**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:13-cv-00205-WTL-MJD |
| ) | |
| v. ) | |
| ) | |
| KELLEY TASHIRO, and ) | |
| N. CHARLES TASHIRO ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SUPPLEMENT TO ITS MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR SPOLIATION OF EVIDENCE AND PERJURY [CM/ECF 130]**

**I.     INTRODUCTION**

Since Plaintiff filed its Motion for Sanctions against Defendants for Spoliation of Evidence and Perjury (the "Motion"), further evidence of perjury has come to light. Specifically, despite Kelley Tashiro repeatedly representing under oath that she has never received a DMCA notice from her Internet Service Provider notifying her of copyright infringement traced to her internet account, she was actually sent seven (7) such notices between May 2, 2011 and October 8, 2012. Additionally, Defendant N. Charles Tashiro provably perjured himself during his deposition by claiming that he only ever used BitTorrent to download music when in fact he also used it to download adult content films. Further, although not disclosed to Plaintiff until May 31, 2014, Defendant N. Charles Tashiro used the missing Western Digital Hard Drive on December 22, 2013 and then hid it from Plaintiff when the four other drives were turned over to Q-Discovery for forensic imaging the next day. Additionally, Defendants shipped the hard drive across the country to their purported expert risking its destruction or losing it in the mail before it was disclosed to Plaintiff. The misrepresentations and flat-out lies continue to surface. The

1

Defendants cannot be believed and they have shown over and over again that they cannot be trusted. The lies must be stopped. Accordingly, this Court should grant Plaintiff's Motion for Sanctions.

## II.     DEFENDANTS SHOULD BE SANCTIONED FOR COMMITTING PERJURY

### a. Defendant Kelley Tashiro Committed Perjury Regarding DMCA Copyright Infringement Notices Sent to Her by Her ISP

Defendant Kelley Tashiro repeatedly lied under oath by claiming that she never received a DMCA notice from Comcast. In responding to Plaintiff's Interrogatory No. 11, which asked Defendant to identify any *notices of copyright infringement* received from Comcast in the last two years, Defendant responded that she received no such correspondence.

> **Plaintiff's Interrogatory No. 11:** Identify any communication you have received from your ISP in the last two years including any changes regarding the terms of your contract or agreement, and any notices you have received, including but not limited to notices of copyright infringement.
>
> **Defendant's Response:** Yearly updates to service from Comcast. No other communications other than billings.

Further, Plaintiff's Request for Production No. 7 specifically sought production of all Digital Millennium Copyright Act notices Comcast sent to Defendant. Defendant's response states that "no Digital Millenium [sic] Copyright Act Notices have ever existed."

> **Plaintiff's Request for Production No. 7:** All documents referring, relating to, or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, and Digital Millennium Copyright Act notices.
>
> **Defendant's Response:** Tashiro has no such documents other than those of Response 3-38, 235-286. In particular, no Digital Millenium Copyright Act Notices have ever existed. Further see Response to Request Five.

Plaintiff deposed Comcast on August 22, 2014. Prior to the deposition and pursuant to Plaintiff's subpoena requesting such documents, Comcast produced seven (7) different DMCA

notices that were sent to Defendants which should have been identified and produced by Defendant in response to Plaintiff's discovery. Defendant failed to identify or produce a single one. Providing knowingly false answers to interrogatories constitutes perjury and "obstruct[s] the 'judicial process' – a process which 'clearly includes a party's right to full, complete, and truthful discovery." *Dotson v. Bravo*, 202 F.R.D. 559, 573 (N.D. Ill. 2001) aff'd, 321 F.3d 663 (7th Cir. 2003) (sanctioning party for perjurious answers to interrogatories.). Accordingly, Defendants should be sanctioned.

      b.  <u>Defendant N. Charles Tashiro Lied About the Extent of His BitTorrent Use</u>

On February 25, 2014, Plaintiff deposed Defendant N. Charles Tashiro. During his deposition, Defendant testified that he had only ever used BitTorrent to download music.

> **Q**: When you used BitTorrent, what did you use BitTorrent for?
> **A**: Mostly for music.

Deposition of N. Charles Tashiro, at p. 26:22-24

> **Q**: BitTorrent was used just for music?
> **A**: Yes.

*Id*. at p. 27:12-13

> **Q**: But I just want to confirm that you only used BitTorrent for downloading of music?
> **A**: That's correct.

*Id*. at p. 63:12-14

> **Q**: Would you clarify your testimony to say that you actually have downloaded from a file sharing service?
> **A**: Yes, I would.
> **Q**: Can you tell me the extent of that?
> **A**: Only for downloading music.

