IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO and N. CHARLES TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**DEFENDANTS' RESPONSE TO:
PLAINTIFFS SUPPLEMENT TO ITS MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR SPOLIATION OF EVIDENCE AND PERJURY**

**I.  Introduction**

This is a $21,000 case, *at* best.[1]  Yet, Malibu continues tossing round after round of noodles at the wall.  Nothing sticks.  In Malibu's latest iteration of running up disproportionate legal fees for a low value case, Malibu has supplemented a Motion it has filed twice already with allegations it already knew were incorrect.  Malibu has *absolutely no evidence* that either of the Defendants downloaded the works complained of in the Second Amended Complaint.  Thus, it is desperately struggling to keep this case from moving forward, where a jury will see through Malibu's smoke and mirrors.  It attempts to do so by seeking the most severe sanction it can dream of, a default.  Such incredible relief is inappropriate for what is, at worst, an innocent mistake or two.  The points raised in the supplement, and only those points, are addressed below.  Because there is no law cited in the Supplement, no legal argument is made herein.[2]

---

[1] Malibu has stipulated to a maximum damage of $750 per work for each of the 28 works.
[2] It is assumed that Malibu will not inappropriately start making new legal argument in the reply, which the Defendants would, procedurally, be unable to follow up on.

1

**II. Argument**

Malibu's supplement consists of a few manufactured allegations that fail to hold water. Malibu alleges that Kelley Tashiro received DMCA notices and lied about it. She did not receive DMCA notices, and Malibu knows it. It alleges that Charles Tashiro lied in his deposition. Charles Tashiro, a non-party when deposed, did not knowingly misstate anything in his deposition. It alleges that Charles Tashiro withheld evidence when he wasn't a party to this case and misstated his intentions. Why Malibu just now brings these to the Court's attention is unknown, but each allegation is easily addressed below.

A.   Malibu knows Kelley Tashiro was *not* sent DMCA notices

Malibu asked Kelley Tashiro if she received any DMCA notices. She did not, and she said so. Indeed, everyone in these proceedings is aware that the primary Comcast account – the one that would have received such notice – was the NCTASHIRO account. The exhibits during the Comcast deposition suggest as much. This is not Kelley Tashiro's account. See, Decl. of N. Charles Tashiro. She would not receive any emails from Comcast at NCTASHIRO@COMCAST.NET. Common sense, based upon the initials, would suggest that her husband, who was *not* a party to the litigation at the time the question was asked, was that account holder. Common sense is correct. *Id.* Even he doesn't recall receiving such notices.

Malibu knew all of this, but having no evidence that either of the Tashiros infringed its works,[3] it is desperate. Accordingly, Malibu ignored known facts in an attempt to short circuit the truth-finding process in this case. Kelley Tashiro did not commit perjury and she cannot be sanctioned for unsupported allegations conjured up by Malibu.

---

[3] Malibu's reliance on inadmissible character evidence of activities that, at worst, are time barred claims, does not prove the allegations in its Second Amended Complaint.

2

### B.  Charles Tashiro did not lie in his deposition

Charles Tashiro was deposed in February 2014. At that time, there was no suggestion that he would be a party to this litigation. He was deposed, and answered vague questions about a decade's worth of his life to the best of his ability. Indeed, Malibu questioned Charles Tashiro about BitTorrent clients that were *last* released seven years prior.[4] Charles Tashiro, like all humans, can only testify to what he remembered that day in February, when Malibu was playing a game of "gotcha." Once he was made a party, and asked about specific websites, Mr. Tashiro's memory was jogged. See, Decl. of Charles Tashiro. He didn't lie in his deposition, Malibu simply didn't attempt to ask any specific questions.

Malibu wishes to claim victory in this case pronto – before discovery has even closed – including against Kelley Tashiro. Its only reason for doing so is fashioning purported perjury from whole cloth loosely based a non-party's answers to vague questions about activities in the distant past. Ignoring for a moment that Mr. Tashiro testified to the best of his ability, it is absurd to suggest that Malibu should benefit from its serial, out-of-order, method of (not) moving this case forward.[5] Kelley Tashiro cannot be punished for the lapsed memory of a non-party. Just because Malibu *later* sued Mr. Tashiro doesn't mean that Kelley Tashiro should be punished.

### C.  Accusations surrounding the Western Digital hard drive are attributable to Malibu's failure to provide intelligible requests to admit

Malibu continues in its complaints about the non-disclosure of a hard drive that Kelley Tashiro did not know existed. As has already been addressed, Kelley Tashiro did not know of the drive when production was made. Charles Tashiro was not a party then. Kelley hid nothing.

---

[4] "Have you ever heard of the BitTorrent client called BitTornado?" Dep. of N. Charles Tashiro, 46:8-9; *see,* BitTornado, Wikipedia, *available at*, http://en.wikipedia.org/wiki/BitTornado (indicating the last release of BitTornado to be almost 8 years from the date of filing).

[5] That is, perhaps Malibu should have come armed with the specific questions it asked in its requests to admit, and that could have jogged Mr. Tashiro's memory. Malibu has, essentially played a "gotcha" game with Mr. Tashiro, having specifics, but refusing to ask them at a deposition. Thus, it was able to later jog his memory and accuse him of being a liar once it actually made him a party.

Having effectively lost that argument, Malibu, following its standard method of operation, simply makes a new argument on the same point, which it could have brought before, and Charles Tashiro of having used the drive – and thus hiding it.

Again, to begin with, Charles Tashiro was not a party to the litigation when the drive was to be turned over. He hid nothing from Malibu. Further, Malibu and the Tashiros disputed, at length, what was meant by "used" in the inartfully drafted requests to admit issued. Indeed, Malibu cites to requests to admit without noting that these were amended requests wherein it had to define the term. In defining "used," Malibu chose to include simply plugging a device in. Plugging a device in doesn't suddenly make it relevant for the purposes of discovery, but with such an absurdly broad definition, Mr. Tashiro had to admit "using" the drive, even though he didn't use it as this Court or he would understand it.

Malibu then takes another step, and without citing the to relevant discovery, complains that Tashiro did not admit that the failure to disclose was intentional. This Court may recall that these requests were the subject to of a Rule 37-1 Conference. To begin with, the request sought to have the "above omission was intentional" admitted. The "above omission" was objected to in the responses. That objection has not been ruled upon. Further, Malibu's speculation about intentions of Charles Tashiro ignores a variety of things, including possible attorney-client or attorney work product protected decision making as to what was or was not relevant. If Malibu has issues with the requests to admit responses, it should file a proper motion for fees if, a big if, it proves that Charles Tashiro did not tell the truth in his responses. Malibu should not seek to deny the Tashiros the right to have this case adjudicated based upon its speculation.

### III. Conclusion

Malibu is trying to manufacture issues that don't exist from whole cloth. Its motion, filed several months ago, and just now supplemented, should be denied.

Respectfully submitted,

/s/ Jonathan LA Phillips
One of their attorneys
Shay Phillips, Ltd.
456 Fulton St. | Ste. 255
Peoria, IL 61602
309.494.6155 | jphillips@skplaywers.com
IL ARDC No. 6302752

**CERTIFICATE OF SERVICE**

I certify that on October 17, 2014, a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips