UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:13-cv-205-WTL-MJD |
| | ) | |
| KELLEY TASHIRO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

This cause is before Court on the Plaintiff's motion to strike several of the affirmative

defenses pled in Defendant Kelley Tashiro's Answer to the Plaintiff's Second Amended

Complaint (hereinafter referred to simply as "Answer").  The motion (Dkt. No. 132) is fully

briefed and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the

motion for the reasons set forth below.

Affirmative defenses will be stricken "only when they are insufficient on the face of the

pleadings."  *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989).

Motions to strike are not favored and will not be granted unless it appears to a certainty that

plaintiffs would succeed despite any state of the facts which could be proved in support of the

defense and are inferable from the pleadings.[1]  *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388,

1400 (7th Cir. 1991) (citations and internal quotation marks omitted).

Defendant Kelly Tashiro asserts ten affirmative defenses in her Answer; the Plaintiff

moves to strike four of them.  Tashiro first argues that the motion to strike is untimely; it is not.

---

[1]The Seventh Circuit has not yet determined whether the more stringent pleading
standard for complaints set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) *and
Ashcroft v. Iqbal*, 127 S.Ct. 1937 (2009), also applies to affirmative defenses.  The Court
therefore will apply the standard set forth by the Seventh Circuit in *Williams*.

Federal Rule of Civil Procedure 12(f) provides that a motion to strike an affirmative defense from a pleading must be filed "within 21 days after being served with the pleading." Tashiro argues that because she asserted the same affirmative defenses in her two previous answers, any motion to strike them had to be filed within 21 days of the first answer. This argument ignores the plain language of Rule 12(f), which bases its deadline from the date of being served with "the pleading" not, as Tashiro reads it, with "the defense." It also "sidesteps basic pleading principles. . . . 'When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses.'" *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) (quoting *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999) and citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 at 636 (3d ed. 2010)). Accordingly, in *Chasensky*, the Seventh Circuit held that the defendants did not waive the defense of qualified immunity by failing to raise it in response to the original complaint; "[t]hat the defendants did not raise qualified immunity earlier in response to Chasensky's original complaint is irrelevant because the defendants raised the defense of qualified immunity at the very first opportunity after Chasensky filed her amended complaint." Applying that reasoning here, the filing of a second amended complaint "wiped away" the prior complaint and the prior answer; just as Tashiro was free to plead new defenses in her Answer— even if those defenses were equally applicable to the prior complaints—so, too, was the Plaintiff free to move to strike the affirmative defenses in the Answer, even though the Plaintiff failed to do so in response to the prior answers. Tashiro has cited no authority to the contrary.

    With regard to the merits of the Plaintiff's motion, it moves to strike Tashiro's third affirmative defense, the failure to mitigate damages, on the ground that that defense is

unavailable to Tashiro because the Plaintiff is seeking only statutory damages.  While the

Plaintiff cites several unpublished district court cases that so hold, it quite remarkably[2] neglects

to mention the fact that several other district court cases—including two in this district—have

held otherwise, "reasoning that 'because [courts] ha[ve] broad discretion in determining how to

award statutory damages and may consider actual damages as a factor in making that

determination, a failure to mitigate damages may remain relevant, particularly because one

purpose of statutory damages is to approximate actual damages that are difficult to prove.'"

*Malibu Media, LLC v. Zumbo*, 2014 WL 2742830 at *3-4 (M.D. Fla.  June 17, 2014) (quoting

*Malibu Media, LLC v. Doe*, 2014 WL 1031336 at *2 (N.D. Ind. Mar.17, 2014) and citing *Malibu

Media, LLC v. Julien*, 2013 WL 5274262 at *2 (S.D. Ind. Sept.17, 2013); *Malibu Media, LLC v.

Reeves*, 2013 WL 5487424 at *2–3 (S.D. Ind. Sept.27, 2013)).  The Court finds the reasoning of

these cases persuasive, and further finds that Tashiro could prove facts that would support the

defense.  Accordingly, the Court declines to strike Tashiro's third affirmative defense.

Next, the Plaintiff moves to strike Tashiro's eighth, ninth, and tenth affirmative defenses

on the ground that they are insufficiently pled.  The Court agrees as to the eighth affirmative

defense, which reads simply "[Plaintiff's] claims are barred by the doctrine of unclean hands."

This conclusory statement is insufficient even under the liberal pleading standard for affirmative

defenses.  However, the Court finds the tenth affirmative defense, which reads "Even if Kelley

Tashiro were to have participated in the swarm, which she did not, [Plaintiff's] claims are barred

by its implied license, consent, and acquiescence to Kelley Tashiro, because it authorized use via

---

[2]While none of these cases are binding precedent, obviously, neither are any of the cases
cited by the Plaintiff.  It was disingenuous of Plaintiff's counsel to cite only to the cases that
support his position, especially in light of the fact that he was also counsel of record in three of
the cases he failed to acknowledge.  The Court expects Plaintiff's counsel to more diligently
heed his duty of candor to the tribunal in all future filings.

BitTorrent," to be adequately pled.  The question of whether the Plaintiff authorized use of its copyrighted material is, of course, a question of fact, and the question of what the requirements of an implied license are is a question of law that the Court declines to resolve based on the minimal discussion in the parties' briefs.

Finally, with regard to Tashiro's ninth affirmative defense, which reads "[Plaintiff] is not entitled to injunctive relief, because any alleged injury to it is not immediate or irreparable," to the extent that the Plaintiff argues that an immediate or irreparable injury is not necessary to obtain injunctive relief in a copyright infringement case, it is only half right; while the immediacy requirement is relevant to the consideration of whether preliminary, not permanent, injunctive relief  is appropriate, a showing of irreparable injury is required before permanent injunctive relief may be granted.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-92 (2006) (addressing patent law); *Flava Works, Inc. v. Gunter*, 689 F.3d 754 (7th Cir. 2012) (applying *eBay Inc.* holding to copyright cases).  The Court therefore declines to strike this affirmative defense.

In conclusion, the Plaintiff's motion to strike (dkt. no. 132) is **GRANTED** as to affirmative defense 8 (unclean hands) and **DENIED** in all other respects.

SO ORDERED: 10/29/14

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copy to counsel of record via electronic notification

4