IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO and N. CHARLES TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**DEFENDANTS' LIST OF WITNESSES, PROPOSED TESTIMONY, & EXHIBITS SUBMITTED PER ORDER SETTING EVIDENTIARY HEARING (ECF DOC. 165)**

The Defendants, KELLEY TASHIRO and N. CHARLES TASHIRO, come to this Honorable Court and per its Order (ECF Doc. 165) submit as follows:

**I. Introduction**

The Court's Order of November 25, 2014 required the parties to provide a list of witnesses that the parties intend to present. Section II of this document provides a list of the witnesses that the Defendants intend to call to make their case. Without knowing what the Plaintiff will present to meet its clear and convincing evidence standard, it is unknown if there will need to be any rebuttal witnesses, but considering the narrow issues involved, it appears unlikely. Similarly, with the exhibits disclosed in § III of this document, it is impossible to determine what, if anything might be utilized to impeach any witnesses to be called by the Plaintiff. Thus, the Defendants respectfully reserve their right to seek leave to seasonably amend this filing.

**II. Witnesses expected to be called**

A.  <u>Kelley Tashiro</u>. The Defendants intend to call Kelley Tashiro for the evidentiary hearing. Kelley Tashiro will testify, among any other appropriate matters, that she never used BitTorrent to download any Malibu Media, LLC works, that she never used BitTorrent to download

any Malibu Media, LLC works complained of, that she identified over all hard drives that she was aware of, that she inquired as to the locations of any and all hard drives in her home, that at least one of the hard drives in the home was the hard drive of a deceased friend, that there was no non-disclosure of drives she did not know, or had forgotten, existed at the time, that she did what she made efforts to preserve any evidence she was aware of, that she never received any DMCA notices from her internet service provider.

      B.    <u>N. Charles Tashiro</u>. The Defendants intend to call Kelley Tashiro for the evidentiary hearing. Charles Tashiro will testify, among any other appropriate matters that he never used BitTorrent to download any Malibu Media, LLC works, that he never used BitTorrent to download any Malibu Media, LLC works complained of, that he was not a party to the litigation at the time that the discovery requests were propounded, that it is he, generally, maintained and would be the person in his household to know the location of electronic devices, computers, and hard drives in the home, that he provided his wife with all hard drives that he understood to be relevant to this litigation, that he was instructed by his wife not to delete any files from any hard drives, that he never purposefully, knowingly, or intentionally deleted any files from any hard drives, that he never purposefully, knowingly, or intentionally deleted any Malibu Media, LLC files from any hard drives, that he never purposefully, knowingly, or intentionally deleted any Malibu Media, LLC files complained of from any hard drives, that having never downloaded any Malibu Media, LLC works, that the reason to plug in any hard drives would have been to attempt to ascertain their relevance to this litigation and whether or not the drive had been used within the last two years, that if any deletion occurred it was inadvertent and not his intention, that after the alleged date of deletion he never used the external hard drives again, that he does not recall receiving any DMCA notices, but the email on the Comcast account was his, and as such, he would have received them, that at the time of his deposition he was a non-party to the litigation, that at the time of his

deposition he did not recall downloading anything other than music through file-sharing services, but as a party and when presented with distinct examples, his memory was jogged, that he had not used any file-sharing services in several years so that his memory was not sharpest on these points, that by the expansive definition of "use" in Request to Admit 21, by virtue of plugging in the drive to determine when it was actually last used, it was "used" by virtue of the reality bending definition provided by Malibu.

      C.    <u>Delvan Neville</u>.  The Defendants intend to call Delvan Neville for the evidentiary hearing.  Much of his testimony will be based upon and similar to, if not identical to, the averments made in his Declaration submitted to this Court (ECF Doc. 101-1).  Mr. Neville will testify to, among other things, the extent of his skills, training, knowledge, and experience with forensic examination, background information on the NTFS file system and the manner in which files are stored, recovered, and overwritten, his creation of forensically sound copies of the Defendant's hard drives he reviewed, his examination of the copies of the Defendants' hard drives and whether any files related to Malibu Media's complained of, or any other Malibu Media works were present on any of the drives, his recovery of deleted files and their contents, whether any file deleted was created before October 24, 2011, whether any file was modified or created after September 19, 2012, that there was no chance that any deleted file had been overwritten, that any recent .torrent or copyrighted media files would have remained on the drives, not being overwritten, that only four BitTorrent files were deleted on December 22, 2013, that analysis of all files, including those marked "deleted" but not overwritten shows that no Malibu Media works could have been on the drive complained of, and all necessary factual bases for the same.

   **III.   Exhibits expected to be presented**

      A.    <u>Drives.</u>  The Defendants will produce the forensically sound copy of the relevant drive(s) upon which Mr. Neville conducted his forensic examination, which has already been

produced to opposing counsel.  The Defendants may also produce the drive(s) that copies were made of, insofar as the Defendant has returned the same.  The Defendant has been provided the same.

      B.      <u>Reports</u>.  The Defendants may submit the report of Delvan Neville, as previously provided to opposing counsel, and as filed numerous times in this action, (ECF Doc. 101-1) into evidence.

    Respectfully submitted,

/s/ Jonathan LA Phillips
One of their attorneys
Shay Phillips, Ltd.
456 Fulton St. | Ste. 255
Peoria, IL 61602
309.494.6155 | jphillips@skplaywers.com
IL ARDC No. 6302752

## CERTIFICATE OF SERVICE

I certify that on December 15, 2014, a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips