**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO and N. CHARLES TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**DEFENDANTS FOURTH MOTION IN LIMINE**
**TO EXCLUDE DEPOSITIONS OF FEISER AND PATZER**

The Defendants, KELLEY TASHIRO and N. CHARLES TASHIRO, come to this Honorable Court and move it to exclude portions from the depositions of Tobias Fieser and Michael Patzer from the evidentiary hearing scheduled for January 29, 2015. In support of the same, the Defendants provide the attached memorandum and state as follows:

1. The Plaintiff asserts that it may introduce, as evidence, "Select portions from the Defendant's deposition of Tobias Fieser and Michael Patzer regarding Plaintiff's investigators infringement detection process and anything else about which they may be deposed." (ECF Doc. 169, at 2).

2. Defendants have not deposed either Tobias Feiser or Michael Patzer. The deposition Malibu is alluding to is unknown to the Defendants. If Malibu intends to bring in a deposition from *another* case, doing so would be inappropriate. Additionally, insofar as Malibu intends to bring a deposition from another case, it has not provided a copy of the same per the Court's Order. (ECF Doc. 165). Thus, such evidence should be barred as a sanction for Malibu's contemptuous behavior.

Civil contempt is meant to force a non-compliant party to comply with an order of the

Court." *Cunningham v. Hamilton County*, 527 U.S. 198, 207 (U.S. 1999), *citing, Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). The Court's civil contempt power is based in its inherent authority to enforce compliance with its orders and to conduct orderly proceedings. *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001), *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 737 (7th Cir. 1999).

Contempt occurs when "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1114 (N.D. Ill. 2012), *quoting, W. Bend Mut. Ins. Co. v. Belmont St. Corp.*, No. 09 C 354, 2010 U.S. Dist. LEXIS 136267, at *39 (N.D. Ill. Dec. 23, 2011); *see also, Dowell,* 257 F.3d at 699. It should go uncontroverted that this Court issued an unambiguous command and that the command was violated. Further, the violation was not a partial compliance, or near substantial compliance, but rather, was no compliance at all.

3. Further, the correlation of the infringement detection process is irrelevant to the matter at hand – purported deletion of files on a single hard drive and purported DMCA notices sent to Kelley Tashiro, versus another recipient. It would also confound the issues that are actually before the Court. As such, this evidence should be excluded under Federal Rules of Evidence 402 and 403.

4. Accordingly, any depositions of Fieser or Patzer should be excluded as evidence at the evidentiary hearing of January 29, 2015.

WHEREFORE, KELLEY TASHIRO and N. CHARLES TASHIRO respectfully request that this Honorable Court bar the deposition of either Tobias Fieser or Michael Patzer.

Respectfully submitted,

/s/ Jonathan LA Phillips

2

                    One of their attorneys
Shay Phillips, Ltd.
456 Fulton St. | Ste. 255
Peoria, IL 61602
309.494.6155 | jphillips@skplaywers.com
IL ARDC No. 6302752

**CERTIFICATE OF SERVICE**

I certify that on January 2, 2015, a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

                    /s/ Jonathan LA Phillips