|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA | |
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO and N. CHARLES TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**MEMORANDUM IN SUPPORT OF:
DEFENDANTS NINTH MOTION IN LIMINE
TO EXCLUDE PAIGE'S EXPERT WITNESS REPORT REGARDING HIS TEST OF IPP'S SOFTWARE**

**I. Introduction**

Malibu intends to introduce expert testimony by a non-expert. Patrick Paige is an expert in computer forensics. He is not an expert on the BitTorrent protocol. He is not an expert on use of BitTorrent to transfer files. Malibu indicates that Paige will opine on IPP's software, but, as a non-expert, such testimony should be barred. Further, such a test is irrelevant to, and confounds, the issues before the Court.

**II. Argument**

As this Court pointed out in a previous Order in this very case, admissibility of expert testimony is governed by FRE 702 and *Daubert v. Merrell Dow Pharm, Inc.,* 509 U.S. 579 (1993). These authorities create a three-step test for admissibility. Is the witness qualified by skill, experience, training, or education? Is the witness's methodology and reasoning reliable? Will the testimony aid the trier of fact? Unless all of these steps are answered in the affirmative, the testimony should be excluded. Thus, Plaintiff's assertion that it may introduce, as evidence,

1

"Paige's expert witness reports regarding his test of IPP's software . . . " is an statement of its intent to introduce incompetent evidence. (ECF Doc. 169, at 3).

    1.    <u>Paige is not qualified[1] to opine regarding BitTorrent technology</u>

A review of Patrick Paige's curriculum vitae (Ex. A), his report on his IPP test (Ex. B), and the discovery responses do not in any way indicate that Patrick Paige is an expert in BitTorrent technology. Indeed, nowhere in his *curriculum vitae* does Paige mention the word "BitTorrent" or any variation of it. Being generally knowledgeable on "peer-to-peer networks" would be insufficient. However, Paige does not even reach that level of insufficiency. He is not knowledgeable on peer-to-peer networks. He can only say that he supervised people who knew about the peer-to-peer technology of that he merely states that he supervised those using the peer-to-peer technology of yester-year,[2] and only afterwards conducted forensic investigations on seized storage devices. (Ex. A, pp. 2-3). Reliance on mere supervision of others who had experience with wholly different peer-to-peer software, such as "Limewire," (while, notably, excluding the BitTorrent protocol) indicates that Paige's possible "experience" is woefully inadequate. (Ex. C, ¶ 15). As Malibu has painstakingly pointed out in this case, and other cases, the BitTorrent protocol operates much differently than peer-to-peer technologies of yesteryear.

All of Paige's actual, personal, experience focuses on forensic investigations of hard drives. None of Paige's listed training or education focuses on BitTorrent, or any kind of file-transfer. Indeed, in his declaration discussing his IPP test, Paige only states that he is familiar with EnCase and Access Data. He does not proclaim familiarity with any BitTorrent client.

---

[1] The Defendants are aware that another defendant in another Malibu matter has attempted to bar the testimony of Mr. Paige regarding his IPP detection process. However, that defendant's argument did not appear to challenge whether or not Mr. Paige was actually an expert qualified to opine on such matters. Thus, it would be inappropriate to compare this apple to that orange.

[2] Limewire has been dead for several years. E. Bangaman, *Sour Ruling for Limewire as Court Says to Turn Off P2P Functionality*, Ars Technica (Oct. 26, 2010), *available at*, http://arstechnica.com/tech-policy/2010/10/sour-ruling-for-limewire-as-court-says-to-turn-off-p2p-functionality/.

2

Additionally, Paige's disclosure in this case is the same as that of the Harrison case. It appears that Paige ran his so-called test of IPP's software <u>a single time, ever</u>. A single test does not create the experience needed to become a qualified expert. If it did, undersigned could run a single test and be as qualified as Mr. Paige on this particular issue. Surely this is not the case.

None of Paige's qualifications relate to his testimony regarding IPP's software. Thus, he is unqualified to testify on this particular topic. *Carroll v. Otis Elevator*, 896 F.2d 210, 212 (7th Cir. 1990). Paige is unqualified to testify as an expert and opine as to whether or not IPP's software works.

2. <u>Paige's methodology is not reliable</u>

Paige's declaration on IPP software states, essentially, "IPP's software worked." Ex. B, ¶ 38. Paige, however, only tested for positive results. It did not test whether or not IPP generated false positives. Strangely, Paige thought he was testing IPP, not Excipio,[3] software, showing his so-called test to be less than compelling. Considering that a false positive is a fundamental issue in this case, it is surprising that Paige would conduct such a half-baked test of "IPP" software.

Paige cannot say that IPP's software works. He can only say that a test, by an unqualified tester, not designed to test for false positives, caught him, once. His methodology was unreasonably restricted and all but meaningless.

3. <u>Paige's test will not aid the trier of fact</u>

Finally, there are only two issues before this Court. Was evidence on a single hard drive spoiled? Did Kelley Tashiro lie about personal receipt of a DMCA notice? Even if Paige was qualified and his methodology was reliable, Paige's testimony on this subject has nothing to do with

---

[3] Truly, if Mr. Paige didn't even know the creator of the software he was testing, and the true monitor of the same, the credibility of Mr. Paige on this particular issue is quite questionable.

these issues. Accordingly, it will not help the trier of fact. Additionally, it is irrelevant under Federal Rule of Evidence 402. Further it wastes time and confounds issues. *See,* Fed. R. Evid. 403.

### III. Conclusion

For the foregoing reasons, it is respectfully submitted that the Defendants' motion be granted.

>Respectfully submitted,
>
>/s/ Jonathan LA Phillips
>One of their attorneys
>Shay Phillips, Ltd.
>456 Fulton St. | Ste. 255
>Peoria, IL 61602
>309.494.6155 | jphillips@skplaywers.com
>IL ARDC No. 6302752

**CERTIFICATE OF SERVICE**

I certify that on January 2, 2015, a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

>/s/ Jonathan LA Phillips