IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO and N. CHARLES TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**MOTION FOR LEAVE TO ALLOW EXPERT WITNESS DELVAN NEVILLE
TO APPEAR & TESTIFY TELEPHONICALLY AT THE HEARING SCHEDULED FOR
JANUARY 29, 2015**

The Defendants, KELLEY TASHIRO and N. CHARLES TASHIRO, come to this Honorable Court and move it to allow Delvan Neville to appear, and testify, telephonically at the hearing scheduled for January 29, 2015.  In support of this motion, the parties state:

1. This Court Ordered an evidentiary hearing to be held regarding Malibu Media, LLC's allegations that the Defendants committed perjury and/or spoliated evidence.  (ECF Doc. 165).  That hearing was continued, briefly, and set for January 29, 2015.  (ECF Doc. 167).

2. One witness, disclosed, pursuant to this Court's Order, is Delvan Neville.[1]  (ECF Doc. 168).  As this Court is aware, Mr. Neville is located in Corvallis, Oregon.  (ECF Doc. 101-1).

3. It would be quite costly to fly Mr. Neville into Indianapolis and place him in a hotel for a single hearing in a $21,000 case to the Plaintiff.[2]  Due to the timing of return flights from Indianapolis to Oregon, Mr. Neville would have to spend at least three nights in hotels in Indianapolis if Defendants were to ensure his availability for all times of the possible hearing.

---

[1] Plaintiff's Motion *in Limine* to exclude Mr. Neville was denied.  (ECF Doc. 164).
[2] The Plaintiff has stipulated to maximum damages of $750.00 per work to avoid inquiry into the finances of Malibu's litigation campaign involving these works.  Multiplying this amount by the 28 works in question provides this figure.

1

4. Mr. Neville's possible testimony has been known to the Plaintiff for months through his expert disclosure. Further, the Court ordered disclosure (ECF Doc. 168) was thorough and should have prevented any potential for surprise evidence from Mr. Neville at the upcoming hearing. The Plaintiff will not be prejudiced by not having Mr. Neville in the actual Courtroom.

5. Further, the only exhibits that the Defendants intend to use at the hearing consist of hard drive(s). The Plaintiff has already been supplied with a copy of not only the original drive, but a copy of the drive that Mr. Neville utilized in his examination. This will pose no difficulty, a brief line of questioning can be conducted telephonically, utilizing the serial number of the drive, to establish that the drive in the Courtroom should be admissible. Accordingly, having Mr. Neville provide testimony for exhibits will not burden this Court.

6. This Court routinely conducts telephonic status and discovery hearings. However, this Court has also conducted spoliation hearings telephonically. *See, e.g. Pate v. FDIC*, 2013 U.S. Dist. LEXIS 118292, 1 (S.D. Ind. Aug. 12, 2013), *see also, Roche Diagnostics Corp. v. Medical Automation Sys.*, 2011 U.S. Dist. LEXIS 4171, 16, 2011 WL 130098 (S.D. Ind. Jan. 14, 2011) (hearing on motions for temporary restraining order held telephonically).

7. Defendants' counsel and Plaintiff's counsel have discussed the relief being sought. However after a few days and follow ups, Defendant has been unable to ascertain if Plaintiff is agreeable to the relief sought.

WHEREFORE, the Defendants, KELLEY TASHIRO and N. CHARLES TASHIRO respectfully request that this Honorable Court enter an Order allowing Mr. Delvan Neville to appear at the hearings scheduled for January 29, 2014 telephonically and to testify telephonically.

Respectfully submitted,

/s/ Jonathan LA Phillips
One of their attorneys
Shay Phillips, Ltd.

456 Fulton St. | Ste. 255  
Peoria, IL 61602  
309.494.6155 | jphillips@skplaywers.com  
IL ARDC No. 6302752

**CERTIFICATE OF SERVICE**

I certify that on January 7, 2015, a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips