UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 1:13-cv-00205-WTL-MJD |
| v. | ) |
| KELLEY TASHIRO, N. CHARLES TASHIRO, | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' FIRST MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PATZER AND FIESER [CM/ECF 170]**

I.   INTRODUCTION

Defendants' arguments to preclude Plaintiff's witnesses – Tobias Fieser and Michael Patzer – from testifying at the evidentiary hearing fail. First, both witnesses will offer only lay testimony, not expert testimony. As such, Plaintiff was not required to disclose either one as an expert in this case. Both witnesses will testify only about the facts of the infringement that form the basis for this lawsuit. Such testimony is not expert testimony. Further, any supposed failure to comply with Rule 26 is clearly harmless. Tobias Fieser filed a declaration at the start of this lawsuit (February 2013) laying out the substance of his anticipated testimony. In February 2014, in response to a motion from Defendants, Plaintiff outlined the exact content about which both Tobias Fieser and Michael Patzer will testify. Knowing the contents of both witnesses' anticipated testimony for over a year, Defendants cannot now credibly assert that they are surprised that Plaintiff will call them or that they will be ambushed by their expected testimony. Defendants could have deposed either witness at any time but did not do so. Finally, the testimony that will be offered is clearly relevant to the spoliation issue as it establishes motive in

1

relation to the spoliation. For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 states that a party must "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Any expert witnesses "retained or specially employed to provide expert testimony in the case" must also provide a "written report – prepared and signed by the witness" that includes all of the information listed in the Rule. Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a)(2) is to provide notice to opposing counsel as to what an expert will testify before the deposition takes place." *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d 1072, 1079 (N.D. Ill. 2012). It is intended to "prevent the tactic of surprise from affecting the outcome of the case." *Id.* (citation omitted).

"Rule 37 precludes the trial judge from imposing the exclusion sanction unless it finds the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing party." *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000). "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Id.* at 613. "Total exclusion of an expert's testimony is an extreme sanction for the failure to comply with Rule 26(a)(2)(B)(ii)." *Allstate Ins. Co.*, 840 F. Supp. 2d at 1081 (N.D. Ill. 2012). *See also Weistock v. Midwestern Reg'l Med. Ctr.*, 2010 WL 1655449 (N.D. Ill. 2010) ("total exclusion of [expert] testimony would be an extreme sanction for the failure to comply with Rule 26(a)(2)(B)(ii).")

### III.    ARGUMENT

#### A.  The Witnesses Are Fact Witnesses Not Providing Expert Testimony

Both Tobias Fieser and Michael Patzer are fact witnesses, not expert witnesses.  Tobias Fieser is an employee of IPP, the investigator hired by Plaintiff to identify the IP addresses of individuals using BitTorrent to infringe Plaintiff's copyrighted works.  CM/ECF 5-1, ¶ 4.  Among other tasks, Mr. Fieser's job is to report the results of the investigation conducted by IPP.  *Id.* at ¶ 12.  As such, his testimony is limited to first person observations and facts derived exclusively from his position within IPP.  Defendant's assertion that "unless Mr. Fieser was watching the Defendants through their windows, he did not personally observe anything[,]" is incorrect.  Motion, p. 2.  Mr. Fieser "personally extracted the . . . data emanating from the investigation[,]" "isolated the transactions and the IP addresses being used on the BitTorrent file distribution network to distribute Plaintiff's copyrighted works[,] and "verified that each digital media file contained a motion picture that was identical, strikingly similar, or substantially similar to the [copyrighted] Movie associated with it[.]"  CM/ECF 5-1, ¶¶ 15, 16, 20.  Mr. Fieser's testimony does not involve "interpret[ing] computer information" or "offer[ing] his opinion as to what that data said."  Motion, p. 2.  Instead, he merely reports the facts of the infringement.  As an individual on the other end of the infringing transactions which emanated from the Defendants' IP address, he clearly has firsthand knowledge that the infringements occurred.

Similarly, Michael Patzer will testify only about facts related to the infringement.  *See* CM/ECF 73, at pp. 7-8.  Mr. Patzer is an independent contractor who works predominantly for Excipio, a German company.  *Id.*  Excipio contracts with IPP to provide IPP with the data collection system that IPP uses to detect infringement of Malibu's works.  *Id.*  Mr. Patzer

designed, implemented, maintains, and monitors the data collection system that Excipio both owns and uses to identify the IP addresses used by people to commit copyright infringement via the BitTorrent protocol.  *Id.*  Mr. Patzer will answer all of the questions necessary to lay the foundation for the introduction into evidence of the PCAP and MySQL log files as business records within the meaning of Fed. R. Evid. 803(6).  Further, he will answer all of the questions necessary to authenticate the PCAP and MySQL log files pursuant to Fed. R. Evid. 901(a).  Finally, he will testify that PCAPs are recordings of computer transactions during which a person using IP address 98.222.184.69 sent pieces of the infringing computer files to the servers that he personally maintains and monitors.  *Id.*

