UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

-------------------------------------------------------------------X

MALIBU MEDIA, LLC,

                               Plaintiff,

vs.

KELLEY TASHIRO and
N. CHARLES TASHIRO,

                               Defendants.

Civil No. <u>1:13-cv-00205-WTL-MJD</u>

-------------------------------------------------------------------X

**<u>PLAINTIFF'S MEMORANDUM IN OPPOSTION TO DEFENDANTS' FIFTH MOTION IN LIMINE TO EXCLUDE PCAP EVIDENCE [CM/ECF 176]</u>**

      Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, files the instant response to Defendant Kelley Tashiro and N. Charles Tashiro's ("Defendants") "Fifth Motion in Limine to Exclude PCAP Evidence," and states:

**I.    Introduction**

      Plaintiff commenced this copyright infringement action against Defendants on February 11, 2013 [CM/ECF 1], and filed amended complaints on April 8, 2013 [CM/ECF 13] and May 15, 2014 [CM/ECF 124] through which it alleges that Defendants have copied and distributed twenty eight (28) of Plaintiff's copyrighted works, all without Plaintiff's consent. Plaintiff asserts claims for direct and contributory copyright infringement, and requests that Defendants delete and permanently remove, and be enjoined from continuing to infringe, Plaintiff's copyrighted works.

      Throughout the proceedings, Defendants have abused the discovery process by repeatedly committing perjury regarding the existence of, and actually deleting (and attempting

to destroy) voluminous relevant evidence material to this action.[1] In order to fairly prove its case on the merits and discover the evidence to which it is entitled and which Defendants have wrongfully concealed, withheld, or destroyed, Plaintiff was forced to expend great time and expense in uncovering Defendants' lies. After expending this time and incurring these expenses, and upon realizing the pervasive extent of Defendants' flagrant and continuous discovery violations, Plaintiff filed a motion for sanctions [CM/ECF 130]. Plaintiff thereafter supplemented its motion when even *further* and *additional* evidence of perjury and willful withholding of material evidence came to light [CM/ECF 159]. Because Defendants' unethical discovery abuses, which have been ongoing throughout this proceeding, have necessarily tainted this action, Plaintiff requested that this Court enter a default judgment against the Defendants and award Plaintiff its reasonable fees and expenses [*id.*].

On October 27, 2014, Honorable Lawrence issued an order pursuant to 28 U.S.C. § 636(b)(1)(B) referring Plaintiff's motion to Judge Dinsmore for the issuances of proposed findings and recommendations [CM/ECF 162]. An evidentiary hearing is currently scheduled for Thursday, January 29, 2015 at 9:00 A.M. [CM/ECF 167]. Pursuant to this Court's order setting evidentiary hearing [CM/ECF 165], on December 15, 2014 Plaintiff filed its proposed witness and exhibit list, through which Plaintiff disclosed all witnesses and exhibits that might be presented at the hearing [CM/ECF 169]. Among the exhibits identified was "PCAP evidence proving that the infringement took place from the Defendants' IP address" [*id.*]

On January 1, 2015, and without making any effort to first contact or confer with undersigned, Mr. Phillips filed "Defendants['] Fifth Motion in Limine," through which Mr.

---

[1] The details of Defendants' flagrant and continuous unethical discovery violations have been previously addressed in various pleadings and will be more substantively discussed at the upcoming sanctions hearing. Because they are not relevant to Defendants' motion in *limine* and the instant response, they are not repeated here.

Phillips moves to exclude, from the January 29, 2015 evidentiary hearing, any PCAP evidence [CM/ECF 176]. Defendants' motion summarily asserts, without any analysis or discussion, that "PCAP evidence proving a connection to the purported infringement process is irrelevant to the matter at hand – purported deletion of files on a single hard drive or lying about receipt of DMCA notices" [*id.*] Defendants are mistaken; the spoliation issue must not be considered in a vacuum, and the PCAP evidence is incredibly relevant to both Defendants' deletion of files and their lying about receipt of DMCA notices, as well as to Defendants' intentional withholding of material evidence and perjury regarding same (an issue Defendants conveniently overlook in their motion in limine). Accordingly, and as discussed below, unless Defendants agree to stipulate that their IP address was used to infringe Plaintiff's copyrights, their fifth motion in limine must be denied.

