# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT INDIANA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 1:13-cv-00205-WTL-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| KELLEY TASHIRO, | ) | |
| N. CHARLES TASHIRO | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DENIED.**
Dated March 5, 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

## PLAINTIFF'S MOTION TO CONTINUE THE EVIDENTIARY HEARING CURRENTLY SET FOR APRIL 30, 2015 AND STAY THE CASE

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to L. Civ. R. 16-3(a), (e), hereby moves for entry of an order continuing the evidentiary hearing currently set for April 30, 2015 and staying the case until after the Court rules on Plaintiff's Motion for Entitlement to Fees and Sanctions (CM/ECF 211) *and* any fees or sanctions awarded pursuant to Plaintiff's motion have been paid in full, and files this memorandum in support.

1.     Pursuant to this Court's local rules, "[t]he court may continue proceedings in a civil case on its own or on the motion of one or more parties." L. Civ. R. 16-3(a).

2.     Plaintiff spent tens of thousands of dollars preparing for the evidentiary hearing previously scheduled for January 29, 2015 (the "January hearing"). The hearing was continued because of Defendant N. Charles Tashiro's purported last minute decision to invoke his Fifth Amendment right. Additionally, Mr. Phillips announced he was moving to withdraw as counsel for Mr. Tashiro. Amazingly, Mr. Phillips apparently figured out the morning of the hearing that Mrs. Tashiro would testify against Mr. Tashiro. Consequently, Mr. Phillips announced that he

had just figured out that he had a conflict and needed to withdraw from representing Mr. Tashiro. Either Mr. Tashiro's or Mr. Phillips' last minute revelation would have been independently sufficient to cause the hearing to be continued; they are both jointly responsible for causing the continuance.

3.     Plaintiff's travel and logistics costs alone exceeded $17,000.00 for the January hearing.[1]  Once recoverable attorney and paralegal time is added, the total amount of costs and fees incurred will be double that amount.

4.     Plaintiff has serious doubts about whether Defendant Charles Tashiro and Mr. Phillips can afford to pay the sanctions award for the continued hearing.  In discovery, Defendant Kelley Tashiro produced banking statements from 2011-2012 showing the Tashiros' checking account balances, savings account balances, credit card balances, and mortgage balance.  Unless their financial situation has improved drastically in the last few years or they have other accounts, it is unlikely that they will be able to satisfy an award of sanctions and fees in the range of tens of thousands of dollars.

5.     It would be wholly unjust and inequitable to force Plaintiff to come out of pocket *again* to prepare for and attend the continued hearing without first reimbursing Plaintiff for the money it previously wasted.  Plaintiff should not be required to pay twice for a hearing that should have been resolved the first time around.  This is especially true considering the strong likelihood that Plaintiff will not be able to recover the wasted expenses from the January hearing and that after the continued hearing concludes, Plaintiff will be owed even more money.  Faced with the prospect of not being able to collect what is already owed, investing more money in the

---

[1] As opposing counsel was made aware prior to the hearing, Plaintiff sent three attorneys and an expert to the hearing, all of whom had to fly in from out of town and stay overnight in a hotel.  There were substantial other ancillary costs as well.

issue makes no sense – it would only punish Plaintiff unnecessarily and reward Defendant N. Charles Tashiro and defense counsel Phillips for carelessly wasting Plaintiff's time and money.

6.      This Court's local rules specifically contemplate such compensatory payments for continued hearings.  *See* L. Civ. R. 16-3(e) ("[t]he court may order a party seeking a continuance to reimburse other parties for their actual expenses caused by the delay.")

7.      Further, courts regularly deny sanctioned litigants the ability to proceed with litigation until the sanctions have been paid.  "[T]he court must be able to enforce its sanctions by requiring that fines previously assessed against a litigant be paid before that litigant can again use the courts. Anything less would significantly reduce the effectiveness of such sanctions and encourage the kind of disrespect for the courts which those sanctions were designed to reduce." *Hilgeford v. Peoples Bank, Portland, Indiana*, 110 F.R.D. 700, 702 (N.D. Ind. 1986) (staying case where *pro se* litigant failed to pay issued Rule 11 sanctions from a prior case).  *See also Rohler v. Rolls Royce N. Am., Inc.*, 2013 WL 6842544, at *2 (S.D. Ind. 2013) (staying case pending payment of costs ordered to be paid in previous related case); *Rogers v. Halford*, 2014 WL 1775615, at *2 (S.D. Ill. 2014) (adopting report and recommendation staying case pending payment of discovery sanction awarded under Fed. R. Civ. P. 37); *Jackson v. Rohn & Haas Co.*, 2008 WL 123921, at *2 (E.D. Pa. 2008) (adopting report and recommendation staying case pending payment of sanctions awarded under Fed. R. Civ. P. 11 noting that "[a] delay in the execution of the sanctions order will decrease its deterrence value."); *Holden v. Illinois Tool Works, Inc.*, 2009 WL 2865820, at *2 (S.D. Tex. 2009) *aff'd,* 429 F. App'x 448 (5th Cir. 2011) (granting motion to stay pending payment of sanctions awarded in current and former action).

