UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 1:13-cv-00205-WTL-MJD |
| | ) |
| v. | ) |
| | ) |
| KELLEY TASHIRO, | ) |
| N. CHARLES TASHIRO | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR FEES AND SANCTIONS[1]**

### I.   INTRODUCTION

There is no conceivable justification for an attorney's nine-month long failure to appreciate the conflict of interest inherent in simultaneously representing co-defendants with unaligned interests. There is also no conceivable justification for an attorney to wait until the morning of a re-scheduled day-long federal court evidentiary hearing to first realize such an obvious and appreciable conflict. Phillips' inexcusable failure to appreciate his conflict caused Plaintiff to incur substantial fees and costs. In a system requiring each party to bear its own costs and fees, courts must ensure that attorneys who negligently create unnecessary costs for their adversaries bear those expenses. Manifest injustice would result from a contrary ruling.

---

[1] The instant Reply addresses "Jonathan LA Phillips' Response Memorandum in Opposition to: Plaintiff's Motion for Entitlement to Fees and Sanctions" [CM/ECF 221]. Once Mr. Tashiro's response is filed, Plaintiff anticipates addressing his arguments separately.

1

## II.  ARGUMENT

### A. Phillips waived any argument he may have had that fees and costs should not be awarded under Rule 16

Under Rule 16(f), a litigant may be compensated for its unnecessary losses and expenses occasioned by its adversary's unpreparedness, actions, omissions, and delays in connection with a scheduled sanctions hearing.[2] *See* CM/ECF 211 at p. 8, 16–24.  Phillips does not dispute or address—and therefore concedes—Plaintiff's entitlement to relief pursuant to Rule 16(f). Plaintiff's motion should be granted on this basis.  Indeed, the "failure to respond to an argument results in waiver." *Payne v. Pentegra Retirement Servs.*, No. 1:14-cv-00309, 2015 WL 898467, *9 (S.D. Ind. Mar. 3, 2015) (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)). *See also Todd v. Lake County Sheriff's Dept.*, No. 2:08-cv-314, 2013 WL 2156470, *8 (N.D. Ind. May 17, 2013) (noting that a non-movant's failure to address claims in response to a motion constitutes waiver and abandonment).

### B. Plaintiff is also entitled to compensatory fees pursuant to 28 U.S.C. § 1927 and this Court's inherent authority

An attorney who pursues an unreasonable litigation strategy that multiples the proceedings should compensate his adversary for the unnecessary costs and fees the strategy caused.  *See* 28 U.S.C. § 1927.  Phillips agrees.  He also concedes that representing co-defendants accused of the same wrong presents a textbook situation for a likely conflict of interest.  *See* CM/ECF 206.  Illogically, he erroneously argues his dual representation of co-defendants was reasonable because he could not have appreciated his conflict until the very day of the sanctions hearing.  *See* CM/ECF 207.  This is demonstrably false: it was always clear that one of Phillips's clients would testify against the other.  Phillips's conflict pre-existed the date of

---

[2] Plaintiff's motion also notes that the Court may *sue sponte* require Phillips to compensate Plaintiff pursuant to Rule 11.  *See* CM/ECF 211 at p. 25 n.14.

the hearing by nearly nine months. Plaintiff's counsel told Phillips so. *See* CM/ECF 211 at p. 4, 20.

Phillips also erroneously argues that he could not initially appreciate the conflict because Charles's withholding of evidence and obstruction of justice occurred before Charles was named as a party defendant. *See* CM/ECF 221 at p. 7. Not surprisingly, Phillips does not provide any authority for this argument. Indeed, it is nonsensical. Nonparties may be sanctioned for obstruction of justice, suppression of evidence, and spoliation. *See Large v. Mobile Tool Int'l, Inc.*, No. 1:02-cv-177, 2008 WL 89897, *7 (N.D. Ind. Jan. 7, 2008) ("When it comes to sanctions motions, the *important consideration is justice*. The court has the inherent authority to sanction a party for misconduct, *including prelitigation spoliation*, in order to protect the integrity of the judicial system and prevent abuses of the discovery process"); *Smith v. Borg Warner Auto. Diversified Transmission Prod. Corp.*, No. IP 98-1609, 2000 WL 1006619, *20 (S.D. Ind. 2000) (same). Further, Indiana's bar rules direct attorneys to accept representation of a client only after reasonably determining representation can be provided "<u>without a conflict of interest and to completion</u>." Ind. Prof. R. Cond. 1.16 Cmnt. *See also* Ind. Prof R. Cond. 1.7 Cmnt. ("A conflict of interest may exist before representation is undertaken, in which event the representation must be declined . . . .").

Phillips next erroneously argues he was justified in ignoring the conflict until after Charles was named because Charles had not yet admitted the misconduct. *See* CM/ECF 221 at p. 7. This argument fails as a matter of fact. Phillips first knew of the non-disclosed hard drive when undersigned advised him of it on April 8, 2014—*296 days prior to the hearing*. *See* CM/ECF 130-3 at p. 3. Although he denied its existence then, Phillips knew about it with certitude at least as early as May 31, 2014—*243 days prior to the hearing*. Further, in a case like

this, with a closed wireless internet signal, it was obvious *ab initio* the infringer was Charles or Kelley. Accordingly, their interests were never aligned.

