UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | 1:13-cv-00205-WTL-MJD |
| ) | |
| v. ) | |
| ) | |
| KELLEY AND N. CHARLES TASHIRO, ) | |
| ) | |
| Defendants. ) | |

DEFENDANT CHARLES TASHIRO'S RESPONSE TO PLAINTIFF'S MOTION
FOR ENTITLEMENT TO FEES AND SANCTIONS [ECF NO. 211]

COMES NOW Defendant Charles Tashiro ("Tashiro"), by and through counsel, and in response to Plaintiff's Motion for Entitlement to Fees and Sanctions [ECF No. 211] shows the Court as follows:

I. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

There is no basis for an award of sanctions or attorney's fees against Tashiro for the delay of the January 2015 evidentiary hearing. In fact, there is no basis for damages against Tashiro at all. This is a copyright infringement case in which there is no evidence of copyright infringement by the Defendants.

Malibu is relying on a misinterpretation of copyright law to unreasonably expand these proceedings. In their reply to Jonathan LA Phillips' response to ECF No. 211, they cited cases in which circumstantial evidence was used to prove infringement. However, they consistently misapply this authority. For example, Malibu cited *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1169-70 (7th Cir. 1997) in support of the proposition that their purported circumstantial evidence of infringement by the Tashiros is admissible in this case. *Ty* doesn't apply here. In *Ty*, the issue was whether another company's toy was infringing on Ty's beanie baby copyright

because one beanie baby was substantially similar to the other. There is no reported case in which this type of analysis was applied to a BitTorrent copyright infringement case to support a finding of infringement. The only case cited by Malibu to the contrary is a case in which a default judgment was entered[1], which does not change the elements of a copyright infringement case.

Malibu's position appears to be that if they find evidence of BitTorrent use and alleged infringement of works they do not own, that proves that the Defendants infringed their copyrights. The problem is that isn't how the law works. And Malibu has been told as much by more than one federal court.

Malibu is accusing Tashiro of hiding or failing to timely disclose material evidence. However, on September 4, 2013, an Order was entered by Judge Lawrence in this matter granting Defendant Kelley Tashiro's motion and striking Plaintiff's Exhibit C. [ECF No. 36] In that Order, Judge Lawrence made clear that the information in Exhibit C, which purports to be evidence of other files being traded by someone using Defendants' IP address, is immaterial to the allegations contained in the Complaint. [ECF No. 36, p. 6]. No motion for reconsideration was ever filed.

Judge Lawrence noted in his September 2013 Order that which Malibu should already know; that the elements of a copyright infringement case are (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. [ECF No. 36, p. 5]. As noted above, there is no evidence of the copying of Malibu's works in this case. There isn't even any evidence that the Defendants ever had copies of Malibu's works.

Malibu has also argued that evidence of other downloads helps to determine the "identity of the infringer" and "demonstrates that Tashiro is a BitTorrent user." [ECF No. 36, p. 6] Other

---

[1] *Malibu Media, LLC v. Flanagan*, 2014 WL 2957701, *2 (E.D. Pa. July 1, 2014).

federal courts have rejected Malibu's claims regarding the utility and purpose of evidence of downloading of works they do not own. *Malibu Media, LLC v. Doe*, 2013 U.S. Dist. LEXIS 128615 (W.D. Wisc., September 10, 2013); *Malibu Media, LLC v. Doe*, 2013 U.S. Dist. LEXIS 176701 (E.D. Wisc., December 12, 2013).

Incredibly, despite having no admissible evidence of infringement by Tashiro or his wife, co-Defendant Kelley Tashiro, Malibu has persisted in this litigation. Malibu and its attorneys have unnecessarily multiplied and expanded these proceedings far beyond any reasonable scope at far greater than any reasonable expense.

II.     ARGUMENT

Tashiro exercised his Fifth Amendment right against self-incrimination in a timely manner. In fact he did so within hours of having the potential for doing so presented to him by Mr. Phillips.

Tashiro was aware that Malibu was accusing him of perjury and subornation of perjury. Tashiro met with Phillips early on the morning of January 29, 2015, a couple of hours before the scheduled hearing. It was during this meeting that Phillips, for the first time, discussed with Tashiro his right to invoke the Fifth Amendment. Concerned about Malibu's conduct in the litigation up until that time, and convinced that Malibu would proceed against him in any way possible despite having found no evidence he or his wife ever had its copyrighted films on their hard drives, Tashiro elected to exercise his rights under the Fifth Amendment. (See Declaration of N. Charles Tashiro, attached hereto as Exhibit A).

Tashiro never "misrepresented" his intentions regarding testifying at the January 29 evidentiary hearing to Malibu or the Court, as alleged by Malibu in its motion. The Court is being asked to "sanction Charles for the foreseeable and collateral consequences that emanated

3

from his untimely refusal to testify, particularly since Charles had previously advised the Court that he in fact would be testifying (and since the Court and undersigned relied to their detriment upon that misrepresentation)." [ECF No. 211, p. 15]

Sanctions against Tashiro for invoking his Fifth Amendment privilege would be improper. The Court had the opportunity to colloquy Tashiro about his decision to invoke his rights under the Fifth Amendment. During the colloquy, Tashiro was not asked whether his decision was being made to frustrate the proceedings, and the Court never implied to Tashiro, or to his attorney Jonathan Phillips, that it appeared Tashiro was trying to manipulate the hearing. In fact, it is the undersigned's understanding that on January 29, 2015, it was Phillips who suggested to the Court that there were probably issues that could be covered in a hearing that day on issues on which Tashiro would not be invoking his Fifth Amendment privilege and the Court elected to continue the hearing.

Punishing Tashiro for exercising his rights a mere couple of hours after he was advised of them would be inherently unfair. There is no evidence that he acted in any way to prejudice Malibu or its attorneys at the January 29, 2015 hearing.

III. CONCLUSION

Malibu has failed to show that Tashiro acted in a manner that would warrant sanctions. Tashiro has the right to invoke the Fifth Amendment. Though Malibu claims they are not asking the Court to punish him for doing so, that it precisely the design of their motion.

4

            Respectfully submitted,

            /s/ Erin K. Russell
            Counsel for Defendant Charles Tashiro

The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
Chicago, IL 60606
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
admitted *pro hac vice*

CERTIFICATE OF SERVICE

  This is to certify that on April 1, 2015, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

            /s/ Erin K. Russell