**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT INDIANA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. <u>1:13-cv-00205-WTL-MJD</u> |
| | ) | |
| v. | ) | |
| | ) | |
| KELLEY TASHIRO, | ) | |
| N. CHARLES TASHIRO | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR FEES AND SANCTIONS
AGAINST DEFENDANT CHARLES TASHIRO [CM/ECF 225]</u>**

**I.      INTRODUCTION**

There is simply no question that Plaintiff is entitled to recover its wasted fees and expenses from Defendant, Mr. Phillips, or both.  Both caused Plaintiff to unnecessarily expend time and money.  Plaintiff should not be forced to bear the fees and costs their failure to proceed at the sanctions hearing caused it to incur.  Defendant's Response fails to rebut Plaintiff's entitlement to fees and costs.  Instead, Defendant erroneously argues that Plaintiff's case is weak. That erroneous argument is a red herring and irrelevant.[1]  Next, Defendant erroneously argues Mr. Phillips's eleventh hour Fifth Amendment advice weighs against sanctioning him.  He is wrong.   Defendant does not have clean hands.   Indeed, it was Defendant's perjury and obstruction of justice that necessitated his pleading the Fifth.  Significantly, black letter agency law makes clear Defendant is responsible for the effect his attorney's actions cause an opposing party.  For that reason, as explained more fully herein, Plaintiff respectfully requests this Court grant the subject Motion.

---

[1]As set forth in footnote 2, Plaintiff's case is incredibly strong.

1

## II.    ARGUMENT

### A.  Defendant's Argument With Regard to Whether or Not Plaintiff Will Ultimately Prevail on its Infringement Claims is Not Relevant to the Instant Motion

Defendant devotes the first two pages of his Response toward erroneously arguing Plaintiff will be unable to prove Defendants infringed.[2]   That argument is an irrelevant red herring.  This Motion seeks restitution for the wasted fees and costs caused by Defendant's and his counsel's failure to come prepared to a pretrial evidentiary hearing concerning Defendant's perjury, spoliation, suppression of evidence and obstruction of justice.  Even if Defendant ultimately wins on the infringement claim – which he will not – Plaintiff should not be forced to spend more than is necessary to litigate this case.  Defendant's cancellation of the hearing caused Plaintiff to unnecessarily incur fees and costs.  Plaintiff should not be forced to bear these fees and costs.  It is as simple as that, period.

---

[2] Defendant asserts that "there is no evidence of copyright infringement by the Defendants[,]" and that Plaintiff's use of its Additional Evidence is improper because it is irrelevant and inadmissible.  Response, pp. 1-2.  Defendant is wrong on all accounts.  First, Plaintiff has *extensive* evidence of Defendants' infringement.  Plaintiff has computer records (numerous PCAP files – 28 of which were produced to Defendant – and a MySQL log file) conclusively establishing the infringement emanated from Defendants' home.  Even the Defendants' own expert admits that when properly configured and used, packet analyzers, which create PCAPs, can accurately record the network traffic between two computers. *See* Deposition of Delvan Neville ("Neville Depo."), at p. 27:1-5.  Defendant's assertion that Plaintiff has "no admissible evidence of infringement by Tashiro or his wife" is a blatant falsehood.  Response, p. 3.

In addition to the computer records, *all* of the other evidence in this case establishes Defendants' guilt.  The only two people with access to Defendants' internet were the two Defendants.  There is no evidence of unauthorized use of their internet or WiFi hacking.  Defendants' ISP, Comcast, testified that it correctly correlated the infringing IP address to Defendant Kelley Tashiro as the internet subscriber assigned that IP address on the subject date and time.  Defendant Charles Tashiro admits to being a BitTorrent user.  Evidence of BitTorrent and other file sharing programs was found on nearly every one of Defendants' computer devices.  Plaintiff is confident that the evidentiary hearing will also establish willful spoliation, suppression of evidence, perjury and obstruction of justice further demonstrating the Defendants' consciousness of guilt.  In sum, the evidence against Defendants is overwhelming.

**B.  Defendant's Argument Regarding Plaintiff's Additional Evidence is Irrelevant and an Improper Attempt to Argue a Motion *in Limine***

Defendant's assertion that "Judge Lawrence made clear that the information in Exhibit C . . . is immaterial to the allegations contained in the Complaint [and] [n]o motion for reconsideration was ever filed[,]" is both wrong and irrelevant.  Response, p. 2.  Judge Lawrence's order at CM/ECF 36 only struck allegations pertaining to the Additional Evidence list from the Complaint.  He specifically acknowledged however "the information in Exhibit C may become relevant evidence at some point during the pendency of this matter[.]"  *Id.* at p. 6.  He was correct.  Here, the Additional Evidence directly implicates *both* Defendants by tying them directly to BitTorrent use.  Indeed, the Additional Evidence list contains numerous entries correlating to *both* of the Defendants' admitted and different favorite movies, music, and TV shows.

The evidence of third party infringements through BitTorrent is both relevant and admissible.  Although this Reply is not the proper place to argue Defendant's motion *in limine*, evidence of a "crime, wrong, or other act" is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  The third party infringements in this lawsuit are relevant to one or more of the foregoing.  Further, Defendants were or are consistent BitTorrent users.  Accordingly, the Additional Evidence comes in under Fed. R. Evid. 406 because it constitutes evidence of habitual behavior.  Again, this is not the place to argue these points.  Accordingly, the foregoing is not intended to be a response to a motion *in limine*.  Suffice it to say, Defendant is wrong.

