UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-00205-WTL-MJD |
| | ) | |
| KELLEY TASHIRO, | ) | |
| N. CHARLES TASHIRO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Jonathan LA Phillips, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |

**ORDER ON DEFENDANTS' MOTIONS IN LIMINE**

This matter comes before the Court on Defendants' first through seventh motions in limine. [Dkts. 170, 172, 173, 175, 176, 177 & 179.] For the following reasons, the Court **DENIES** Defendants' motions.

### I. Background

Malibu Media, LLC ("Plaintiff") sued Charles and Kelley Tashiro ("Defendants"), alleging that Defendants had used a BitTorrent client to infringe Plaintiff's copyrights by uploading and/or downloading Plaintiff's copyrighted movies. [Dkt. 124 (Second Am. Compl.).] During discovery, Plaintiff moved for sanctions against Defendants on the grounds that Defendants had perjured themselves and had spoiled evidence by deleting files from Defendants' computer hard drives. [Dkts. 130 & 159.] The Court subsequently scheduled Plaintiff's motion for an evidentiary hearing before the undersigned Magistrate Judge. [Dkts. 165 & 167.] In

1

advance of the hearing, Defendants filed seven motions in limine, [Dkts. 170, 172, 173, 175, 176, 177 & 179], all of which are now fully briefed.

## II. Discussion

District courts have broad discretion in ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The purpose of such motions is "to prevent the risk of jury confusion or prejudice[.]" *Intermatic Inc. v. Toeppen*, No. 96 C 1982, 1998 WL 102702, at *3 (N.D. Ill. Feb. 28, 1998). A motion in limine should not be granted unless it appears that the evidence is "'clearly inadmissible on all possible grounds.'" *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011) (quoting *Anglin v. Sears, Roebuck & Co.*, 139 F.Supp.2d 914, 917 (N.D.Ill.2001)). "Accordingly, in some instances it is best to defer rulings until trial, where decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Id.*

### A. First Motion in Limine

Defendants' first motion in limine seeks to preclude Tobias Fieser and Michael Patzer from testifying at the evidentiary hearing. [Dkt. 170 at 1.] Defendants assert that both men will testify as experts, but that Plaintiff violated Fed. R. Civ. P. 26(a)(2) by not properly disclosing their identity or proposed testimony. [Dkt. 171 at 1.]

At this point, it is unclear whether either proposed witness is an expert whose identity Plaintiff was required to disclose. Both men have previously submitted declarations indicating that they are employees or independent contractors of the company Plaintiff hired to investigate Defendants' alleged acts of infringement. [Dkt. 5-1 (Decl. of Tobias Fieser, February 4, 2013); Dkt. 73-13 (Decl. of Michael Patzer, February 5, 2014).] It is thus uncertain whether they will testify about matters that require expert qualifications or whether they will instead simply report on matters they observed during the course of their employment. As such, the Court will only be

able to rule definitively on the matter after their testimony has been developed in the context of the hearing. *See Casares*, 790 F. Supp. 2d at 775.

In addition, allowing Plaintiff to develop the testimony will not prejudice Defendants. As noted above, the purpose of a motion in limine is to protect the **jury** from confusion or inadmissible evidence. *See, e.g.*, *Intermatic*, 1998 WL 102702, at *3. Because the evidentiary hearing in this case will occur before the Magistrate Judge—without a jury—the current proceedings present no such concerns. The Court accordingly **DENIES** Defendants' first motion in limine. [Dkt. 170.]

### B. Second Motion in Limine

Plaintiff indicated in its list of potential witnesses that Brittany Snook will testify "that Malibu Media, LLC owns the copyrights to the works at issue." [Dkt. 169.] Defendants' second motion in limine, [Dkt. 172], seeks to preclude Snook from testifying on the grounds that her testimony is irrelevant. [*Id.* at 1.]

