IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>KELLEY TASHIRO and N. CHARLES TASHIRO<br><br>Defendants | Case No. 1:13-cv-00205-WTL-MJD<br><br>Hon. Mark J. Dinsmore |

**RESPONSE IN OPPOSITION TO:**
**PLAINTIFF'S MOTION FOR RECONSIDERATION OF REPORT AND RECCOMENDATION**

The undersigned attorney, JONATHAN LA PHILLIPS, responds in opposition to the Plaintiff's Motion for Reconsideration of Report and Recommendation (ECF Doc. 238) (the "Motion), stating as follows:

I. **Introduction & Relevant Procedural History**

On February 13, 2015, Malibu filed a Motion seeking to have undersigned sanctioned and declared responsible for all of its fees and costs preparing for a hearing. ECF Doc. 211. On April 15, 2015, a Report and Recommendation to deny the Motion was issued. ECF Doc. 228. Malibu sought additional time to file any objection, which was denied. ECF Docs. 231 & 233. Rather than filing an Objection, Malibu, instead, brought its Motion to Reconsider[1] on May 4, 2015.

The Motion falls short in several respects. There are two threshold failures that end the analysis. For one, Malibu has, again, failed to comply with Local Rule 7-1, while its first was inexcusable as explained below. Also, because there is nothing to reconsider, the Motion must fail as a matter of law. As to the merits, the Motion simply does not provide sufficient requisite exceptional circumstances to justify the judicially disfavored reconsideration of the Report and

---

[1] The Motion does not appear to ask the Court to reconsider its report that Malibu is seeking an improper amount of fees and costs. As such, that portion of the Report and Recommendation goes unassailed.

1

Recommendation. For these reasons, it is respectfully submitted that the Motion be denied as Malibu has failed to show sufficient basis for reconsidering the Report and Recommendation.

## II. Legal Standard

Motions for reconsideration are extraordinary in nature and disfavored. *Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1991 (7th Cir. 1990). Motions to reconsider are not provided for in the Federal Rules of Civil Procedure, and as such, are treated as motions to amend a judgment under Rule 59(e) or motions for relief from a judgment or order under Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994). Rarely do problems warrant granting such a motion. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990); *see also, Slabaugh v. State Farm Fire & Cas. Co.,* 2014 US Dist. LEXIS 182812, *3 (S.D. Ind. Aug. 14, 2014) ("Only in 'exceptional circumstances' is a motion for reconsideration procedurally proper."), *citing, Barrington Press, Inc. v. Morey,* 816 F.2d 341, 343, n.2 (7th Cir. 1987).

A motion to reconsider serves the very limited function of correcting manifest errors of law or fact or presenting evidence just discovered. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70(7th Cir. 1996). "Manifest error" only occurs when there is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). Motions to reconsider are "not appropriately used to advance arguments or theories that could have and should have been made before the district court" made its decision. *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006); *Caisse Nationale de Credit Agricole,* 90 F.3d at 1270. Such motions are also inappropriate to "tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 298 404 (7th Cir. 1986).

### III. Argument

    A.  <u>Threshold failure to comply with Local Rule 7-1</u>

As a threshold matter, this Court should determine whether or not Malibu filed a statement showing that Malibu's counsel "made reasonable efforts to confer with [undersigned] and resolve the matters raised in the [M]otion," which is required for motions seeking attorney's fees.  L.R. 7-1(g)(1); 7-1(g)(1)(A).  Failure should result in denial of the Motion.  *Slabaugh v. State Farm Fire & Cas. Co.,* 2014 U.S. Dist. LEXIS 61108, 12 (S.D. Ind. May 1, 2014) (denying a motion for sanctions solely due to a failure to provide an adequate statement under Local Rule 7-1)*; see also, Remy Inc. v. Tecnomatic, S.P.A.,* 2013 U.S. Dist. LEXIS 21972, 4 (S.D. Ind. Feb. 19, 2013).

The Motion essentially seeks sanctions, again.  Malibu has failed to make the required Local Rule 7-1 statement.  Moreover, Malibu's counsel never "made reasonable efforts to confer" with undersigned prior to, or after, the filing of the Motion.  In this series of motions seeking to sanction undersigned, this is not the first time the failure occurred.

