# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KELLEY TASHIRO, ) <br> N. CHARLES TASHIRO, ) <br> ) <br> Defendants. ) <br> ) | Civil Case No. 1:13-cv-00205-WTL-MJD |

### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Plaintiff, Malibu Media, LLC ("Plaintiff") files this reply in support of its motion for reconsideration of Your Honor's Report and Recommendation on Plaintiff's Motion for Entitlement to Fees and Sanctions [CM/ECF 238] (the "R&R").

## I.   INTRODUCTION

Plaintiff asks Your Honor to reconsider your finding that, until the morning of the rescheduled hearing, Attorney Jonathan LA Phillips, Esq. ("Phillips") possessed a reasonable belief that he could provide competent and diligent representation to co-defendants Kelley Tashiro ("Kelley") and N. Charles Tashiro ("Charles").  Plaintiff's motion to reconsider explains that Your Honor's finding regarding the reasonableness of Phillips's actions (1) conflated Phillips's subjective surprise about having a conflict of interest with his obligation to make a reasonable effort to avoid being surprised in the first instance and (2) overlooked Phillips's seven-month long noncompliance with Indiana's Rules of Professional Conduct. Phillips offers no legal argument to counter these points, but nevertheless asks Your Honor to reaffirm your ruling that he acted reasonably, erroneously arguing that (1) Plaintiff did not adequately confer with Phillips prior to moving for reconsideration; (2) Your Honor lacks

authority to reconsider your own rulings; and (3) Your Honor already considered Phillips's conduct and should not reevaluate same.  As set forth below, these arguments are without merit.  Your Honor should grant Plaintiff's motion for reconsideration.

II.   **ARGUMENT**

> **A. Plaintiff Repeatedly Attempted to Confer With Phillips Yet Phillips Refused to Confer**

Phillips's first argument against reconsideration asserts that "Malibu's counsel never 'made reasonable efforts to confer' … prior to, or after, filing the Motion."  CM/ECF 243 at p. 3.  This is a blatantly false statement.  Phillips ignored three e-mails in his inbox pertaining to Plaintiff's attempt to confer, each of which was sent before Plaintiff filed its motion for reconsideration.  On Monday, May 4, 2015 at 4:24 P.M., Plaintiff's counsel e-mailed both Phillips and Charles's new attorney, Erin Russell, Esq. ("Russell") to ask whether either had any objection to "Plaintiff filing a Motion for Reconsideration of the Court's Report and Recommendation on Plaintiff's Motion for Entitlement to Fees and Sanctions [CM/ECF 228]."  *See* emails attached hereto as Exhibit "A."  Plaintiff's counsel apologized for the late conferral effort and explained that Plaintiff's motion would "not seek reconsideration of the R&R as it pertains to Charles, only as it pertains to Jonathan [Phillips]."  *Id.*  An hour later, at 5:25 P.M., Russell responded, copying both Plaintiff's counsel and Phillips, asking "[w]hat are the grounds for your motion?"  *Id.*  Plaintiff's counsel promptly responded to both Phillips and Russell, advising: "The motion will ask Judge Dinsmore to reconsider his finding that it was reasonable for Jonathan [Phillips] to fail to advise Charles of his right to invoke the protections of the 5th Amendment until the morning of the January hearing when the motion had been on file for seven months.  It will argue that such conduct was objectively unreasonable and the R&R's analysis is erroneous.  It will also argue that it was unreasonable for him [Phillips] to [fail to] consider a

foreseeable and appreciable conflict of interest and that the R&R overlooked certain requirements of the Indiana Rules of Professional Conduct." *Id.* Phillips did not respond.

After hours of no response, and to avoid unnecessary and potentially prejudicial delay, Plaintiff filed its motion for reconsideration. *See* CM/ECF 238. Plaintiff's motion expressly advised that "undersigned files this motion notwithstanding the fact that Defense Counsel [Phillips] and counsel for Charles [Russell] have not yet responded to Plaintiff's [conferral] inquiry." *Id.* at p. 15. Phillips did not respond to Plaintiff that night. Nor did he respond the next day, or the day after that. So on May 7, 2015 at 9:30 A.M., still with no word from Phillips, Plaintiff's counsel sent another e-mail in a good faith attempt to confer. This email reads: "Erin [Russell] and Jonathan [Phillips], I've received no response. Jonathan [Phillips], do you object? Erin [Russell], does Charles object?" *See* Ex. A. At 2:40 P.M., Phillips responded to a *different* email from Plaintiff's counsel in connection with this case, but he continued to ignore Plaintiff's conferral efforts. *See* email attached hereto as Exhibit "B." Clearly, Phillips was picking and choosing which of Plaintiff's inquiries he would address. Phillips's opposition to Plaintiff's motion for reconsideration fails to mention Plaintiff's clear conferrals, falsely representing to Your Honor that Plaintiff never made efforts to confer "prior to, or after, the filing of" its motion for reconsideration. CM/ECF 243 at p. 3. Phillips's omissions and misrepresentations is a blatant attempt to mislead this Court. His obvious gamesmanship should not be countenanced.[1]

### B. Your Honor Has the Inherent Authority to Reconsider

Phillips's second argument against reconsideration is that magistrate judges lack authority

---

[1] Moreover, and as previously argued, strict compliance with the local conferral rule is generally disregarded and overlooked "if the distasteful behavior [has] already occurred, [and] it is unlikely the issue would be resolved by meeting and conferring with opposing counsel." *Houston v. C.G. Sec. Servs., Inc.*, 302 F.R.D. 268, 270 (S.D. Ind. 2014); *see also Meek v. Otis Elevator Co.*, No. 1:13-cv-00168, 2013 WL 5918765, *2 (S.D. Ind. Oct. 31, 2013) (holding that when conferral efforts "would have made no difference, … Local Rule 7-1(g) should not bar Plaintiff's recovery of fees.").

to review or correct "reports and recommendations," and that only "orders" may be reconsidered. *See* CM/ECF 234 at p. 4.  In other words, Phillips maintains that even if the R&R is erroneous, Your Honor is powerless to correct the error and Plaintiff must instead go to Judge Lawrence to enter an order rejecting Your Honor's recommendation.  Phillips does not offer *any* legal authority for this proposition, and his argument makes a nonexistent distinction between (1) orders and reports and recommendations and (2) district court and magistrate judges.  Again, it is axiomatic that "the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1087 (10th Cir. 1980).  The power to reconsider is neither reserved for district court judges, nor is it limited to reviewing orders as opposed to reports and recommendations.  *See Chandler v. Astrue*, No. 08-cv-2204, 2010 WL 1524083 (C.D. Ill. April 14, 2010) (magistrate reconsiders report and recommendation); *Int'l Ins. Co. v. Certain Underwriters at Lloyd's London*, No. 88 C 9838, 1991 WL 639438 (N.D. Ill. Dec. 23, 1991) (same); *McDaniel v. Bowen*, No. 85 C 3440, 1986 WL 15118 (N.D. Ill. Dec. 31, 1986) (same); *see also* L.R. 72-1 ("Magistrate judges are judicial officers.  They are authorized and specially designated to perform all duties authorized by the United States Code and any rule governing proceedings in this court.").[2]

### C. Phillip's Seven-Month Failure to Address His Conflict Was Objectively Unreasonable and in Violation of Ethical Rules

Phillips's failure to investigate his conflict of interest and advise Charles of his Fifth Amendment right during the seven month pendency of Plaintiff's motion for sanctions caused Plaintiff to waste time, effort, and expense in preparing for and traveling to the originally-

---

[2] If Phillips's argument were true, magistrate judges would be powerless to correct even scrivener's errors from reports and recommendations.  Such a ruling would undermine one of the core purposes of magistrates, namely to "ease the rapidly increasing and overwhelming caseload burden of many district courts."  *U.S. v. Benton*, 523 F.3d 424, 429 (4th Cir. 2008).  And judicial economy would clearly be best promoted by Your Honor's issuance of an amended report and recommendation.  Correcting the errors now will avoid Plaintiff's objection to Judge Lawrence and will thus preserve a substantial amount of litigant and judicial resources.

scheduled hearing. Yet Phillips argues that Plaintiff should bear those excess travel and preparation costs since "this Court issued a Report and Recommendation explaining why there was no sanctionable conduct, whose sound reasoning is adopted, but not restated, here." CM/ECF 234 at p. 5. This argument is illogically tautological and totally conclusory. Phillips has not advanced *any* legal argument responsive to Plaintiff's motion for reconsideration; he merely stands behind the R&R which, as Plaintiff has explained, is inconsistent with its own factual findings, with the governing case law, and with Indiana's Rules of Professional Conduct.

### 1. The R&R is Inconsistent with its Own Factual Findings

First, the R&R's finding that Phillips "did not act unreasonably" is inconsistent with its own factual findings. The R&R held that although Phillips had an actual conflict of interest in representing both Kelley and Charles given the likelihood that one might invoke the Fifth Amendment, Phillips could (and did) establish a reasonable belief that he could provide competent and diligent representation to both Charles and Kelley at the January 2015 sanctions hearing. *See* CM/ECF 228 at p. 10–11. Yet, the R&R expressly finds that Phillips did not advise his clients of their Fifth Amendment rights at any time during the seven months leading up to the hearing. *See id.* at p. 15. Indeed, the R&R states that Phillips did not consider this issue until "early in the morning on January 29, 2015," just hours before the evidentiary hearing was scheduled to commence. *Id.* Since the R&R found that Phillips did not actually investigate his conflict of interest during the seven months leading up to the hearing, the R&R itself makes clear that there is no factual basis for concluding that Phillips could have formed a reasonable belief about his conflict of interest or his ability to proceed in the face of that conflict. Tellingly, Phillips does not dispute that he needlessly waited seven months and until the day of the hearing

to address his pre-existing and inevitable conflict of interest. Nor does Phillips provide any argument or factual support for how his delayed conflict investigation was reasonable.

Rather than rebut Plaintiff's arguments and law, Phillips simply states the R&R's reasoning is "sound" because Plaintiff "is seeking an improper amount of fees and costs" and because Plaintiff failed to bear "the burden of proving sanctionable conduct beyond mere negligence," CM/ECF 243 at p. 1, 5. As for the amount of Plaintiff's requested reimbursement, Plaintiff has obviously not requested an improper amount; Plaintiff has not specified the amount of its request, but has made clear that it only reeks to recover Plaintiff's *excess* and *reasonable* wasted costs, travel expenses, and attorney's fees incurred in preparing and traveling to the January 29, 2015 evidentiary hearing (*i.e.*, the amounts covered pursuant to 28 U.S.C. § 1927). As for Phillips's conclusory assertion that Plaintiff failed to bear "the burden of proving sanctionable conduct beyond mere negligence," Plaintiff respectfully disagrees for the reasons asserted herein and because Phillips's seven-month-long refusal[3] to investigate his conflict of interest was, at best, extraordinary or extreme negligence. Case law is clear that "extraordinary or extreme negligence" warrants the imposition of § 1927 sanctions, as the "key component of the inquiry is the objective unreasonableness of the attorney's actions." *Camarillo v. Pabey*, No. 2:05-cv-455, 2007 WL 3102144, *7 (N.D. Ind. Oct. 22, 2007) (citing *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005) and *Kotsilieris v. Chalmers*, 966 F.2d 1181 (7th Cir. 1992)).

### 2. The R&R is Inconsistent with Case Law

Second, the R&R's finding that Phillips "did not act unreasonably" is inconsistent with 28 U.S.C. § 1927, and its interpreting case law. Plaintiff's motion for reconsideration (as well as its underlying motion for sanctions and reply in support thereof) contains ample citations to cases

---

[3] Undersigned uses the word "refusal" rather than "failure" because, as repeatedly discussed in Plaintiff's underlying motion, undersigned directly brought Phillips's conflict of interest to his attention and put him on notice of same.

clearly illustrating that it is unreasonable and sanctionable to wait until the day of a scheduled evidentiary hearing to first question whether or not that hearing will have to be postponed (*i.e.*, cases discussing the objective unreasonability and sanctionability of Phillips's conduct). Phillips futilely attempts to distinguish one or two of Plaintiff's cases based upon inconsequential factual differences. *See* CM/ECF 243 at p. 6. Yet he fails to address the vast majority of Plaintiff's case law, including *Matter of Maurice*, 69 F.3d 830 (7th Cir. 1995) and *U.S. v. Associated Convalescent Enters., Inc.*, 600 F. Supp. 18 (C.D. Cal. 1984), cases in which attorneys were sanctioned under 28 U.S.C. § 1927 for conduct *identical* to Phillips's under even less egregious circumstances. *See* CM/ECF 238 at p. 8–10. What is more, Phillips does not offer any of his own legal authority, undoubtedly because his seven month disregard of Plaintiff's conflict-of-interest inquiries needlessly multiplied the proceeding and is of the precise sort for which § 1927 was enacted to punish. *See, e.g.*, *Olesen by Olesen v. Board of Educ.*, No. 87 C7757, 1988 WL 20104, *1 (N.D. Ill. Mar. 3, 1988) ("28 U.S.C. § 1927 is designed to deter needless delays of ongoing litigation." (citing *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983))). Indeed, the R&R correctly held that "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." CM/ECF 228 at p. 5 (citing *Del Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006)). Since there is no factual dispute that Phillips did not make *any* inquiry—let alone an "appropriate inquiry"—his conduct is necessarily "objectively unreasonable and vexatious." *Id.*; *see also* CM/ECF 238 at p. 8–10.

### 3. The R&R is Inconsistent with Indiana's Professional Rules of Conduct

Having obtained leave to appear and participate *pro hac vice* before this Court, *see* CM/ECF 19, Phillips is under a continuing duty to comply with Indiana's Rules of Professional

7

Conduct. *See* L.R. 83-5(e). Yet Phillips's seven-month-long refusal to consider his conflict of interest directly violated, among other ethical bar rules, Indiana Rule of Professional Conduct 1.7(b). *See* CM/ECF 238 at p. 10–13 (discussing Ind. R. Prof'l. Cond. 1.7(b)). Since a "reasonably careful attorney" would undoubtedly comply with unambiguous court procedures and ethical bar rules, an attorney's prolonged disregard of same is "objectively unreasonable and vexatious." *See, e.g.*, *Baker v. Am. Juice, Inc.*, No. 2:93-cv-262, 1994 WL 750614, *2 (N.D. Ind. Aug. 9, 1994) (imposing § 1927 sanctions on an attorney who violated Indiana's Rules of Professional Conduct by failing to timely withdraw from representation of a client); *see also In re Hubbard*, No. 12-cv-1975, 2013 WL 435945, *5–6 (S.D. Cal. Feb. 4, 2013) (finding that an attorney who violated rules of professional conduct was liable under § 1927); *Resolution Trust Corp. v. Ruggiero*, No. 90 C 4054, 1992 WL 454913, *3 (N.D. Ill. Mar. 5, 1993) (same).

  Phillips attempts to rebut the foregoing argument by suggesting that needlessly waiting seven months before moving to withdraw from representation of Charles did not violate Rule 1.7 since "Mr. and Mrs. Tashiro maintained consistent positions and there was no reason to believe that a husband and wife would take inconsistent positions." CM/ECF 243 at p. 7. This misses the mark in two respects. First and foremost, the prohibition against representing clients with adverse interests is only one sub-component of Rule 1.7. Regardless of Phillips's asserted belief regarding the consistency of his clients' positions, Rule 1.7—and a number of other rules cited in Plaintiff's papers—prohibited Phillips from maintaining the joint representation if it was either prohibited by law or if Phillips did not first obtain written, informed consent from both clients. *See* CM/ECF 238 at p. 10–13 (discussing Ind. R. Prof'l. Cond. 1.7(b)). Phillips does not provide *any* legal analysis or argument on these issues. He does not argue that his joint representation was legally permissible, nor does he claim that he obtained Charles's and Kelley's written

8

informed consent. And Phillips has still not provided this Court with any evidence that he obtained such a conflict waiver. Consequently, Phillips implicitly concedes he acted unreasonably and in direct contravention of Indiana's bar rules. *See id.*

Second, Phillips's conclusory claim that "there was no reason to believe that a husband and wife would take inconsistent positions" completely ignores the context surrounding his joint representation. Charles and Kelley were each accused of perjury, spoliation, suppression of evidence, and obstruction of justice. These allegations exposed Kelley and Charles to the possibility of criminal prosecution. An evidentiary hearing was scheduled to address these issues and it was in connection with this hearing that Phillips assumed representation of both Charles and Kelley. Necessarily, and notwithstanding their marital relationship, Kelley and Charles had misaligned interests in accounting for and explaining the clear obstruction of justice. Plainly, Phillips would have been unable to ethically and effectively cross-examine both clients, and his needless delay in addressing this conflict multiplied the proceedings. *See* CM/ECF 238 at p. 10–12. Once again, Phillips offers no rebuttal analysis.

Phillips next erroneously argues that even if his seven month delay in addressing his conflict of interest violated his ethical obligations to the Court and to Plaintiff and caused a multiplication of the proceedings for which Plaintiff was forced to incur excess costs, he escapes § 1927 liability. This is so, Phillips asks Your Honor to rule, because Plaintiff did not complain about Phillips's bar violations when it moved for § 1927 sanctions. *See* CM/ECF 243 at p. 7. Plaintiff candidly concedes that it did not discuss in detail each of the individual sub-requirements of Indiana Rule of Professional Conduct 1.7. But Plaintiff certainly preserved the issue by citing the rule and alleging that Phillips had violated it. *See* CM/ECF 211 at p. 20, 22; CM/ECF 224 at p. 3. That Plaintiff did not delineate Phillips's bar rule noncompliance with

more detail is of no moment because Plaintiff moved for sanctions pursuant to § 1927, challenging Phillips's conduct and unethical bar violations. "When an issue is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *E.g.*, *Kapunakea Partners v. Equilon Enters. LLC*, No. 09-00340, 2012 WL 2060876, *5 n.7 (D. Haw. June 7, 2012) (citing *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)). And, it is axiomatic that courts always have the duty to apply the correct law and issue correct rulings. This is particularly important in context because 28 U.S.C. § 1927 "is designed to deter needless delays of ongoing litigation." *Olesen*, 1988 WL 20104 at *1. "The principle underlying § 1927 … is that in a system requiring each party to bear its own fees and costs, courts *will* ensure that … those who create [wasted] costs also bear them." *In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985). Plainly, it would frustrate § 1927's statutory intent to punish Plaintiff and reward Phillips for any failure on Plaintiff's part to set forth in more detail Phillips's bar violations and vexatious and unethical misconduct. *Accord In Camarillo v. Pabey*, No. 2:05-cv-455, 2007 WL 3102144, *8 (N.D. Ind. Oct. 22, 2007) (noting that in ruling on a § 1927 motion, a court must determine whether *any* conduct of an attorney was unreasonable and vexatious and whether *any* excess costs can be attributed, in whole or in part, to that conduct).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests Your Honor reconsider the Report and Recommendation, and issue an amended report finding Phillips violated § 1927 and ordering him to pay Plaintiff's *excess* and *reasonable* wasted costs, travel expenses, and attorney's fees incurred in preparing and traveling to the January 29, 2015 evidentiary hearing.

Respectfully submitted,

By:   /s/ *M. Keith Lipscomb*
M. Keith Lipscomb, Esq. (429554)
klipscomb@lebfirm.com
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229

Co-counsel:

Paul J. Nicoletti, Esq. (P-44419)
pauljnicoletti@gmail.com
NICOLETTI LAW, PLC
33717 Woodward Ave, #433
Birmingham, MI 48009
Business: (248) 203-7800
Facsimile: (248) 928-7051

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *M. Keith Lipscomb*