# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> KELLEY TASHIRO AND N. CHARLES TASHIRO, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) CASE NO. 13-CV-00205 <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT RESPONSE TO:
## PLAINTIFF'S NOTICE REGARDING DAMAGES

This Court ordered[1] the parties to provide submissions concerning proving damages. The most reasonable means for proving damages is:

- Hold Malibu to its stipulation of $750 per work in damages, multiply it by 28 works, and set statutory damages at $21,000.
- Because of the potential for over-litigation and issues with proportionality, require Malibu to submit its fees and costs for inspection and comment by the Tashiros and determination as to reasonableness by the Court.

Through this response, Kelley Tashiro and N. Charles Tashiro request that the Court enter an Order providing as much.

### Material Facts & History

Malibu and Kelley Tashiro were engaged in a discovery dispute about Malibu's finances early in this litigation. Kelley Tashiro sought certain financial information. She sought the information in case the Court held her liable for infringement. The information would inform the Court in setting statutory damages in the range of $750 to $150,000. Rather than provide the sought information, Malibu stipulated to the minimum amount of statutory damages. Malibu clearly and unambiguously stipulated:

---
[1] ECF Doc. 246.

Plaintiff will only seek a maximum $750 in damages per infringement. For the avoidance of doubt, this stipulation in no way limits Plaintiff's ability to recover costs and attorney's fees under 17 U.S.C. §505.[2]

Later, Malibu filed its Second Amended Complaint.[3] Malibu made N. Charles Tashiro a defendant in that version of the Complaint. It alleges the infringement of 28 works.[4] On June 11, 2015, this Court adopted the Magistrate's Report and Recommendation finding that discovery misconduct occurred and a default judgment was appropriate. The Court entered a default judgment against Kelley Tashiro and her husband.[5] And the Court ordered Malibu to inform the it how Malibu wished to prove damages and allowed for a response.

**Argument and Authorities**

A. <u>Malibu cannot renege on its $750 per work stipulation meant to avoid discovery relevant to the setting of statutory damages</u>

Statutory damages should be set at $21,000. Malibu clearly and unambiguously stipulated to a maximum of $750 in damages in this case.[6] It did so to avoid turning over certain financial information in discovery.[7] Kelley Tashiro, the sole defendant at the time, sought the information for the very purpose of informing the Court on what the appropriate level of statutory damages. The Court could certainly consider the fact that Malibu's business had become more profitable (or less profitable) when determining whether $750 per work or $150,000 per work is an appropriate setting for statutory damages. Kelley Tashiro did not get the information sought. The information became irrelevant given the stipulation. Thus, she reasonably withdrew her motion to compel. Malibu cannot make it relevant now.

---

[2] ECF Doc. 95.
[3] ECF Doc. 124 (May 14, 2014).
[4] *Id.* at 11.
[5] ECF Doc. 246.
[6] ECF Doc. 95.
[7] *See,* ECF Docs 64 & 92 (Kelley Tashiro's motion to compel and later withdrawal of the motion pending the stipulation).

Malibu made certain qualifications when it drafted the stipulation. For one, Malibu reserved the right to seek attorney's fees. However, it did not reserve the right to seek any multiplication of damages. As such, it is inappropriate for it to ask for them now. The well-accepted principal of *expression unius est exclusion alterius* also demands the exclusion of non-stated qualifications. Moreover, the stipulation plainly reads that Malibu would seek a maximum of $750 per infringement. The stipulation does *not* tie the amount to any defendant; it is tied to the infringement. It cannot change the language it drafted and signed.

Malibu must abide by its stipulation of $750. Accordingly, proving damages is easy. Malibu's promise to seek a maximum of $750 per work defeats its lengthy argument as to why it deserves more. Twenty-eight works complained of multiplied by $750 per work is $21,000 in damages. Statutory damages should be set to this amount.

B. <u>Malibu cannot transform a conclusory, ill plead, allegation of "willful" into a post-judgment finding more appropriate for bankruptcy proceedings</u>

To begin, this Court's order was clear. Malibu was to explain how it intends to prove damages. Malibu ignored the limitations of that directive. It now argues for new factual findings. As a threshold matter, this Court should ignore Malibu's request to transform a default judgment into a finding of "willful *and malicious* injury by the debtor."[8] The Court has made no finding of maliciousness. Malibu failed to allege it in the Second Amended Complaint. In fact, the default does not even provide a finding of willfulness. Willfulness was not well plead.

Courts only consider well plead facts as true upon default. The Seventh Circuit, in *Black v. Lane*, explained that courts take well-pleaded facts as true upon default, but the sufficiency of those allegations remains in question.[9] Moreover, there are limits to what this

---

[8] ECF Doc. 249, p. 10. (emphasis added).
[9] 22 F.3d 1395, 1407 (7th Cir. 1994).

3

Court can take as true. *United States v. Di Mucci* informs us that only "well-pleaded allegations of a complaint relating to liability are taken as true, allegations in a complaint relating to the amount of damages suffered ordinarily are not."[10] Accordingly, it is clear that Malibu's ill plead allegations cannot serve to allow for a wholly new, specific, factual finding.

Malibu did not extensively plead willfulness. In fact, the only allegations that arguably touch on such a finding are:

- "Plaintiff has additional evidence which demonstrates that the third-party work . . . was infringed." Amended Comp., ¶ 5.
- " . . . Mr. Tashiro is Japanese and Plaintiff's investigator logged Defendant's IP address infringing a third party Japanese cartoon. . . ." *Id.,* ¶ 36.
- "Both Defendant and Defendant's Husband are implicated in the infringement and both likely regularly used BitTorrent." *Id.,* ¶ 37.
- "Defendants' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2). *Id.*, ¶¶ 45 & 52.

These allegations all fail.

To begin, Malibu admitted that the first and second allegations are propensity evidence. The Honorable Thomas M. Durkin once asked Malibu "[W]hats the point of naming basically porno movies as an attachment to a complaint . . . ?"[11] Malibu's attorney admitted that it was propensity evidence.[12] Federal Rule of Evidence 404(a)(1) is clear; propensity evidence is not admissible. In this case, the Court struck Malibu's filing of the so-called Additional Evidence. It found that it was "immaterial to the allegations in the complaint."[13] Finally, Malibu's correlation of a download to N. Charles Tashiro simply because he is of Japanese descent is wholly inappropriate, putting it mildly.

---

[10] 879 F.2d 1488, 1497 (7th Cir. 1989).
[11] Tr. of Proceedings, 9:20-22, *Malibu Media, LLC. v. John Does 1-23,* Case No. 12-c-7579 (N.D. Ill. June 25, 2015), *available as* filed in ECF Doc. 165-1, *Malibu Media, LLC v. Doe,* Case No. 13-cv-6312 (N.D. Ill. May 29, 2015).
[12] *Id.*, 10:4-7.
[13] ECF Doc. 36, p. 6.

Likewise, the third allegation is speculation and improper propensity material. Even if true, it cannot be considered as evidence under Federal Rule of Evidence 404(a)(1). Besides, it only alleges that one of the Tashiros is "likely" a regular BitTorrent user. In actuality, the sentence alleges nothing.

Finally, the last allegation is a bare bones, conclusory, allegation. It is not "well-pleaded." The Supreme Court, in *Ashcroft v. Iqbal*, explained that pleadings must offer more than labels and conclusions or a "formulaic recitation."[14] Malibu's blanket assertion that actions were undertaken willfully is nothing more than a conclusion. Moreover, it pleads a conclusion of law by alleging that actions were willful pursuant to a statute. The allegatiosn are not well-plead. This Court should not take it as true.

Finally, if Malibu wants to obtain a finding of "willful and malicious injury" for the purposes of vengefully saddling the Tashiros tens of thousands, if not hundreds of thousands, of dollars of debt for the rest of their lives, it should do so in bankruptcy court. Such a finding is referenced in the Bankruptcy Code, 11 U.S.C. § 523(a)(6). This Court should not put the cart before the horse. It should not make new factual findings better suited for the Bankruptcy Court, if necessary at all.

C. <u>Malibu's use of three out-of-state attorney's for a $21,000 case shows that its attorneys fees should be reviewed for reasonableness</u>

Malibu fails to explain to this Court how it wishes to prove up its attorney's fees. The Tashiros believe that the Court and parties should inspect and review Malibu's billing records for this case.

Early on, this case was boilerplate. Malibu used the same complaint, same motion for early discovery, same declarations, and so on, with thousands of Does. It can only reasonably attribute less than 1% of the time for those documents to this case.

---

[14] 556 U.S. 662, 677-78 (2009).

Further, Attorney Nicoletti is based out of Michigan. Attorneys Lipscomb and Cooper hail from Miami, Florida. These three attorneys claim to have spent countless hours on the case. Proportionality is key. In *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, the Seventh Circuit reduced fees for over litigating a case: "overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees."[15] With three attorneys on this case, a thorough review is called for.

Finally, this has been a $21,000 case since Malibu stipulated to avoid discovery. The *Schlachler* Court also recognized that proportionality is a factor to consider when awarding fees. Admittedly, the Magistrate concluded that discovery misconduct took place. However, even fees associated with the misconduct should be reviewed. For example, Malibu inappropriately filed for sanctions for the behavior of a party that was not even a party at the time, seeking to shift the burden to Kelley Tashiro.[16] This Court should not award Malibu fees for filings it should have not filed in the first place.

Issues with Malibu's attorneys fees are legion. Yet, it failed to truly touch on attorney's fees in its Notice. For the sake of efficiency, Malibu should submit detailed billing records with its Petition for Fees that appropriately account for time spent on *this*, not other, cases and removing overbillings from duplicative work and improper filings.

**Conclusion**

Malibu has presented the Court with an overly complicated process of proving damages. Additionally, it inappropriately seeks to have new factual findings. The Tashiros suggests that this Court award Malibu its stipulated to $21,000 in damages and require it to submit billings records for review to prevent a windfall for improper or over litigation.

---

[15] 574 F.3d 852, 858 (7th Cir. Ill. 2009).
[16] *See*, ECF 122.

6

Respectfully Submitted,
Kelley Tashiro and N. Charles Tashiro, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Phillips, Ltd.
456 Fulton Street – Suite 255
Peoria, Illinois 61602
T  -  (309) 494-6155
F  -  (309) 494-6156
E  -  [jphillips@skplawyers.com](mailto:jphillips@skplawyers.com)
*One of Kelley Tashiro's attorneys*

/s/ Erin K. Russell
Erin K. Russell
The Russell Firm, LLC
233 South Wacker Drive
84th Floor
T  -  (312) 994-2424
F  -  (312) 706-9766
E  -  [erin@russellfirmchicago.com](mailto:erin@russellfirmchicago.com)
*One of N. Charles Tashiro's attorneys*

## CERTIFICATE OF SERVICE

I certify that on July 27, 2015, a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips