UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 1:13-cv-205-WTL-MJD |
| | ) |
| KELLEY TASHIRO, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER REGARDING DAMAGES

The Court has adopted the Magistrate Judge's Report and Recommendation that default judgment be entered against Defendants Kelley Tashiro and N. Charles Tashiro and instructed the parties to inform that Court how they believe the issue of damages should be resolved. The parties have now done so. The Court, being duly advised, rules as follows.

By default, the Plaintiff has established that the Defendants are liable to it for copyright infringement of 28 of the Plaintiff's works. The only issue remaining before the Court is the amount of damages to which the Plaintiff is entitled. In response to the Court's inquiry, the Plaintiff made the following proposal:

> Plaintiff now asks this Court to award statutory damages in the amount of $630,000—$22,500 per work—$21,000 of which Kelley should share joint and several liability. As explained below, Plaintiff waives its right to a jury trial on damages conditioned upon an award of not less than $252,000 in statutory damages. If Plaintiff's statutory award is not less than $500,000, Plaintiff will further waive its right to attorneys' fees. Plaintiff further asks this Court to include specific language in the final default judgment to ensure that Defendants are not able to evade liability by discharging their debt in bankruptcy.

Dkt. No. 249 at 1-2. The reason the Plaintiff proposes that Kelley be liable for only $21,000 of the total damages award is that, in the Plaintiff's words, "[e]arly in the proceedings, Plaintiff

stipulated to only seek minimum statutory damages against Kelley."[1]  However, the Plaintiff asserts that "[n]o such stipulation was made against Charles."[2]

The stipulation in question was made on March 13, 2014, in order to eliminate the need for the Plaintiff to respond to certain discovery that was relevant to the issue of damages. At that time, only Kelley was a defendant in this case; therefore, it is accurate to say that the stipulation was made between the Plaintiff and Kelley. However, the stipulation reads as follows: "Plaintiff will only seek a maximum $750 in damages per infringement. For the avoidance of doubt, this stipulation in no way limits Plaintiff's ability to recover costs and attorney's fees under 17 U.S.C. §505." Dkt. No. 95. On its face, the stipulation is not limited to seeking $750 per infringement *from Kelley*. Further, a few weeks later when the Plaintiff moved to amend its complaint to add Charles as a Defendant, it stated that the "proposed amendments are relatively minor and the basic nature of the allegations in the case relating to BitTorrent copyright infringement of the Plaintiff's works remains the same." Dkt. No. 107 at 6. This assertion was disingenuous if by adding Charles as a Defendant the Plaintiff also was reintroducing the issue of damages beyond the statutory minimum—and the resulting need for damages discovery—into the case.

Accordingly, the Court finds that the Plaintiff is bound by its stipulation that it would seek only the minimum statutory damages and that stipulation limits the damages to which the Plaintiff is entitled from Charles as well as Kelley. Judgment will be entered against Charles and Kelley, jointly and severally, in the amount of $21,000. The Plaintiff will then be entitled to file

---

[1]$21,000 is $750 (the minimum amount of statutory damages) multiplied by 28, the number of works at issue.

[2]The Court notes that the Plaintiff makes no argument regarding why its stipulation should not be binding with regard to its claims against Charles.

2

a motion for costs and attorney fees as provided by Federal Rule of Civil Procedure 54(d) and Local Rule 54-1.

The Plaintiff also asks "that the Court include language in the judgment explicitly reflecting that Defendants willfully infringed Plaintiff's copyrights," that the Court "avoid including language in the final judgment that might suggest Defendants' infringements were committed negligently or with reckless indifference," and that the Court "expressly hold[] that Defendants' infringements were 'legally unjustified, willful, malicious, and injurious.'" Dkt. No. 249 at 10.  This is important, the Plaintiff argues, "because a debt arising from the 'willful and malicious injury by the debtor to another entity or to the property of another entity' is not dischargeable in bankruptcy," *id.* (quoting 11 U.S.C. § 523(a)(6)), and the Plaintiff wants the Court's assistance in ensuring that the Defendants will not be able to declare bankruptcy to avoid paying the judgment against them.

There are several problems with this request.  First, a judgment is not a place for factual findings; rather, "[a] judgment should omit reasons and collateral matters and provide only the relief to which the prevailing party is entitled." *TDK Electronics Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003).  But even if the Court were to read the Plaintiff's request as simply a request for a factual finding independent of the judgment itself, the Plaintiff's request goes too far.  The Plaintiff alleged in the complaint that the Defendants' "infringements were committed 'willfully' within the meaning of 17 U.S.C. § 504(c)(2)." Second Amended Complaint ¶ 45.  By virtue of the entry of default, that fact has been established as long as it was well-plead.  It was; the facts alleged in the complaint are sufficient to satisfy notice pleading for willful infringement.  However, the only fact that is established is the fact that the Plaintiff pled:  that the "infringements were committed 'willfully' within the meaning of 17 U.S.C. § 504(c)(2)."

3

That fact, by itself, is not sufficient to establish that the Defendants acted maliciously.  Rather, "[i]n this circuit, our caselaw establishes that a finding of willfulness is justified 'if the infringer knows that its conduct is an infringement *or if the infringer has acted in reckless disregard of the copyright owner's right*.'" *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (quoting *Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1020 (7th Cir.)) (emphasis added).  That is not a view unique to this circuit.  *See, e.g., Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F.3d 1255, 1271 (11th Cir. 2015) (reaching same result and noting that "[n]umerous other circuits have held that a finding of willfulness under the Copyright Act is also appropriate where a defendant recklessly disregarded the possibility that it was infringing a copyright") (collecting cases).  Therefore, the establishment by default of the fact that the Defendants acted willfully establishes no more than that the Defendants knew that their conduct was infringement *or* that they acted in reckless disregard of the Plaintiff's rights.  The Plaintiff is not entitled to the finding of maliciousness it requests.[3]  Neither is the Plaintiff entitled to a finding of injury, as it did not allege that it was injured in its complaint and it sought only statutory damages, which do not require proof of any actual injury, so no allegation of injury can be inferred.

Finally, the Court notes that the Plaintiff asks for injunctive relief in its complaint. **Within 14 days of the date of this Entry,** the Defendants shall file a notice stating whether they object to the entry of the injunctive relief sought and, if they do, explaining why.  If such a notice is filed, the Plaintiff shall file a response **within 14 days of the date of the notice**.  The Court will then resolve any dispute and enter final judgment.

---

[3]The Court takes no position with regard to whether the Plaintiff is correct that recklessness is not sufficient to support a finding of dischargeability under 11 U.S.C. § 523(a)(6).

4

SO ORDERED: 10/29/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Kelley Tashiro**
**3690 Chancellor Drive**
**Greenwood, IN 46163**

Copies to all counsel of record via electronic notification