UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Malibu Media, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | )   1:13-cv-00205-WTL-MJD |
| v. | ) |
| | ) |
| Kelley Tashiro and N. Charles Tashiro, | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS [ECF NO. 272]

COME NOW Defendants Kelley Tashiro and N. Charles Tashiro, by and through counsel, and in response to Plaintiff's Motion for Attorney Fees and Costs show the Court as follows:

I.   INTRODUCTION

II.   LEGAL STANDARD

17 U.S.C. § 505 permits the Court, in its discretion, to allow the recovery of full costs by or against any part other than the United States or an officer thereof. The Court may also award a reasonable attorney's fee to the prevailing party as part of the costs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522, 114 S. Ct. 1023, 1027 (1994).

III.   ARGUMENT

**A. An award of attorney's fees against Defendants in the amount of $199,560.53 would be unreasonable.**

This case was litigated for over two years, resulting in a default being granted in favor of Plaintiff. Very early in the case, Plaintiff entered an agreement with counsel for Defendant Kelley Tashiro to limit its damages to the statutory minimum of $750 per infringed work. [ECF No. 269]. For the purposes of this case, that meant Plaintiff agreed early on to cap its damages at $21,000.00. Despite knowing that its damages, if it could prevail, were capped at $21,000.00,

Plaintiff's counsel proceeded to over-litigate this case until, at the time the default was granted, it had, according to the exhibits attached to Plaintiff's motion, it had amassed legal fees exceeding $148,000.00[1]. (*See* ECF No. 272-1).

Plaintiff now seeks an award in excess of $199,000.00 in fees, having obtained the sanction of a default against Defendants and a judgment in the amount of $21,000. Plaintiff cited *Gonzales v. Transfer Technologies, Inc.* in support of the proposition that when a damages award is small, there is an even stronger case for an award of attorney's fees. [ECF No. 272]. However, in *Gonzales*, the Seventh Circuit reversed and remanded for a hearing on attorney's fees and costs because the damages awarded were merely $3,000.00, and the Court noted correctly that a party could not likely litigate a copyright infringement case for $3,000.00. *Gonzales*, 301 F.3d 608, 610 (7th Cir. 2002). The damages awarded here are not the miniscule damages awarded in *Gonzales*, and certainly if Plaintiff's evidence was as strong as claimed, the matter could have been litigated to conclusion for less than $199,000.00.

Certainly, responsible counsel should have seen very early on that the attorney's fees were outpacing the total value of the case, *to which Plaintiff had consented*, and taken reasonable action to conclude the matter in a more cost-effective manner. A review of the invoices submitted by Plaintiff in support of its motion depicts a very different course of action. Five attorneys and a cadre of support staff billed for over two years in pursuit of this $21,000.00 case. The amount of time and effort devoted to pursuing this matter in this way, particularly during the course of discovery, was unreasonable and unnecessary.

Plaintiff is not entitled to an award of attorney's fees that represents a multiplier of at least seven times the total damages awarded. To award fees in this amount would be to reward

---

[1] This amount includes over $40,000.00 in legal fees Plaintiff asked this Court to award in its favor as

Plaintiff for grossly over-litigating what began as a very small copyright infringement case, setting an unfair and illogical precedent for parties to litigation involving fee shifting to over-litigate even the smallest case to increase their recovery in the form of attorney's fees.

**B. Plaintiff's motion includes a request for fees already denied by this Court.**

In early 2015, Plaintiff filed a motion seeking payment of approximately $40,000.00 in attorney's fees as a sanction against Defendant N. Charles Tashiro after he asserted his Fifth Amendment rights at a January hearing. [ECF No. 211]. Plaintiff claimed they should be compensated for the time they spent preparing for the hearing. [ECF No. 211]. Plaintiff's motion was denied in April of 2015 in Judge Dinsmore's Report and Recommendations, which were later adopted by Judge Lawrence. [ECF No. 228, 252]. Despite the fact that the Court made it clear that the Plaintiff had already merely prepared for the hearing that would take place in May of 2015, Plaintiff billed approximately $30,000.00 in May, largely in preparation for the same hearing that was to have taken place in January. [ECF No. 272-1].

Defendants respectfully request that if the Court does not see fit to deny Plaintiff's Motion in its entirety, that it examine carefully the amount of work duplicated by Plaintiff's attorneys, as well as the general overworking of this small copyright infringement case. The spirit of the Copyright Act in permitting awards of attorney's fees was not to create a secondary system of income generation fueled by over-litigating even the smallest of matters. At a minimum, it would be proper to strike the fees claimed twice for the May hearing before Judge Dinsmore, as the Court already indicated that permitting Plaintiffs to recover those fees twice would be improper.

IV.  CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an order denying Plaintiff's Motion for Attorney Fees and Costs or, in the alternative, granting Plaintiff's Motion

but awarding an amount representing attorney's fees and costs that are reasonable under the circumstances, considering that Plaintiff willingly capped its damages at $21,000 early in the case and proceeded to incur an amount of attorney's fees and costs that were patently unreasonable. Defendants respectfully suggest that the Court, in the alternative, award Plaintiff no more than $50,000.00 in attorney fees plus costs.

Dated this the 19th day of January, 2016 .

/s/ Erin Kathryn Russell
Erin Kathryn Russell
Admitted *pro hac vice*
The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
T: 312-994-2424
F: 312-706-9766
erin@russellfirmchicago.com

CERTIFICATE OF SERVICE

This is to certify that on January 19, 2016, a copy of the foregoing has been filed with the Clerk of Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Erin Kathryn Russell

The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
Chicago, IL 60606
T: 312-994-2424
F: 312-706-9766
erin@russellfirmchicago.com