## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:13-cv-00205-WTL-MJD |
| ) | |
| v. ) | |
| ) | |
| KELLEY TASHIRO, ) | |
| N. CHARLES TASHIRO ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, Malibu Media, LLC ("Plaintiff"), submits this Reply in support of its Motion for Attorneys' Fees and Costs [CM/ECF 272] and in opposition to the response [CM/ECF 275] filed by Defendants Kelley Tashiro and N. Charles Tashiro (together, "Defendants").

### I.    INTRODUCTION

Plaintiff commenced this copyright infringement suit in February of 2013 and diligently and in good faith invested significant time, effort, and expense to prove its claims. Conversely, Defendants repeatedly committed material perjury and withheld and destroyed evidence. Ultimately, as a result of Plaintiff's efforts, this Court entered an Order ruling that Defendants were deserving of "the harshest of sanctions," and a default judgment was entered with Plaintiff recovering $21,000.00 in statutory damages. But, unmasking Defendants' fraud was time and labor intensive. It took Plaintiff two and a half years and $199,560.53 in attorneys' fees and costs to do so. Consequently, unless Plaintiff is awarded its reasonable prevailing party attorneys' fees and costs, it will have lost approximately $178,560.53 to win a case in which the Defendants' defense strategy was based entirely on perjury, spoliation, and suppression of

evidence. Section 505 of the Copyright Act gives courts discretion to award full fees to a prevailing party. And, the Supreme Court teaches that courts should invoke this discretion when doing so furthers the interests of the Copyright Act. Moreover, in the Seventh Circuit, "a prevailing party [has a] presumptive entitlement to attorney's fees under § 505." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F. 3d 1093, 1098 (7th Cir. 2008) (reversing and remanding for entry of prevailing party attorneys' fees).

Here, awarding Plaintiff its full fees clearly furthers the interests of the Copyright Act, the entire purpose of which is to allow authors to protect their copyrights. Indeed, nothing could promote the interests of the Copyright Act more than reimbursing a plaintiff who proves infringement and establishes its adversary's fraud, perjury, and spoliation. Further, since the legislative history of the Copyright Act makes crystal clear that peer-to-peer piracy is illegal, and because fraud, perjury, and spoliation is becoming increasingly endemic in peer-to-peer copyright disputes, allowing peer-to-peer copyright plaintiffs to recover the full fees they spend in proving such misconduct is absolutely necessary. To do otherwise would encourage <u>more</u> infringers to use fraud, perjury, and spoliation to make peer-to-peer copyright infringement suits prohibitively expensive. Such a result would undermine copyright plaintiffs' rights, the purpose and intent of the Copyright Act, as well as the entire truth-seeking function of our judicial system.

Nevertheless, without discussing any authority, Defendants object to Plaintiff's fee request and ask the Court to arbitrarily cap Plaintiff's fee award to $50,000.00. Defendants do not provide a meaningful calculation for such a limitation, nor do they challenge any specific fee in the invoices as unreasonable or excessive. Instead, Defendants vaguely and broadly argue that any award should be limited to $50,000.00 because (1) some undefined portion of Plaintiff's bill

may be duplicative; (2) Plaintiff over-litigated this case; and (3) Plaintiff is requesting reimbursement for fees that were already denied. These arguments are meritless. First, Defendants' failure to identify which fees they believe have been claimed twice constitutes a concession that Plaintiff's fees are not duplicative. Second, Plaintiff's litigation efforts are entirely attributable to Defendants' own deliberate abuse of the judicial process. Defendants' attempt to shift the harm of their malfeasance to Plaintiff makes a mockery of equity and justice. Finally, Plaintiff's fee request does not seek fees that have already been denied. This Court has not considered or addressed the propriety of awarding fees and costs under 17 U.S.C. § 505. In short, the Court should not hesitate to assess fees against Defendants. Defendants knew attorneys' fees were at issue, and they knew their perjury, spoliation, and suppression would cause Plaintiff to spend money. Having assumed the risk and intentionally damaged Plaintiff, they must now be held accountable. For these reasons, as further explained below, there is no basis in law, fact, or equity for limiting Plaintiff's award. Forcing Plaintiff to shoulder any portion of the expenses Defendants forced it to incur to ferret out their suppression and perjury would punish Plaintiff, undermine the purpose of the Copyright Act, and encourage more perjury, suppression, and spoliation in future cases.

## II.  ARGUMENT

### A. Defendants Waived Any Argument that Plaintiff's Fee Request is Unreasonable or Duplicative

Defendants were given approximately one month to review Plaintiff's time entries and challenge any that were believed to be unreasonable or excessive. *See* CM/ECF 272, 274. Despite their extended time to prepare an opposition, Defendants' opposition simply observes that "Plaintiff billed approximately $30,000.00 in May, largely in preparation for the same hearing that was to have taken place in January." CM/ECF 275 at p. 3. Not true. The scope of

3

(and preparation for) the rescheduled May hearing differed considerably from the cancelled January hearing, and Plaintiff's Counsel already reviewed its bills and eliminated duplicative or over-lapping time entries. In preparation for the hearing as initially scheduled, Plaintiff *inter alia* drafted and opposed motions in limine, created outlines for getting Comcast's deposition into evidence, and drafted detailed scripts for the examinations of Defendants and non-party witnesses. *See* CM/ECF 272-1. None of those tasks were re-billed. *See id.* The rescheduled May hearing required notably different preparations. First, Plaintiff learned that Defendant N. Charles Tashiro, whom Plaintiff expected to be the central witness, planned to invoke the spousal immunity privilege and right against self-incrimination. To prepare for the evidentiary ramifications of these anticipated privileges, a substantial amount of additional research and preparation was necessary. Plaintiff was also required to substantially revise its hearing strategy since it was clear that Defendant Kelley Tashiro, rather than N. Charles Tashiro, would be the focus. Further, between the cancelled and rescheduled hearings, Plaintiff's expert learned about an entirely new massive computer that Defendants were suppressing. This discovery also required substantial new research and preparation regarding, *inter alia*, the Best Evidence Rule. A review of Plaintiff's bill plainly establishes that, aside from necessary and expected refreshing, Plaintiff's preparation for the rescheduled May evidentiary hearing was distinct from and not duplicative of its preparation for the evidentiary hearing as initially scheduled. *See id.*

In short, to the extent Defendants are attempting to argue that some portion of Plaintiff's evidentiary hearing preparations are unreasonable or duplicative, Defendants are wrong. And beyond vaguely referring to Plaintiff's evidentiary hearing preparations, Defendants do not provide a line item analysis of Plaintiff's bill or even challenge any particular time entry. Rather, they simply ask the Court to "examine carefully" Plaintiff's bill and deem a large but undefined

4

portion of it duplicative so as to award Plaintiff only "$50,000.00 in attorney fees plus costs." CM/ECF 275 at p. 3–4.[1]  Yet "it is not the obligation of this court to … construct arguments …. [P]erfunctory and undeveloped arguments … are waived." *E.g.*, *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010).  Indeed, Defendants' vague request is legally insufficient as a matter of law because the Seventh Circuit requires litigants opposing a fee request to "state objections with particularity and clarity." *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 664 (7th Cir. 1985).  "Counsel who seek fees have the duty to justify the fees with reasonable, organized, and understandable data…. *Counsel who oppose the fees have a similar responsibility*." *Id.* (emphasis supplied).  "If a defendant fails to *specifically* object to requested attorneys' fees, the Court will generally award the requested fees." *Spina v. Forest Preserve Dist. of Cook Cnty.*, No. 98-c-1393, 2002 WL 1770010, at *5 (N.D. Ill. July 31, 2002).  A defendant "must present evidence that [a prevailing plaintiff's] claimed fees [are] unreasonable" and "failure to do so is essentially a concession that the [fee] is reasonable and should be awarded." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996); *Benito M. v. Bd. of Educ.*, 544 F. Supp.2d 713, 720 (N.D. Ill. 2008).  Defendants' unarticulated suggestion that some unidentified portion of Plaintiff's fee request is unreasonable or duplicative should be overruled. *See, e.g.*, *Clark v. Oakhill Condo. Ass'n, Inc.*, No. 3:08-cv-283, 2011 WL 1296719, at *9 (N.D. Ind. Mar. 31, 2011) (overruling such an objection where no specific evidence or discussion of inefficiency or duplication of services was tendered).  Since Defendants have not specifically objected to any particular time entries, Plaintiff has not been afforded an opportunity to explain and justify any

---

[1] It is entirely unclear how Defendants calculate $50,000.00 to be an appropriate award.  Awarding Plaintiff only $50,000.00 in attorneys' fees and costs—less than 25% of what Plaintiff incurred—would still yield a loss for Plaintiff and would inexplicably and unfairly penalize Plaintiff for expending the time, cost, and expense necessary to expose and prove Defendants' repeated spoliation, suppression of evidence, and perjury.  By the same token, it would also improperly reward Defendants for their misconduct.  *See ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994) (a court "must neither reward nor condone" perjury).

challenged time entries and there are no such challenges for the Court to consider. Accordingly, the analysis should end, and the Court should grant Plaintiff's fee request.

### B. Plaintiff Did Not Over-Litigate; The Labor Necessary to Prove this Case is Attributable Entirely to Defendants

Defendants' argument that Plaintiff "over-litigated" this case, CM/ECF 275 at p. 1–2, is merely a generalized attack on the propriety of Plaintiff's invoices. Defendants' failure to point out specifically where the over-litigation occurred is fatal for the reasons set forth in Section A. Moreover, their argument that "if Plaintiff's evidence was as strong as claimed, the matter could have been litigated to conclusion for less than $199,000.00," is offensive and incredible. Indeed, it ignores that it was Defendants' own misconduct that necessitated the expenditure of labor on this case. The only reason it required $199,560.53 to litigate this matter to conclusion was because, throughout the litigation, Defendants repeatedly destroyed and suppressed evidence and committed perjury. If Defendants had been honest and admitted the infringement, there would have been virtually no fees. Proving copyright infringement in the face of fraud, suppression, perjury, and spoliation is not easy. It is hard. And Plaintiff's Counsel did it well and efficiently. Significantly, both this Court and Defendants acknowledged that it was Defendants—not Plaintiff—that multiplied these proceedings:

> Next, Plaintiff suffered extensive prejudice in bringing [the motion for sanctions] and *pursuing evidence that Defendants should have long ago disclosed*. … Indeed, *Kelley Tashiro acknowledged that searching for the Western Digital drive '[w]asted a lot of [Plaintiff's] time, money, and energy,'* underscoring just how harmful Defendants' misconduct has been. …
>
> [F]alsehoods and obfuscation "may put the factfinder and parties 'to the disadvantage, hindrance, and delay of ultimately extracting the truth by cross examination, by extraneous investigation or other collateral means.'" … *This observation could hardly be more relevant to this case: exposing the Tashiros' misconduct required multiple motions for sanctions, a flurry of motions in limine, an aborted evidentiary hearing, a later, day-long evidentiary hearing, and a supplemental hearing for additional argument, all of which could have*

> *been avoided had the Tashiros simply been more forthcoming in their responses to Plaintiff's discovery requests. The Tashiros have thus imposed a severe burden on the judicial system….*

CM/ECF 242 at p. 61–64 *adopted by* CM/ECF 246 (emphasis supplied).

Since it was Defendants' egregious "affront to the judicial process" that precluded Plaintiff from being able to prove its case more quickly and inexpensively, Defendants—not Plaintiff—must bear Plaintiff's fees and costs. Defendants argue, without meaningful discussion or citation to authority, that this analysis must be altered because Plaintiff had stipulated to request only $21,000.00 in statutory damages. *See* CM/ECF 275 at p. 1–2. Allowing Plaintiff to also recover the $199,560.53 it reasonably expended over two and a half years in ferreting out their fraud, Defendants claim, would "set[ ] an unfair and illogical precedent for parties to litigation involving fee shifting to over-litigate even the smallest case to increase their recovery in the form of attorney's fees." *Id.* at p. 3. This argument is ridiculous. Instead, the "unfair and illogical precedent" that must be avoided is incentivizing defendants in small damage cases to try to avoid liability by unethically, improperly, and unreasonably running up their adversaries' fees and costs. This is a message the Court has acknowledged it will not send. *See* CM/ECF 242 at p. 62–63 *adopted by* CM/ECF 246. It goes without saying that Plaintiff's stipulation to seek only $21,000.00 in statutory damages did not entitle Defendants to abuse the judicial process at Plaintiff's expense. Further, that Plaintiff will only recover $21,000.00 in damages weighs in favor of, not against, full recovery of its attorneys' fees and costs. *See Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) ("[T]he smaller the damages, provided there is a real, and especially a willful infringement, the stronger the case for an award of attorneys' fees"); *Gonzalez v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002) (same). "Unless [Plaintiff] is awarded [its full] attorneys' fees, [it] will have lost money … in winning [a

case] in which [Defendants'] only defense bordered on the frivolous; a Pyrrhic victory if ever there was one." *Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 791–92 (7th Cir. 2014) (granting prevailing plaintiff's attorneys' fees and costs).

### C. Plaintiff's Motion Does Not Include a Request for Fees Already Denied

Defendants' last argument is that Plaintiff's motion includes a request for fees that this Court already denied. *See* CM/ECF 275 at p. 3. Not true. To explain, prior to entry of default, Plaintiff sought to recoup some of the fees it incurred in preparing for an evidentiary hearing as a sanction under 28 U.S.C. § 1927. *See* CM/ECF 211, 224. That motion for sanctions argued that it was unreasonable for Defendants' former attorney to wait until the morning of an evidentiary hearing to investigate whether or not he could represent both Defendants conflict free. *See id.* Plaintiff argued that because the belated conflict inquiry resulted in the last-minute postponement of an evidentiary hearing, Defendants and their former attorney should have to pay Plaintiff the fees it incurred in unnecessarily preparing for and traveling to the cancelled hearing. *See id.* This Court denied that Motion and declined to invoke § 1927 to shift Plaintiff's evidentiary hearing preparation costs prior to judgment. *See* CM/ECF 228. The Court explained that "Section 1927 applies only to 'the *excess* costs, expenses and attorney's fees incurred' because of the opposing attorney's conduct. … Thus, the statute covers only the expenses and fees '*that otherwise would not have been incurred.*' … In this case, it is not at all clear that preparing the outline for the January 29 hearing was unnecessary…." *Id.* at p. 11. Accordingly, this Court actually found that Plaintiff's preparation fees for the cancelled hearing were likely necessary.

Now, Defendants refer to this Court's Order declining to impose § 1927 sanctions to argue that Plaintiff's motion for prevailing party fees and costs "includes a request for fees already denied by this Court." CM/ECF 275 at p. 3. This argument is incoherent because

8

Defendants' misconstrue this Court's prior order. This Court had said nothing about Plaintiff's ability to recover fees and costs as a part of a prevailing party fee award, it merely declined to make Defendants' former attorney pay for fees Plaintiff argued he unnecessarily cost it. *See* CM/ECF 228. At this juncture, Plaintiff is not requesting fees pursuant to 28 U.S.C. § 1927, but is instead requesting to be made whole as a prevailing party pursuant to Federal Rule of Civil Procedure 54 and 17 U.S.C. § 505. Obviously, Plaintiff's Motion does not include a request for fees already denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its motion and award Plaintiff $199,560.53 in attorneys' fees and costs.

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb, Esq. (429554)
klipscomb@lebfirm.com
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229

Paul J. Nicoletti, Esq. (P-44419)
pauljnicoletti@gmail.com
NICOLETTI LAW, PLC
33717 Woodward Ave, #433
Birmingham, MI 48009
Business: (248) 203-7800
Facsimile: (248) 928-7051

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

              By:  /s/ *M. Keith Lipscomb*