UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,               ) | |
|                                                    ) | |
|       Plaintiff,                               ) | |
|                                                    ) | |
|       vs.                                       ) | Cause No. 1:13-cv-205-WTL-MJD |
|                                                    ) | |
| KELLEY TASHIRO, et al.,           ) | |
|                                                    ) | |
|       Defendants.                          ) | |

## ORDER REGARDING ATTORNEYS' FEES AND COSTS

This cause is before the Court on the Plaintiff's motion for an award of attorneys' fees and costs against Defendants Kelley Tashiro and N. Charles Tashiro in the amount of $199,560.53. Dkt. No. 272. The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART** the motion to the extent and for the reasons set forth below.

The Plaintiff alleged in this case that the Defendants infringed the copyrights relating to 28 of the Plaintiff's movies by using BitTorrent technology to download them. After the Plaintiff's expert determined that files had been deleted from one of the couple's hard drives before it was turned over in discovery, the Plaintiff filed a motion for sanctions. That motion was referred to Magistrate Judge Mark Dinsmore for a report and recommendation. An evidentiary hearing was set for January 29, 2015, but had to be reset at the last minute because Defendant Charles advised defense counsel that he intended to invoke his Fifth Amendment rights during the hearing and counsel determined that this constituted a conflict of interest between the two clients, who therefore needed to obtain separate counsel.

The rescheduled hearing was held on April 30, 2015, and supplemental argument was heard a week later. During the hearing, Defendant Charles did, in fact, invoke his rights under

the Fifth Amendment when asked, inter alia, whether he had used BitTorrent to download the Plaintiff's movies and whether he had intentionally failed to tell the truth during his deposition. Magistrate Judge Dinsmore found that Charles had committed perjury during his deposition, that he acted in bad faith when he deleted the files and withheld the hard drive, and that his actions constituted sanctionable spoliation of evidence.  He further found that sanctions against Defendant Kelley Tashiro also were warranted.  Finally, he determined that entry of default against both Defendants was the appropriate sanction.

The undersigned adopted Magistrate Judge Dinsmore's ruling in its entirety and eventually entered judgment in favor of the Plaintiff in the amount of $21,000 (along with injunctive relief), rather than the $630,000 it requested, because the Plaintiff had stipulated early on that it would only seek "a maximum $750 in damages per infringement," excluding costs and attorneys' fees.

The Plaintiff has now filed its motion for attorneys' fees and costs pursuant to 17 U.S.C. § 505, which permits the court, in its discretion, to award attorneys' fees to the prevailing party in a copyright infringement case.  In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court declined to

> define the unitary standard to be applied to prevailing parties in copyright suits but in a footnote, quoting a lower-court opinion, listed the following nonexclusive factors to guide determination: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence."

*Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002) (quoting *Fogerty,* 510 U.S. at 535 n.19 and describing the factors listed as non-exclusive, "rather miscellaneous and ill-assorted").  "The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages

2

or other relief the party obtained." *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004). The Seventh Circuit has further held that "the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees." *Gonzales*, 301 F.3d at 610. The reason for this rule is that "willful infringements involving small amounts of money cannot be adequately deterred . . . without an award of attorneys' fees." *Id.* at 609-10. Accordingly, "the smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees" because to hold otherwise would create a situation in which "minor infringements, though willful, [were permitted] to be committed with impunity, to be in effect privileged, immune from legal redress." *Id.* at 610.

In this case, as the Court already has ruled, the default against the Defendants established that the Defendants' infringement of the 28 copyrights at issue was willful. The amount of damages—while more than the $3,000 in *Gonzales*, was still a modest $21,000, not enough to prosecute a copyright suit in which any type of defense is mounted. And in this case the defense was not only vigorous, it was corrupted by and protracted because of the Defendants' spoliation of evidence and perjury. As Magistrate Judge Dinsmore noted,

> exposing the Tashiros' misconduct required multiple motions for sanctions, [Dkts. 130 & 159], a flurry of motions in limine, [Dkts. 170, 172, 173, 175, 176, 177 & 179], an aborted evidentiary hearing, [Dkt. 206], a later, day-long evidentiary hearing, [Dkt. 234], and a supplemental hearing for additional argument, [Dkt. 241], all of which could have been avoided had the Tashiros' [sic] simply been more forthcoming in their responses to Plaintiff's discovery requests.

Dkt. No. 242. Thus, even if the Plaintiff were not entitled to a presumption that a fee award is appropriate in light of the $21,000 damages award, under the circumstances of this case the Court finds that the Plaintiff clearly is entitled to recover its fees from the Defendants.

3

The Defendants argue that in amassing over $199,999 in fees, the Plaintiff "over-litigated" this case in light of its early stipulation that it would only seek $21,000 in damages. Indeed, the Defendants argue that "[c]ertainly, responsible counsel should have seen very early on that the attorney's fees were outpacing the total value of the case, *to which Plaintiff had consented*, and taken reasonable action to conclude the matter in a more cost-effective manner." Dkt. No. 275 (emphasis in original). The Defendants do not identify the "reasonable action" that they believe should have been taken or point to any particular work by Plaintiff's counsel—with one exception discussed below—that they believe was unreasonable. The Defendants' argument essentially boils down to the assertion that a small-stakes copyright infringement action should not be pursued because the cost of litigation exceeds the damages at stake. That is exactly the result—an abandonment of legitimate copyright cases because of the expense of litigation—that the Seventh Circuit sought to prevent by adopting a presumption *in favor of* fee awards in such cases.

Having determined that a fee award is appropriate, the question remains whether the amount sought by the Plaintiff is reasonable. The "'starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'" *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016) (quoting *Divane v. Krull Elec. Co.,* 319 F.3d 307, 317–18 (7th Cir. 2003)). The Defendants do not argue that the hourly rates charged by each attorney—between $260 and $400 depending on years of experience—are unreasonable, and the Court finds them to be reasonable. The only specific argument the Defendants make with regarding to the hours billed by Plaintiff's counsel is that they should not be compensated for preparing for both the aborted hearing in January and the rescheduled hearing in April. This argument is without merit; it was

4

entirely reasonable for the attorneys to repeat their preparation given the length of time that had elapsed.[1]  The Defendants also imply that having five attorneys work on the case was excessive, but the Court has reviewed each time entry and finds that work was appropriately divided among the more junior attorneys and appropriately reviewed by the more senior attorneys (or conducted by them where appropriate) without any unreasonable overlap in effort.  Indeed, with one exception, the Court finds the billing entries—which are clear and easy to review—to demonstrate that the number of hours billed by Plaintiff's counsel was reasonable.  The one exception is an entry for $520 to rewrite a motion "that was lost on account of firm computer problems" on December 16, 2015; this is not an expense that should be borne by the Defendants. Accordingly, the Plaintiff is awarded attorneys' fees and costs in the amount of $199,040.53.

    SO ORDERED:  8/2/16

*[signature: William T. Lawrence]*

    Hon. William T. Lawrence, Judge
    United States District Court
    Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] The fact that Magistrate Judge Dinsmore denied the Plaintiff's motion for attorneys' fees based upon the fact that the Defendants caused the evidentiary hearing to be postponed is irrelevant to the question now before the Court.  The previous motion sought sanctions against defense counsel pursuant to 28 U.S.C. § 1927, and accordingly involved an entirely different standard than the instant motion.