*Id*. at p. 70:16-21

Defendant's deposition testimony is an intentional lie. Plaintiff served Requests for

3

Admission on Defendant N. Charles Tashiro on June 18, 2014. His responses prove that he used BitTorrent for more than just music. Indeed, Defendant admits that he used BitTorrent to download adult content films produced by or posted to various adult websites. Subject to the same frivolous objection regarding harassment and relevance, Defendant admitted each of the following:

> **Request for Admission No. 14**: Admit that you used BitTorrent to download adult films posted to or produced by the website DeviceBondage.com.
>
> **Request for Admission No. 15**: Admit that you used BitTorrent to download adult films posted to or produced by the website SexAndSubmission.com.
>
> **Request for Admission No. 16**: Admit that you used BitTorrent to download adult films posted to or produced by the website WhippedAss.com.
>
> **Request for Admission No. 17**: Admit that you used BitTorrent to download adult films posted to or produced by the website HogTied.com.
>
> **Request for Admission No. 18**: Admit that you have heard of the four websites listed in numbers 14-17 above.
>
> **Request for Admission No. 19**: Admit you used BitTorrent to download adult content.

Significantly each of the websites listed above was also detected by Plaintiff's investigator and listed on Plaintiff's Additional Evidence report showing third party works that were downloaded through BitTorrent. Plaintiff's computer forensics expert also found movies from these websites that were deleted on the night of December 22, 2013, when Defendant N. Charles Tashiro spoiled one of the hard drives before turning it over to Plaintiff.

### III.   **DEFENDANTS PURPOSEFULLY WITHHELD RELEVANT EVIDENCE FROM PLAINTIFF**

On April 8, 2014, after being informed by its computer forensic expert that numerous drives and devices had not been disclosed or produced by the Defendants, undersigned emailed defense counsel inquiring about the existence of a Western Digital hard drive which Defendants

failed to disclose.  For nearly two (2) months thereafter, defense counsel maintained that such a hard drive did not exist through obnoxiously worded e-mails containing Rule 11 threats and even at a teleconference before Your Honor.  Whether defense counsel knew it or not, however, the hard drive that Plaintiff was trying so hard to prove existed was sitting in the Tashiros' home.  Indeed, Defendant N. Charles Tashiro knew quite well that the drive existed because he used it on the night of December 22, 2013.

> **Request for Admission No. 21**: Admit that you used the Western Digital hard drive that was disclosed to Plaintiff on May 31, 2014 in Defendant's Fourth Supplement to Answers to Plaintiff's First Set of Interrogatories on December 22, 2013.
>
> **Defendant's Response**: Admit.

Significantly, although he had used it the night before, Defendant N. Charles Tashiro did *not* include the Western Digital hard drive with the other four (4) hard drives that were produced to Q-Discovery on December 23, 2013 for forensic imaging and subsequent inspection by Plaintiff.  The only possible explanation for why Defendant N. Charles Tashiro used the Western Digital hard drive the previous night but failed to produce it the following day, is that he made the affirmative choice to exclude it and keep it from Plaintiff.  Accordingly, that Defendant answered Plaintiff's Request for Admission by denying the statement "[a]dmit that the above omission was intentional[,]" is confounding and dishonest.

Further, Defendants egregiously sent the Western Digital hard drive across the country to their purported expert in Oregon before they chose to disclose it to Plaintiff.  Significantly, Defendants and their counsel were acutely aware that Plaintiff was after the Western Digital drive starting in the first week of April.  Thus, withholding the drive from Plaintiff's knowledge and view until the end of May so that they could secretly have it shipped to and examined by their purported expert before even making Plaintiff aware of the fact that its computer forensics

expert was correct and they did in fact own a Western Digital hard drive just as he said, is clearly bad faith litigation. At the very least Plaintiff should have been informed that the drive existed and extended the courtesy of knowing that the drive would be shipped to their examiner before Plaintiff could image and review it. Instead, however, they secretly shipped it across the country risking loss, damage, or destruction before even telling Plaintiff about it. Had the drive been lost or destroyed Defendants would likely have never disclosed the drive to Plaintiff and instead quietly let relevant material evidence slip away unknown.

Defendants are clearly litigating this case in bad faith and are doing everything possible to avoid being held to account. They have deleted evidence, purposefully hidden evidence, failed to disclose evidence, and committed perjury on numerous different topics. Such games are severely hampering the administration of justice and prejudicing Plaintiff's ability to litigate. Discovery is not a game for Defendants to play leisurely, sometimes telling the truth, sometimes outright lying, disclosing evidence when it's convenient and hiding it when it is not. This Court should not countenance such actions. Accordingly, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Sanctions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

DATED: September 2, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009

6

Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*