Because both witnesses will testify only about the facts of the infringement involved in this case, their testimony is lay witness testimony.  "[L]ay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Christian*, 673 F.3d 702, 708 (7th Cir. 2012) (citing Fed. R .Evid. 701 advisory committee's note (2000 amends.)).  Neither witness's proposed testimony results from "a process of reasoning which can be mastered only by specialists in the field."  Indeed, neither engages in specialized reasoning.  Both report only the facts of the infringement and the results of the investigation conducted.  That both use computers and software to perform their job functions does not make their testimony expert testimony.  To hold to the contrary would mean that anyone holding a job in the high technology sector would have to be qualified as an expert before they could testify about their job functions in federal court.  Clearly not everyone with such a job must be so qualified.

By way of analogy, the Seventh Circuit has held that "[a] law-enforcement officer's testimony is a lay opinion if it is 'limited to what he observed ... or to other facts derived

exclusively from [a] particular investigation.' " *United States v. Gaytan*, 649 F.3d 573, 581 (7th Cir.2011) (quoting *United States v. Oriedo*, 498 F.3d 593, 603 (7th Cir.2007)). "On the other hand, an officer testifies as an expert when he brings 'the wealth of his experience as [an] officer to bear on those observations and ma[kes] connections for the jury based on that specialized knowledge.' " *Id.*; *see also United States v. Fenzl*, 670 F.3d 778, 782 (7th Cir.2012). Again, both witnesses will only testify about their observations and the facts of a particular investigation. Neither is offering testimony that requires specialized reasoning to make connections for the jury based upon that specialized reasoning. As such, both Mr. Fieser and Mr. Patzer will be offering only lay witness testimony and neither is an expert witness.

### B. The Witnesses Are Not Required to Provide an Expert Witness Report Pursuant to Fed. R. Civ. P. 26(a)(2)(B)

As witnesses offering only lay witness testimony, neither Mr. Fieser nor Mr. Patzer was required to prepare and serve an expert witness report in accordance with Fed. R. Civ. P. 26(a)(2)(B). Regardless, even if the Court found that Mr. Fieser's and Mr. Patzer's testimony was expert witness testimony, a report would still not have been required. Any testimony that Mr. Fieser and Mr. Patzer may give is merely incidental to their employment with IPP and Excipio respectively.[1] As such, they were not "specially retained to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Both witnesses have "ground-level involvement in the events giving rise to the litigation" as employees of the companies used to detect the infringement and individuals tasked with reporting the results of the investigation. *See Malibu Media, LLC v. Harrison*, 12-cv-01117, CM/ECF 272, at p. 4 (S.D. Ind.) (noting that a proposed expert with no "ground-level involvement in the events giving rise to the litigation" who was clearly "specially

---

[1] To reiterate, Mr. Patzer is not an employee of Excipio. He is an independent contractor as described above.

5

retained to provide expert testimony" was required to prepare an expert witness report.) Thus, no report was required of either witness.

### C. Any Purported Failure to Abide by Rule 26 is Harmless and the Testimony Should be Admitted in its Entirety

As Defendants correctly recognize, if a failure to abide by Rule 26 is "substantially justified or [] harmless," exclusion is *not* automatic. Fed. R. Civ. P. 37. Here, there was no such failure to abide by Rule 26. Regardless, any purported failure in this case is clearly harmless. The Court has "broad discretion in evaluating whether a Rule 26(a) violation is either substantially justified or harmless" and "[t]otal exclusion of an expert's testimony is an extreme sanction." CM/ECF 264, at p. 5 (*citing Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d 1072, 1081 (N.D. Ill. 2012)). The factors to consider in evaluating whether an error is harmless are: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (*citing David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Here, all four factors weigh in Plaintiff's favor.

### 1. Defendants Have Known About the Witnesses' Proposed Testimony For Over a Year

In February 2014 Defendants attempted to exclude the electronic evidence obtained from IPP in this case by filing a Motion to Bar Testimony of IPP International UG. *See* CM/ECF 58. The motion was withdrawn after Defendants reviewed Plaintiff's Memorandum in Opposition which clearly explained and summarized the testimony that would be offered by both Tobias Fieser and Michael Patzer. *See* CM/ECF 73, at p. 8 ("A Short Summary of Mr. Fieser's Possible Testimony"); p. 10 ("A Very Short Explanation of Michael Patzer's Anticipated Testimony.")

Both witnesses included signed declarations in support of Plaintiff's Opposition. The testimony from both witnesses from the Bellwether Trial in Pennsylvania, which is substantively identical to the testimony that will be offered by both witnesses in this case, was also filed in support.[2] There is simply no question that Defendants have known about both witnesses' anticipated testimony for over a year. In fact, Mr. Fieser first appeared in this litigation even earlier than January 2014. A signed declaration from him was submitted in support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference in February 2013. *See* CM/ECF 5-1. As such, Defendants' assertion that Plaintiff "has failed to provide 'adequate notice of the substance of the [] forthcoming testimony and to give the opposing party time to prepare for a response[,]" is exceedingly dishonest. Motion, p. 3. As are Defendants' disingenuous claims that they were unaware "that Malibu actually intended to use these witnesses[,]" and that the "Defendants are surely surprised that it now intends to do so." *Id.*

Being aware of the substance of both witnesses' testimony for over a year, Defendants cannot possibly be prejudiced or surprised. That the Defendants chose not to depose either witness is not Plaintiff's fault. Defendants were well aware of the testimony that both witnesses will offer and cannot blame their failure to conduct discovery on a purported mis-designation by Plaintiff under Rule 26.[3]

---

[2] Although the witnesses were not required to provide a report under Fed. R. Civ. P. 26(a)(2)(B), the contents of the prior declarations and testimony filed in this case by both witnesses regardless reveal all of the details that would have been included in such a report if one was necessary, including: (a) all statements that will be expressed and the basis and reasons for them; (b) the facts or data considered in forming those statements; (c) the exhibits that will be used to summarize or support them; (d) the witnesses' qualifications; and (e) a statement of the compensation they were paid by IPP and Excipio. Neither witness has testified in a case besides the Bellwether trial in the last 4 years and neither has authored any publications in the past 10 years.

[3] Defendants imply that even had they decided to depose Mr. Fieser or Mr. Patzer they would have been effectively unable to do so because of the requirements of the Hague Convention. In light of the fact that no effort to take the deposition of either witness was expended whatsoever, this argument holds little weight. Regardless, Plaintiff would have cooperated in facilitating the depositions via video and accepting service of the subpoenas on their behalf, as it has in various other cases. *See e.g. Malibu Media, LLC v. Harrison*, 12-cv-01117, at CM/ECF 304, pp. 18-19.

### 2. Defendants Could Have But Did Not Depose Either Witness

At any time since last year Defendants could have deposed Mr. Fieser and Mr. Patzer thereby curing any prejudice they claim they will suffer if either witness is allowed to testify. Defendants have not so much as hinted at a desire to depose either one. Any claimed prejudice is a result only of the Defendants' failure to pursue discovery.

### 3. Neither the Trial nor the Evidentiary Hearing Will be Disrupted by Allowing the Witnesses to Testify

As witnesses who were first made known to Defendants in February of 2013 and January of 2014 respectively, allowing Mr. Fieser and Mr. Patzer to testify at the hearing and trial will not disrupt either one. Defendants knew that Plaintiff would call these witnesses and did nothing about it until now. Further, as explained below, the testimony they will offer is relevant to the issues that will be addressed at the evidentiary hearing.

### 4. Plaintiff Has Not Acted in Bad Faith

Finally, Plaintiff displayed no bad faith or willfulness and did not fail to disclose the evidence timely. To the contrary, the evidence was made known long ago and Defendants had more than sufficient opportunity to conduct third party discovery related thereto.

### D. The Proposed Testimony is Relevant

Defendants' last argument is that the hearing "is of a limited scope" and that the only issues are the deletion of files and Defendants' perjury, such that "[w]hat Messrs. Patzer and Fieser have to do with these limited issues is unknown to the Defendants." Motion, p. 4. The testimony that will be given by the witnesses is relevant to establishing that the infringement unequivocally occurred from the Defendants' IP address. That being the case, it is relevant to the issue of whether Defendants acted in bad faith. It tends to show motive and state of mind. If the infringement had not unquestionably emanated from the Defendants' household, they would

have had no incentive to destroy evidence. However, being that the infringement emanated from the IP address assigned to Defendants' household, Comcast correlated the IP address to the Defendants, and only the two Defendants had sufficient access to their internet service to commit the infringement, the Defendants have a clear motive to destroy and hide relevant material evidence from Plaintiff as they did here. The witnesses' proposed testimony is therefore relevant to the issues that will be addressed at the evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion and allow both Tobias Fieser and Michael Patzer to testify at the evidentiary hearing.

DATED: January 16, 2015.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

By: /s/ *Jason H. Cooper*
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL.
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229
*Attorney for Plaintiff*

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)

9

klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*