## II.     Argument

At issue is Plaintiff's motion for sanctions to address Defendants' repeated perjury and destruction of evidence. Seventh Circuit precedent instructs that such sanctions are appropriate if a party, while under a duty to preserve evidence, nevertheless destroys evidence with willfulness, fault, or bad faith. *See, e.g.*, *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992); *Oleksy v. Gen. Electric Co.*, No. 06 C 1245, 2013 WL 3944174, *9–10 (N.D. Ill. July 31, 2013); *Oleksy v. Gen. Electric Co.*, No. 1:06-cv-01245, CM/ECF 185, p. 6–7 (N.D. Ill. Aug. 8, 2011); *Wiginton v. Ellis*, No. 02 C 6832, 2003 WL 22439865, *6–7 (N.D. Ill. Oct. 27, 2003). For purposes of establishing bad faith, the Court must find that evidence was spoliated "for the purpose of hiding adverse information." *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013); *In re Text Messaging Antitrust Litigation*, No. 08-C-7082, 2014 WL 2106727, *6 (N.D. Ill. May 14, 2014). And because direct proof of this issue is rarely available*, the Court must*

*consider all the relevant evidence and circumstances to infer* whether or not evidence was spoliated for the purpose of hiding adverse information.  *See id.; see also S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.*, 695 F.2d 253, 258 (7th Cir. 1982); *In re Text Messaging Antitrust Litigation*, 2014 WL 2106727 at *6 (same). It is for this precise purpose that the Court has set an evidentiary hearing on Plaintiff's Motion for Sanctions.

      Here, the PCAP evidence, which will demonstrate that the infringements of Plaintiff's copyrights took place from Defendants' IP address, establishes a viable motive for why the Defendants have *repeatedly* withheld, destroyed, and lied about evidence in this case—namely, Defendants do not want to get caught.  *Cf.* Fed. R. Evid. 404(b)(2) (noting that evidence of wrongdoing is relevant and admissible for the purpose of establishing motive); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 510 (7th Cir. 2007) ("A claim of spoliation of evidence is connected to the merits of the underlying suit"); *Centrifugal Force, Inc. v. Softnet Comm., Inc.*, 783 F. Supp.2d 736, 748 (S.D.N.Y. 2011) (denying motion for spoliation sanctions based, in part, on the fact that the spoliating party "had little motive to destroy evidence"); *Hughes v. Black & Decker (US), Inc.*, No. 05-1536, 2007 WL 107680, *2 (D. Minn. Jan. 10, 2007) (denying, in part, a motion for spoliation sanctions where no evidence was offered to establish spoliating party's motive).

      The PCAP evidence is thus *extremely relevant* to the matter at hand, as it makes Defendants' consciousness of guilt and bad faith spoliation more probable.  *Cf.* Fed. R. Evid. 401 (noting that evidence is deemed relevant if "it has *any* tendency to make a fact more or less probable than it would be without the evidence"); *United States v. Gatto*, 955 F.2d 449, 454 (3d Cir. 1993) ("[T]he basic relevance of spoliation evidence is to show a consciousness of guilt . . . that [Defendant's] subjective state of mind is incompatible with the position being asserted in the

litigation." (quoting 22 C. Wright & K. Graham, *Federal Practice and Procedure* § 5240, at 476 (1978))). Given its undisputable relevancy to the bad faith inquiry before the Court, the PCAP evidence <u>cannot</u> be excluded on relevancy grounds. *Accord, e.g.*, Fed. R. Evid. 402 (noting that, subject to a few inapplicable exceptions, all relevant evidence is admissible and should not be excluded); *Noble v. Sheahan*, 116 F. Supp.2d 966, 969 (N.D. Ill. 2000) ("[A] motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose.").

Defendants alternatively argue, without *any* analysis or discussion, that the PCAP evidence must be excluded pursuant to Federal Rule of Evidence 403 since it will "only confound the issues and waste time." Defendants make absolutely no effort to explain what issues will be confounded, or how this Court's time will be wasted (likely because no such good faith argument can be made). In any case, Defendants' Rule 403 argument fails because the PCAP evidence will neither confound issues nor waste time, but will rather afford the Court the necessary contextual circumstances from which it can infer Defendants' bad faith, which, again, is the entire purpose of the evidentiary hearing. *Cf. U.S. v. Lloyd*, 71 F.3d 1256, 1265 (7th Cir. 1995) ("Relevant evidence is inherently prejudicial. Rule 403 was never intended to exclude relevant evidence simply because it is detrimental to one party's case").

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

5

By:   /s/ *Jason H. Cooper*
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL.
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229
*Attorney for Plaintiff*

By:   /s/ *M. Keith Lipscomb*
M. Keith Lipscomb, Esq. (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL.
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*