8.      Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with *economy of time and effort* for

itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936) (emphasis added). Here the competing interests clearly weigh in Plaintiff's favor. Defendant N. Charles Tashiro caused Plaintiff to waste significant time and money preparing for a hearing that, through no fault of Plaintiff, did not proceed as scheduled. Thus, saving Plaintiff from again incurring significant costs until it has been compensated promotes economy of time, effort, and resources for the parties and the Court. Before Plaintiff is forced to spend more time and money on the matter, Defendant and Mr. Phillips should be required to pay for the financial harm they previously caused. If they are unable to do so, Plaintiff should not be required to again incur those costs.

9.      Finally, new issues will arise at the evidentiary hearing which were not previously of concern; namely, spousal privilege. Granting a continuance of the evidentiary hearing will provide the parties with adequate time to conduct discovery on and address the extent to which the spousal privilege will be invoked by the Defendants to bar testimony at the evidentiary hearing. To prevent surprise and wasted time at the hearing, this issue should be explored between and among the parties *prior* to the hearing. Doing so will allow the parties and the Court to be made aware of what issues can and will be addressed and what issues Defendant N. Charles Tashiro may attempt to prevent Defendant Kelley Tashiro from testifying about, and vice versa.

10.      In sum, judicial and litigant economy is best served by continuing the hearing until after Plaintiff's Motion is resolved *and* the sanctions and fees awarded to Plaintiff have been paid.

11.     Further, staying the case will ensure that money is not needlessly spent in preparation for a hearing that may not happen if Defendant N. Charles Tashiro and defense counsel Phillips cannot afford to pay for their wrong.

12.     Following payment of the sanction prior to the continued hearing, Plaintiff also respectfully requests the Court enter an order requiring the parties' counsel to confer about the extent to which Charles and Kelley will invoke the Fifth Amendment and marital privilege.  This will enable the parties to adequately prepare without wasting additional resources or the Court's time.

13.     Neither Defendant Kelley Tashiro nor Defendant N. Charles Tashiro objects to continuing the April 30th hearing until after Plaintiff's Motion for Entitlement to Fees and Sanctions (CM/ECF 211) is decided by the Court.  However, neither Defendant agrees to a continuance or stay pending both resolution of the motion _and_ actual payment of the award.  As explained herein though, merely continuing the hearing until after the motion for sanctions and fees is decided without requiring payment to be made before the case proceeds would defeat the purpose of this motion and ultimately be of no use.

**WHEREFORE,** Plaintiff respectfully requests this Court enter an order:

(a)     continuing the evidentiary hearing currently set for April 30, 2015 until after the Court has ruled on Plaintiff's Motion for Entitlement to Fees and Sanctions (CM/ECF 211) _and_ any fees or sanctions have been paid in full;

(b)     staying the case until after the Court has ruled on Plaintiff's Motion for Entitlement to Fees and Sanctions (CM/ECF 211) _and_ any fees or sanctions have been paid in full; and

(c)     granting Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 4, 2015.

Respectfully submitted,

NICOLETTI LAW, PLC

By:      /s/ Paul J. Nicoletti
         Paul J. Nicoletti, Esq. (P44419)
         33717 Woodward Avenue, #433
         Birmingham, MI 48009
         Tel:  (248) 203-7800
         E-Fax: (248) 928-7051
         Email:  pauljnicoletti@gmail.com
         *Attorney for Plaintiff*

         By: /s/ Jason H. Cooper
         Jason H. Cooper, Esq. (98476)
         jcooper@lebfirm.com
         LIPSCOMB EISENBERG & BAKER, PL.
         2 South Biscayne Blvd.
         Penthouse 3800
         Miami, FL 33131
         Business: (786) 431-2228
         Facsimile: (786) 431-2229
         *Attorney for Plaintiff*

         By: /s/ M. Keith Lipscomb
         M. Keith Lipscomb (429554)
         klipscomb@lebfirm.com
         LIPSCOMB EISENBERG & BAKER, PL
         2 South Biscayne Blvd.
         Penthouse 3800
         Miami, FL 33131
         Telephone: (786) 431-2228
         Facsimile:  (786) 431-2229
         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:      /s/ Paul J. Nicoletti

6