Phillips' argument that he was justified in ignoring the conflict because the hard drive is not relevant fails because any reasonable lawyer should have known that the hard drive is *extremely* relevant. *See* CM/ECF 221 at p. 6. Evidence is relevant if it has "*any* tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Regardless of whether the hard drive made it more or less likely Defendants committed the infringement, it was going to do one or the other. Therefore, the hard drive was obviously relevant. Here, the Western Digital hard drive proved to be *extremely* relevant. It contains extensive evidence of illegal peer-to-peer file sharing, including voluminous third-party adult films like Plaintiff's that were also downloaded via BitTorrent. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1169–70 (7th Cir. 1997) (copyright infringement may be established through circumstantial evidence); *Malibu Media, LLC v. Flanagan*, No. 2:13-cv-5890, 2014 WL 2957701, *2 (E.D. Pa. July 1, 2014) (same); *Francescatti v. Germanotta*, No. 11 CV 5270, 2014 WL 2767231, *3 (N.D. Ill. June 17, 2014) (same); *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 WL 3857122, *15 (N.D. Ill. Aug. 29, 2011) (same).

Phillips unreasonably ignored his conflict even after June 9, 2014, when undersigned advised him of it. Phillips concedes that this conversation occurred. Although, he claims that his notes do not reflect its details. Undersigned recalls the conversation very well and certifies, as an officer of the Court, that undersigned (1) asked Phillips about his obvious conflict in representing co-defendants who would be asked to testify against one another's interests and (2) expressed concern over the probability that the conflict, if not immediately addressed, would cause future procedural delays and wasted expenses.

4

Phillips continued to ignore the conflict even after Plaintiff propounded upon Charles requests for admission to ascertain whether he knowingly obstructed justice and moved for sanctions. Charles denied that "the Western Digital hard drive was reasonably discoverable (i.e. not hidden or secret) by your [his] wife, Kelley Tashiro." Motion, p. 5. Phillips should have heard the five-alarm siren blazing when reviewing this response. Indeed, his client admitted to obstructing justice in such a way as to mislead his other client. It is inconceivable how a prudent attorney does not appreciate the conflict under these circumstances.

Phillips admits he was aware that he was representing two co-defendants charged with the same wrongdoing. Obviously, one suppressed evidence and one would directly testify against the other. That is an unwaivable conflict. *See* CM/ECF 206, 207, 221. Phillips's failure to appreciate this is inexcusable.

Phillips disputes an ancillary point Plaintiff raised in a footnote. Specifically, Plaintiff's motion argued that Charles's invocation of the attorney client privilege to certain requests seemed to suggest that Phillips may have instructed one or more of his clients to withhold evidence.[3] *See Motion*, at p. 5, n. 3. This quibble is of no consequence to the instant Motion.

On November 28, 2014, Phillips filed a motion advising that "***great[ ] justice***" would be served by rescheduling the evidentiary hearing to January 29, 2015, a date upon which "***all*** witnesses"—including the two key witnesses: Kelley and Charles—would testify [CM/ECF 166]. Now Phillips argues he did not mean what he said and intended his motion to be limited to his clients' expert's testimony. *See* CM/ECF 221 at p. 8. If Phillips really meant to say that only

---

[3] In his discovery responses, Charles objected to admitting that all of the hard drives within his and Kelley's residence should have been turned over, claiming that what Phillips instructed Kelley to provide or not provide, and what Phillips determined to be within the bounds of discovery, was subject to the attorney-client privilege [CM/ECF 137-2]. Similarly, in response to Plaintiff's supplement to its motion for sanctions, Charles stated: "Malibu's speculation about intentions of Charles Tashiro ignores a variety of things, *including a possible attorney-client or attorney work product protected decision making as to what was or was not relevant*" [CM/ECF 160].

5

his expert witness would definitely testify on January 29, 2015, but that one or both of the two key witnesses might not, he should have so stated.  At the very least, Phillips had a duty to correct his misleading statements.  *See* Ind. R. Prof. Cond. 3.3 (noting that a lawyer must not allow a tribunal to be misled and must take immediate corrective measures to avoid same).

Phillips erroneously argues that he could not have more timely dealt with his conflict because it only became clear when Charles announced he would be pleading the Fifth. [CM/ECF 206].  This argument incorrectly assumes that the conflict was not obvious prior to Charles' announcement.  For the reasons stated above, this argument fails as a matter of fact.  The conflict was always obvious.

Charles' decision to assert the Fifth is an independent reason why the hearing had to be continued.  Significantly, Phillips should have known of Charles' intention to do so well prior to the hearing.  Plaintiff should not be punished for Phillips's negligent preparation and failure to properly advise his client in advance of the hearing.

Phillips's focus on "who [does] Malibu think[ ] was going to testify against whom?" is irrelevant.[4]  Phillips has a conflict of interest irrespective of whether Kelley was going to testify against Charles or vice versa.  Plainly, Charles's surreptitious refusal to testify did <u>not</u> create Phillips's conflict of interest. Charles's decision to invoke his Fifth Amendment right merely revealed one way Phillips's conflict manifested itself.

---

[4] Plaintiff's underlying motion for sanctions makes clear that Charles and Kelley are both being accused of independently and jointly abusing discovery.  The theory that Charles procured Kelley's discovery violations without her knowledge by lying to her and concealing evidence is not Plaintiff's but is one that is supported by Charles's discovery admissions.  Plaintiff intended (and still intends) to test Charles's claims at the evidentiary hearing. If anything, Charles's spontaneous refusal to testify to avoid self-incrimination suggests that his discovery admissions and denials were untrue and that *both* he *and* Kelley are indeed guilty of repeatedly obstructing justice.

### C. Phillips's perjury analysis is irrelevant

Phillips's second argument against Plaintiff's request for fair recompense is that Charles was not suborning Kelley's perjury because she did not know she was lying. *See* CM/ECF 221 at p. 5–6. Whether hiding evidence from a party who then testifies falsely is called suborning perjury or obstruction of justice, it is sanctionable. Regardless, it has no impact on the issue currently before this Court. Phillips's conflict and failure to prepare have nothing to do with the definition of suborning perjury.

### D. Plaintiff is entitled to be made whole for its unnecessary costs and fees

Phillips's third argument against assessing fees and costs against him is that Plaintiff's fees will be excessive and not proportional. This argument is perplexing and premature. First, Plaintiff has not yet set forth its losses. Second, Plaintiff's request is limited to **_reasonable_** fees and costs. Further, Phillips's claim fails as a matter of fact. Plaintiff's fees are the result of Defendants' perjury, obstruction of justice, and suppression of evidence. Further, it is Phillips – not Plaintiff – who needlessly prolonged this litigation by failing to appreciate a textbook conflict of interest and by his failure to properly prepare in advance for the hearing.

### E. The Court should not deny Plaintiff its fees and costs based upon Local Rule 7-1(g)(1)

Phillips erroneously argues that Plaintiff's motion should be denied because it failed to comply with Local Rule 7-1(g)(1). If a movant fails to include a conferral statement, the rule states that the court "*may*," but does not have to, deny the motion on that basis. *See id.*; *Houston v. C.G. Sec. Servs., Inc.*, 302 F.R.D. 268, 270 (S.D. Ind. 2014) (observing that conferrals are more important to resolve fees arising out of discovery disputes). Regardless, Plaintiff subsequently e-mailed Phillips on March 23, 2015 at 7:39 p.m. As expected, the subsequent

7

conferral was futile.[5]  Plainly, the interests of justice would <u>not</u> be advanced by denying Plaintiff's motion on the basis that it did not have a futile conference.  Instead, it would needlessly delay the proceedings and frustrate the administration of justice since Plaintiff will simply re-confer with Phillips and refile an identical motion.

Phillips cites, without any meaningful discussion, two materially distinguishable and irrelevant cases.  Phillips's first case, *Slabaugh v. State Farm Fire & Cas. Co.*, involved an otherwise unwarranted motion for sanctions designed to punish rather than compensate.  *See* 2014 WL 1767088, *6 (S.D. Ind. May 1, 2014).  Although the court commented that the motion revealed no efforts to address the dispute without court intervention, it denied the motion on the merits, finding that "[i]t is not proper, as plaintiffs allege, to sanction a party for failing to address an issue within eighteen days."  *Id.*  Here, Plaintiff's motion is not designed to punish but is focused on *the equities and justice of being made whole for costs and fees unnecessarily and recklessly inflicted upon it*.  Phillips's second case, *Remy Inc. v. Tecnomatic S.P.A.*, did not even concern Local Rule 7-1(g)(1), but dealt with the distinguishable conferral requirements embodied in Federal Rule of Civil Procedure 37 and Local Rule 37-1.  2013 WL 619894, *3 (S.D. Ind. Feb. 19, 2013).  Moreover, the motion in that case, like the motion in *Slabaugh*, and unlike Plaintiff's motion here, failed on its merits.  *See id.*  Phillips's two cases are simply inapposite.

### III.   CONCLUSION

For the foregoing reasons, the Court should reject Phillips's arguments.  Further, the Court should award Plaintiff the fees and costs it needlessly incurred because of Phillips's failure to timely appreciate his conflict and timely inform Plaintiff that Charles would plead the Fifth.

DATED: March 30, 2015.

---

[5] Phillips responded by e-mail on March 25, 2015 at 1:34 p.m. advising: "I do not agree to pay . . .."

           Respectfully submitted,

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
pauljnicoletti@gmail.com
NICOLETTI LAW, PLC
33717 Woodward Ave, #433
Birmingham, MI 48009
Business:  (248) 203-7800
Facsimile: (248) 928-7051

By:   /s/ *M. Keith Lipscomb*
M. Keith Lipscomb, Esq. (429554)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229

By:   /s/ *Jason H. Cooper*
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229

## CERTIFICATE OF SERVICE

    I hereby certify that on March 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

           By:   /s/ *Paul J. Nicoletti*