**C. Phillips' Failure to Advise Defendant of His Rights Prior to the Morning Before the Hearing Does Not Save Defendant From Having to Compensate Plaintiff**

Defendant argues that he "exercised his Fifth Amendment right against self-incrimination in a timely manner[,]" because his attorney, Mr. Philips, only advised him of his right to do so for the first time "on the morning of January 29, 2015, a couple of hours before the scheduled hearing." CM/ECF 225, at p. 3. Even if true, this does not absolve Defendant of liability. Seventh Circuit precedent is clear that an attorney's "negligence and willful misconduct alike are attributed to the litigant." *United States v. 7108 W. Grand Ave., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). "The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds." *Id.*

It makes no difference that Mr. Phillips failed to earlier advise Defendant of his right to invoke the Fifth Amendment. "Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good – the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either." *Id.* Defendant chose to retain Mr. Phillips. Mr. Phillips was acting as Defendant's authorized agent. Defendant is liable for Mr. Phillips's actions. If Mr. Phillips was in the wrong, Defendant's recourse is to recover from Mr. Phillips.

Holding both Defendant and Mr. Phillips jointly and severally liable is most appropriate because it provides Plaintiff with the greatest chance of being made whole. Indeed, one or the other may be unable to pay the sanction. "The court sees nothing unjust about requiring an attorney and/or a party who has caused its opposition to unnecessarily devote time and trouble to a matter to reimburse them for the reasonable value of their labors. In the court's opinion such a

result is necessary, not only as a matter of economic and procedural fairness, but also in order to impress upon litigants the importance of being prepared for proceedings . . . ." *In re Szymanski*, 344 B.R. 891, 894 (Bankr. N.D. Ind. 2006) (sanctioning attorney *and* party for failing to be prepared to present evidence at trial).

### D. Defendant Bizarrely Argues He Did Not Assert the Fifth For a Proper Reason

Defendant argues he only decided to exercise his Fifth Amendment privilege because he was "[c]oncerned about Malibu's conduct in the litigation up until that time, and [was] convinced that Malibu would proceed against him in any way . . . .'" Response, p. 3. Defendant's statement makes clear Defendant did *not* invoke the Fifth Amendment privilege against self-incrimination in good faith. The Fifth Amendment may only be exercised where the defendant demonstrates and the Court finds "some credible reason why a response would pose a real danger of incrimination[.]" *Martin-Trigona v. Gouletas*, 634 F.2d 354, 360 (7th Cir. 1980). Defendant's purported concern over Plaintiff's "conduct in the litigation" has nothing to do with a legitimate fear that Defendant may incriminate himself. Only Defendant can incriminate himself. Honest parties and witnesses never fear that their opponents' questions will expose them to criminal sanctions. Using the Fifth Amendment to avoid taking the stand and testifying because he thought "Malibu would proceed against him in any way possible" is improper and demonstrates that the hearing was unnecessarily delayed. Defendant's own argument weighs heavily in favor of holding Defendant liable.

### E. Mr. Tashiro is Not Being Sanctioned for Asserting His Rights Under the Fifth Amendment

Despite expressly stating, in this motion, that "the Court is not being asked to sanction Charles for invoking his constitutional rights[,]" (CM/ECF 211, at p. 15), Defendant argues that

5

"[s]anctions against Tashiro for invoking his Fifth Amendment privilege would be improper."[3] Response, CM/ECF 225, at p. 4.  Again, the instant Motion is compensatory in nature and not punitive.  Defendant's actions (and those of Phillips) caused Plaintiff to expend money and time needlessly.  It would be wholly inequitable to force Plaintiff to bear these costs.  It makes no difference that Defendant was "not asked whether his decision was being made to frustrate the proceedings . . . [and] the Court never implied . . . that it appeared Tashiro was trying to manipulate the hearing."  Response, at p. 4.  Plaintiff need not demonstrate bad faith or intent in order for the Court to award fees and costs pursuant to S.D. Ind. L.R. 16-3(e) or Fed. R. Civ. P 16(f).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion and hold Defendant jointly and severally liable with Mr. Phillips.

DATED: April 13, 2015.

Respectfully submitted,

By:    /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
pauljnicoletti@gmail.com
NICOLETTI LAW, PLC
33717 Woodward Ave, #433
Birmingham, MI 48009
Business:  (248) 203-7800
Facsimile: (248) 928-7051

By:    /s/ *M. Keith Lipscomb*
M. Keith Lipscomb, Esq. (429554)
jcooper@lebfirm.com

---

[3] Defendant is wrong as a matter of law.  "Invoking the Fifth Amendment in civil discovery will almost certainly lead to some adverse consequences for the party doing so . . . invocation of the Fifth Amendment [in civil proceedings] is seldom a costless exercise."  Richard L. Scheff, Scott A. Coffina, Jill Baisinger, *Taking the Fifth in Civil Litigation*, 29 Litigation 34, 36-37 (Fall 2002).  However, these issues will be properly addressed during the continued sanctions hearing.

LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229

By:   /s/ *Jason H. Cooper*
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*