Plaintiff asserts that Ms. Snook's testimony is relevant to the prejudice it suffered as a result of Defendants' alleged discovery misconduct, and again, the Court cannot definitively rule on this contention without evaluating the full extent of Ms. Snook's testimony in the context of the evidentiary hearing. *See Casares*, 790 F. Supp. 2d at 775. If Ms. Snook's testimony is relevant, then the Court will consider it; if it is not relevant, then the Court will simply disregard it. *See, e.g.*, *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, No. 1:10-CV-01376-TWP-DKL, 2013 WL 3936210, at *1 (S.D. Ind. July 29, 2013) ("[W]here, as here, the proceeding is a bench trial, the court has leeway to provisionally admit testimony or evidence and to disregard later if, upon reflection, it should have been excluded."). The Court therefore **DENIES** Defendants' second motion in limine.

### C. Third Motion in Limine

Defendants' third motion in limine, [Dkt. 173], seeks to exclude the introduction of portions of the deposition of the Rule 30(b)(6) representative from Defendants' ISP provider. [*Id.* at 1.] Defendants contend that Plaintiff disclosed only that it would introduce "select portions" of the deposition, rendering it impossible for Defendants to determine in advance "what else Plaintiff should be required to offer up 'that in fairness should be considered with the part introduced.'" [*Id.* ¶ 2 (quoting Fed. R. Civ. P. 32(a)(6)).] Defendants also argue that the deposition touched on irrelevant issues. [*Id.* ¶ 3.]

These arguments are baseless. Plaintiff did not merely disclose that it may introduce "select portions" of the deposition; rather, it stated it may introduce "[s]elect portions from the deposition of [the ISP's] 30(b)(6) representative *proving that Defendant was assigned the subject IP address at the relevant time and that Defendant was sent DMCA notices notifying her of copyright infringement traced to her internet account*." [Dkt. 169 at 2 (emphasis added).] Plaintiff's disclosure thus informed Defendants of the specific topics that the deposition testimony would address, facilitating Defendants' efforts to locate any portions of the deposition "that in fairness should be considered with the part" that Plaintiff introduced. Fed. R. Civ. P. 32(a)(6). This is especially true because, as Plaintiff notes, Defendants' attorney "was present at the deposition and possesses a copy of the deposition transcript," [Dkt. 195 at 1], such that Defendants should have little difficulty reviewing the deposition for any portion that should be introduced pursuant to Fed. R. Civ. P. 32(a)(6).

Defendants' relevance objection is equally unavailing. Portions of the deposition could strengthen the underlying infringement claim against Defendants, [*see* Dkt. 173 at 2], which could indicate that Defendants had a strong motive to lie or destroy evidence to escape liability

for such infringement. The deposition is thus potentially relevant to the motion for sanctions. In addition, even if portions of the deposition do prove irrelevant, the Court, as noted, may simply disregard those portions. *See Eli Lilly*, 2013 WL 3936210, at *1. The Court accordingly **DENIES** Defendants' third motion in limine. [Dkt. 173.]

### D. Fifth Motion in Limine

Defendants' fifth motion in limine, [Dkt. 176], seeks to exclude PCAP[1] evidence indicating that infringing activity was conducted via Defendants' IP address. [*Id.* at 1]. Defendants assert that such evidence is irrelevant to the spoliation and perjury issues to be addressed at the hearing. [*See id.*]

As explained above, the Court will determine the relevance of the proposed evidence in the context of the hearing as a whole. *See Casares*, 790 F. Supp. 2d at 775. If the evidence is relevant, the Court will consider it; if not, then the Court will disregard it. *See Eli Lilly*, 2013 WL 3936210, at *1. Defendants' motion is accordingly **DENIED**.

### E. Sixth Motion in Limine

Defendants' sixth motion in limine, [Dkt. 177], seeks to preclude Plaintiff's proposed expert witness—Patrick Paige—from testifying about the software used to investigate Defendants' alleged infringing activity. [*Id.* at 1.] Defendants argue that Paige is not qualified as an expert to testify on such matters. [Dkt. 178 at 2.]

Under the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the district court is to act as a "'gatekeeper' for expert testimony, only admitting such testimony after receiving satisfactory evidence of its reliability." *Dhillon v.*

---

[1] A PCAP is an electronic record of an interaction between devices sending data over a network. [*See* Dkt. 198 at 3.] As Plaintiff explains, a PCAP is "analogous to a video recording" in that it contains a record of a given event. [*Id.*] Thus, a PCAP might contain a record showing that a portion of Plaintiff's copyrighted work was sent to another device via Defendants' internet connection. [*See id.*]

5

*Crown Controls Corp.*, 269 F.3d 865, 869 (7th Cir. 2001). When, however, the testimony at issue is presented to a judge, rather than a jury, the importance of this "gatekeeping" role diminishes. *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("Where the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened."). In such cases, the "court can hear the evidence and make its reliability determination during, rather than in advance of, trial," and the court "does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *Id.*

The Court in this matter will follow the approach described in *Salem*. As such, the Court will assess the qualifications of Plaintiff's expert and the reliability of his methodology at the hearing. *See id.*; *see also 3600 Michigan Co. v. Infra-Metals, Co.*, No. 207-CV-367 PPS, 2010 WL 1088452, at *2 (N.D. Ind. Mar. 19, 2010) ("I will allow 3600 Michigan to present Vale's opinion testimony at trial, and allow Infra to vigorously cross-examine Vale and present contrary evidence, before determining whether the testimony is entitled to some consideration, or whether it should be excluded as irrelevant, unreliable, or both."); *Barna v. United States*, 183 F.R.D. 235, 239 (N.D. Ill. 1998) ("As noted earlier, motions in limine to strike party experts are of less importance in bench trials. I will be better able to assess Mr. Ridenour's expertise at trial."). The Court at this time accordingly has no need to prohibit Mr. Paige from testifying, and Plaintiff's sixth motion in limine, [Dkt. 177], is **DENIED**.

**F. Fourth and Seventh Motions in Limine**

Defendants' fourth motion in limine, [Dkt. 175], seeks to exclude introduction of testimony from "Defendant's deposition of Tobias Fieser and Michael Patzer regarding Plaintiff's investigator's infringement detection process." [*Id.* ¶ 2.] Ultimately, however,

Defendants did not depose Fieser or Patzer, [*see id.*], and there is no deposition testimony to exclude. The Court thus **DENIES AS MOOT** Plaintiff's fourth motion in limine. [Dkt. 175.]

Defendants' seventh motion in limine, [Dkt. 179], seeks to exclude "the invoice of Patrick Paige." [*Id.* at 1.] In response, Plaintiff agreed that it "will not introduce the invoice." [Dkt. 199 at 1.] The Court accordingly **DENIES AS MOOT** Plaintiff's seventh motion in limine. [Dkt. 179.]

### III.  Conclusion

For the reasons described above, the Court **DENIES** Defendants' first through seventh motions in limine. [Dkts. 170, 172, 173, 175, 176, 177 & 179.] This order, however, shall be without prejudice to Defendants' right to challenge the testimony or Plaintiff's witnesses through specific objections at the April 30, 2015 evidentiary hearing.

Date:  04/14/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

7

Distribution:

Jonathan LA Phillips
jphillips@skplawyers.com

Jason H. Cooper
LIPSCOMB, EISENBERG & BAKER, PL
jcooper@lebfirm.com

Michael K. Lipscomb
LIPSCOMB, EISENBERG & BAKER, PL
klipscomb@lebfirm.com

Paul J. Nicoletti
NICOLETTI LAW, PLC
paul@nicoletti-associates.com

Jonathan LA Phillips
SHAY KEPPLE PHILLIPS, LTD
jphillips@skplawyers.com

Erin Kathryn Russell
THE RUSSELL FIRM
erin@russellfirmchicago.com