When Malibu filed its original motion for sanctions and entitlement to fees, it did not confer with undersigned.  Instead, Malibu issued an email, after the fact, seeking payment for <u>all</u> expenses and fees.[2]  As this very Court has quoted when considering Rule 7-1, "An electronic ultimatum is not a good faith attempt to resolve a discovery dispute.  Rather the local rule contemplates an actual meeting . . . by telephone. . . .  [A] faceless exchange of carefully worded and often pointed emails usually solves little."  *Slabaugh v. State Ferm Fire & Cas. Co.,* 2014 US Dist. LEXIS 61108, *14 (S.D. Ind. May 1, 2014) (denying motion for sanctions for failure of motion to show "real-time interaction" in addressing the dispute."), *quoting*, *Loparex LLC v. MPI Release*

---

[2] The email read "Please advise as to whether or not you . . . will . . . consent to pay for the wasted expenses that Malibu Media incurred in traveling to and preparing for the January hearing that was continued.  . . .  [I]f you are willing to unilaterally or jointly pay . . . the <u>total</u> amount of wasted expenses Plaintiff will withdraw its motion."  (emphasis added).  Both undersigned and counsel for N. Charles Tashiro responded in separate emails asserting that the email was not in compliance with the rule and the ultimatum, providing no modicum of compromise, was rejected.

3

*Technologies, LLC,* 2011 U.S.Dist. LEXIS 51983, *2 (S.D. Ind. May 16, 2011). As before, there is nothing to suggest, if the required attempt were made prior to this Motion, that same accord may not have been reached.

After failing to comply with this Rule when filing the original Motion,[3] Malibu did so again when it, essentially, seeks sanctions a second time. Accordingly, this Court need not proceed further; the Motion should be denied for failure to comply with Local Rule this, and last, time.[4]

### B. Fundamentally, there is nothing to reconsider at this time

Malibu has filed a motion for reconsideration. However, there is simply nothing to reconsider at this time. Motions for reconsideration are treated as Motions under Federal Rules of Civil Procedure 59(e) or 60(b). Neither rule is applicable here.

Rule 59(e), on its face, applies to a "judgment." Fed. R. Civ. P. 59(e). There is no judgment to "alter or amend" here. Rule 60(b) applies to final judgments, orders, or proceedings. Fed. R. Civ. P. 60(b). Again, here there is no final judgment, final order, or final proceeding[5] to provide relief from. Fundamentally, Malibu's motion to reconsider is improper and inapplicable to the situation at hand.

Malibu relies on a series of inapplicable cases in asserting, "Magistrate judges often review their own orders for error." Motion, p. 4. Malibu is correct; a review of each of the cited cases shows magistrate judges reviewing his or her <u>orders</u>. However, none of the cited cases involve a magistrate judge reviewing his or her report and recommendations. This line of cases does not change the end conclusion – that there is simply nothing to review – and the Motion should be denied.

---

[3] Undersigned does not waive argument that the Report and Recommendations correctly recommended that the original motion be denied for failure to confer. The reasoning contained herein, as well as the Report and Recommendations itself, is sufficient to indicate that no manifest error existed.
[4] Having failed to do so twice, even after the issue has been brought to its attention, it is respectfully submitted that Malibu should be barred from bringing yet another motion for sanctions.
[5] Appearing to refer to matters such as bankruptcy proceedings, habeas corpus proceedings, and so on.

### C. There is no manifest error or wholesale disregard or misapplication of law

Malibu's Motion does not assert any new developments in law or newly discovered facts that were not considered by this Court when it issued its Report and Recommendation. As such, Malibu must be asserting that this Court's Report and Recommendation was an exercise in "wholesale disregard, misapplication, or failure to recognize controlling precedent" so as to meet the "exceptional circumstances" that justify granting the Motion. *Oto,* 224 F.3d at 606; *Slabaugh.,* 2014 US Dist. LEXIS 182812, *3. Malibu is incorrect in its assertion.

In response to the Report and Recommendation, Malibu now reasserts its worn argument that conflict was appreciable sooner than later – this time relying upon more speculation. Motion, p. 7; *See, e.g.* Motion, p. 2 (speculating as to the reasoning of undersigned - "Defense counsel presumably believed . . . because Kelley and Charles have a joint bank account . . . ."); Motion, p. 3 (presuming, again – "This is presumably why . . ."). Malibu also inappropriately pushes an argument that the Court recognized Malibu could have advanced, but chose not to.

1. *Malibu rehashes timing already considered by the Court*

The first line of argument that Malibu advances is the repeated position that undersigned should have been aware of the potential for his former client to assert his Fifth Amendment rights at an earlier time. In doing so, Malibu rehashed the previously advanced arguments and hoped for a different result. *See, Caisse Nationale de Credit Agricole,* 90 F.3d at 1270 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments."). Malibu bore the burden of proving sanctionable conduct beyond mere negligence. *Vandeventer v. Wabash Nat. Corp.,* 893 F.Supp. 827, 842 (N.D. Ind. 1995). It failed to do so previously, and fails to do so here. This Court issued a Report and Recommendation explaining why there was no sanctionable conduct, whose sound reasoning is adopted, but not restated, here.

Malibu relies upon a series of cases, many the progeny of the cited *Spears v. City of Indianapolis* case, to assert that undersigned's preparations were "objectively unreasonable." Motion, p. 9. However, a review of those cases shows that they are patently distinguishable. Many concern individuals being denied motions for additional time to file documents with the Court before certain deadlines after repeated extensions being granted. *See, e.g. Woodward v. Algie*, 2014 U.S. Dist. LEXIS 39697, *2-3 (S.D. Ind. Mar. 21, 2014) (involving a situation where extensions of time, for the filing of a document, were granted and deadlines blown, with the last motion for extension being filed after deadlines had been passed). Others, such as the cited *U.S. v. Fish,* 34 F.3d 488, 493 (7th Cir. 1994) are likewise distinguishable. That criminal case involved a motion to disqualify – never brought here – that resulted in a judicial recognition of no conflict.

In the Report and Recommendation, the Court thoroughly analyzed each time period Malibu complained of in its original motion. Importantly, the Report and Recommendation explicitly considered the timing of attorney-client privileged communications[6] that Malibu now re-asserts were too late. Report and Recommendation, p. 10, n. 3 (ECF Doc. 228). However, this Court already considered the timing and reached a well-reasoned conclusion. Fresh paint on the same argument, based purely upon speculation as to when and why the need for certain discussion arose, should not affect this Court's sound reasoning and conclusion. Malibu's rephrasing of the same argument fails to provide sufficient basis for the extraordinary relief sought.

> 2. *Malibu asserts arguments that not only fail, but should have previously been brought*

The Report and Recommendations notes that the parties, including burden-bearing Malibu, did not raise any dispute about whether conditions under Rule 1.7(b) were met. Report and Recommendation, p. 5, n. 1 (ECF Doc. 228). Now, Malibu attacks undersigned's ethical

---

[6] Of course, the reasoning for the timing of any such discussions and why such discussions were had are more than enveloped in the attorney-client privilege and work-product privileges.

6

character, claiming that "Your Honor's Analysis Fails to Fully Appreciate All Aspects of Rule 1.7." Motion, p. 7.  Malibu errs in its argument and bringing the argument.

The Report and Recommendation indicated <u>due</u> consideration of all the aspects of Rule 1.7 when it put forth a footnote stating that no one raised other issues.  Report and Recommendation, p. 5, n. 1 (ECF Doc. 228).  The Court recognized the argument could exist, but no one brought it.  It is wholly improper to raise the issue now.  *County of McHenry v. Ins. Co. of the W.*, 438 F.3d at 819 (directing that motions to reconsider are "not appropriately used to advance arguments or theories that could have and should have been made before the district court rendered a judgment"); *Caisse Nationale de Credit Agricole,* 90 F.3d at 1270 ("[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").  As such, this argument should not be considered and the Motion denied.

However, even if this wholly new line of argument were considered, it fails.  As the Court has recognized, Mr. Tashiro and Mrs. Tashiro maintained consistent positions and there was no reason to believe that a husband and wife would take inconsistent positions.  *See,* Report and Recommendations, p. 9 (ECF Doc. 228).  Malibu has advanced no new arguments that were not already considered by the Court in its Report and Recommendations.  Further, Malibu's attempt to shift the burden of proof is improper.  Malibu bears the burden of proof when it seeks to sanction, again.  *Vandeventer,* 893 F.Supp. at 842.  This is neither a motion to disqualify undersigned, nor is it proper for Malibu to rely wholly upon speculation when it bears the burden of proof.  Malibu's Motion on these pre-existing, but unassisted, arguments fails.

### IV. Conclusion

For the foregoing reasons, it is respectfully submitted that the Motion be denied. This Court did not engage in "wholesale disregard, misapplication, or failure to recognize controlling precedent" so as to meet the "exceptional circumstances" that justify granting the Motion.

Respectfully submitted,

/s/ Jonathan LA Phillips
Shay Phillips, Ltd.
456 Fulton St. | Ste. 255
Peoria, IL 61602
p | 309.494.6155
f | 309.494.6156
e | jphillips@skplaywers.com
IL ARDC No. 6302752

### CERTIFICATE OF SERVICE

I certify that on May 21, 2015, a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips